# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| LEONARD BRANDT <br>     Plaintiff, <br><br> v. <br><br> MIT DEVELOPMENT CORP., HOME DIAGNOSTICS, INC, GEORGE H. HOLLEY, AND JUDY CHENG SALEM, EXECUTRIX OF THE ESTATE OF ROBERT J. SALEM <br>     Defendants. | Civil Action No. 3:01CV1889 (SRU) <br><br><br><br> February 13, 2003 |

## UNOPPOSED MOTION TO AMEND SCHEDULING ORDER

Pursuant to Local Civil Rule 16(b), plaintiff Leonard Brandt, through his counsel, respectfully moves to amend the Scheduling Order in the above-captioned case as follows:

(1) Completion of discovery other than discovery relating to experts – May 15, 2004
(2) Plaintiff's designation of experts and production of expert reports – June 15, 2004
(3) Depositions of plaintiff's experts – July 15, 2004
(4) Defendants' designation of experts and production of expert reports – August 15, 2004
(5) Depositions of defendants' experts – September 15, 2004
(6) Serve and file dispositive motions – October 1, 2004
(7) Serve and file responses to dispositive motions – November 1, 2004
(8) Serve and file reply briefs to dispositive motions – November 15, 2004
(9) File joint trial memorandum – December 1, 2004
(10) Trial ready date – December 15, 2004

-2-

Good cause exists for this extension. Under the current Scheduling Order, fact discovery is to be completed by February 15, 2004. The parties had scheduled the depositions of the plaintiff, Leonard Brandt, and defendant George Holley for the first week of December 2003. Because of a miscommunication about the time allotted for these depositions, however, as well as the amount of time necessary for Mr. Brandt's deposition, only Mr. Brandt's deposition was taken that week. Mr. Holley's deposition was therefore rescheduled for the first week of February. A death in lead defense counsel's family shortly before Mr. Holley's scheduled deposition, however, required that the deposition be postpone. The parties are currently working to reschedule the deposition, but because of travel and work schedules, the deposition will take place at the end of March at the earliest, perhaps later. An extension of time is therefore necessary to complete this deposition, as well as to allow for additional depositions the parties are planning to take, any additional fact discovery, and the possibility of further mediation.

This is the sixth request to extend the deadlines under the Scheduling Order. Counsel for defendants consent to this motion.

PLAINTIFF LEONARD BRANDT

By: _____
W. Bruce DelMonico (ct 18896)
James P. Ball (ct25224)
Wiggin and Dana LLP
One Century Tower
New Haven, CT 06508-1832
Telephone: (203) 498-4400
Fax: (203) 782-2889
His Attorneys

-3-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on this 13th day of February, 2004, to:

>Paul M. Brown
>Satterlee, Stephens, Burke & Burke
>230 Park Ave.
>New York, NY  10169
>
>Richard A. Roberts
>Nuzzo & Roberts
>One Town Center
>P.O. Box 747
>Cheshire, CT  06410

_____
James P. Ball

\16273\1\432380.1