UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

LEONARD J. BRANDT,

    Plaintiff

V.

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,
AND JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,

    Defendants

NO.:301CV1889 (SRU)

APRIL 6, 2005

------------------------------------------------------------x

*United States District Court*
*District of Connecticut*
**FILED AT**    BRIDGEPORT
_____ 20 ___
Kevin F. Rowe, Clerk
By: _____
Deputy Clerk

## DEFENDANT SALEM'S LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendant Judy Cheng Salem, as Executrix of the Estate of Mr. Robert J. Salem (hereinafter, "Salem"), hereby submits this Local Rule 56(a)1 Statement of material facts – in support of Salem's Motion for Summary Judgment filed along herewith – as to which there is no genuine issue to be tried.

The following facts are not in dispute:

1.    Plaintiff Leonard Brandt ("Plaintiff") was a citizen and resident of the State of Minnesota at all times material hereto and until July 2000. (*See* Plaintiff's Third Amended Complaint ¶ 1, attached to Salem's Memorandum of Law at <u>Exhibit 4</u>.) (All Exhibits cited to herein are attached to Salem's Memorandum of Law.)

2.    Defendant HDI, is a Delaware corporation with its principal place of business located at 2400 Northwest 55th Court, #110, Fort Lauderdale, FL 33309. (*See* Third Amend. Compl. ¶ 3, <u>Exhibit 4</u>; *See also* Affidavit of George H. Holley, sworn to April 5,

2005 ("Holley Aff.") at ¶ 2, Exhibit 2.)

3. HDI is engaged in the business of manufacturing and distributing home testing systems for diabetes. (*See* Holley Aff. ¶¶ 5-7, Exhibit 2; Third. Amen. Compl. ¶ 2, Exhibit 4.)

4. MIT Development Corporation ("MIT") was a Delaware corporation with its principal place of business in Connecticut. (*See* Holley Aff. ¶ 3, Exhibit 2.)

5. Pursuant to an agreement of merger, MIT was merged into HDI in November of 1999 and since that time no longer existed as a separate legal entity. (*See* Holley Aff. ¶ 9, Exhibit 2.)

6. At all times relevant to this action, Holley was a 50% shareholder and director of MIT prior to its merger into HDI, as well as Chairman and a shareholder of HDI. (*See* Holley Aff. ¶¶ 2, 4, 9-10; Thrd. Amen. Compl. ¶¶ 2-4, Exhibit 4.)

7. At all times relevant to this action, Mr. Salem was a director and a shareholder of HDI and, prior to the merger, a 50% shareholder in MIT. (*See* Holley Aff. ¶¶ 4-5, 10, Exhibit 2.; Thrd Amen. Compl. ¶ 5, Exhibit 4.)

8. Robert J. Salem died in December, 1999. (*See* Holley Aff. ¶4, n.1, Exhibit 2.)

9. In and around 1993, HDI was experiencing financial difficulties and was in need of immediate equity financing. (*See* Holley Aff. ¶12, Exhibit 2.)

10. No written contract ever existed between the parties. (*See* Holley Aff. ¶34, Exhibit 2; Thrd. Amen. Compl. ¶¶19-20, Exhibit 4.)

11. At plaintiff's suggestion, the parties engaged counsel in an attempt, without success, to prepare a written agreement in or about May 1994. (*See* Holley Aff. ¶ 24, Exh.

H, Exhibit 2.) An attorney from the law firm of Faegre & Benson prepared a draft letter agreement. *See* id. This draft letter agreement was never signed and it never reached final form. *See* id.

12. Brandt never invested any money in MIT or HDI. (*See* Holley Aff. ¶¶ 12, 31, Exhibit 2.)

13. Brandt was paid $1000 per month for each month that he submitted an invoice for his services. (*See* Holley Aff. ¶28, Exhibit 2.)

14. Brandt was reimbursed for his travel expenses incurred in connection with his consulting work and meeting with potential investors in HDI. (*See* Holley Aff. ¶¶ 29, 34, Exhibit 2.)

15. No agreement, oral or otherwise, was ever reached concerning the payment of a success fee or other incentive compensation to Brandt. (*See* Holley Aff. ¶¶ 20-25, 29, 34, Exhibit 2.)

16. Holley, in dealing with Brandt, did not act as Salem's agent, nor was he authorized by Salem to act as his agent, nor did Holley ever state or represent to Brandt that he was so authorized. (*See* Holley Aff. ¶33, Exhibit 2.)

17. The Plaintiff originally brought suit against Holley, Salem, HDI and MIT in the United States District Court, District of Minnesota. Judge Richard Kyle dismissed the claims against Salem for lack of personal jurisdiction, and granted the remaining defendants motion to transfer venue to the District of Connecticut, pursuant to 28 U.S.C. § 1404 (the "Minnesota Decision"). (A copy of the Minnesota Decision is provided at Exhibit 3.)

18. In opposition to Salem's motion to dismiss for lack of personal jurisdiction, the Plaintiff argued that Holley was Salem's agent with respect to the alleged negotiations that took place. (*See* Exhibit 3 p.12.) In opposition to the motion to dismiss, the Plaintiff submitted an affidavit and numerous exhibits. Id.

19. Judge Richard Kyle held that, even viewing the evidence in a light most favorable to the Plaintiff, there was insufficient evidence to give rise to a reasonable inference that Salem controlled Holley's actions, and in addition, that no reasonable jury could infer that Holley was Salem's agent. (*See* Exhibit 3, p.13.)

THE DEFENDANT
JUDY CHENG SALEM, EXECUTRIX
OF THE ESTATE OF ROBERT J.
SALEM

By_____
Richard A. Roberts
Fed Bar no ct 07665
Thomas J. Lengyel
Fed Bar no. ct 21488
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000
(203) 250-3131 fax

## CERTIFICATION

This is to certify that on April 6, 2005, a true copy of the foregoing was mailed via first class, postage prepaid, mail to:

Edward W. Dunham, Esq.
Wiggin & Dana LLP
One Century Tower
New Haven, Connecticut 06508-1832

Paul M. Brown, Esq.
Satterlee, Stephens, Burke & Burke
230 Park Avenue
New York, NY 10169

Honorable Stefan R. Underhill (courtesy copy – hand delivery)
United States District Court
915 Lafayette Blvd
Bridgeport, CT 06604

_____
Richard A. Roberts

\\fp\nuzzo\WP\419021\001\LOCAL 56(A) STATEMENT.doc