United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

4-6-    2005
Kevin F. Rowe, Clerk
By: Paul Sanders
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------x
LEONARD BRANDT,                 :

        Plaintiff,              : Civil Action No.:
                                   3:01-1889 (SRU)

       - against -              :
                                      **MOTION FOR SUMMARY**
HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,  : **JUDGMENT**
AND JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,       :

        Defendants.              : April 6, 2005
------------------------------x

    PLEASE TAKE NOTICE, that upon the Affidavits of Paul M. Brown, sworn to April 5, 2005, and of George H. Holley, sworn to April 5, 2005, with annexed exhibits, and all prior proceedings and pleadings herein, the defendants hereby move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment, holding that plaintiff is not entitled to prejudgment or compound interest, and granting such other and further relief as this Court deems just and proper, including the costs of this action.

Dated: New York, New York
April _____, 2005

                              SATTERLEE STEPHENS BURKE & BURKE LLP

                              By: /s/ Paul M. Brown
                                  Paul M. Brown (CT 23232)
                              230 Park Avenue
                              New York, New York 10169
                              (212) 818-9200
                              Attorneys for Defendants
                              HOME DIAGNOSTICS, INC. and GEORGE H. HOLLEY

600267_1

and

NUZZO & ROBERTS, LLC

By: _____
Richard A. Roberts (CT 07665)
One Town Center, P.O. Box 747
Cheshire, CT 06410
(203) 250-2000
Attorneys for Defendants
HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY and
THE ESTATE OF ROBERT J. SALEM

600267_1

This is to certify that on the 6th day of April, 2005, a true copy of the foregoing Notice of Motion was mailed via first class, postage prepaid mail to:

Edward Wood Dunham, Esq.
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut  06508-1832

_____
Richard A. Roberts

600267_1

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTS ..........................................................................................................................................4

I.      Summary of Plaintiff's Claims ...........................................................................................4

      A.      Parties to the Alleged Agreement ...........................................................................4

      B.      The Compensation Term of the Alleged Agreement..............................................5

      C.      The Remaining Terms of the Alleged Agreement .................................................6

      D.      Plaintiff's Claim for Fraud in the Inducement Against Holley................................7

II.      The Negotiations................................................................................................................7

III.      No Formal Written Agreement Completed and No Agreement Entered..........................11

ARGUMENT...............................................................................................................................13

THE STANDARD FOR SUMMARY JUDGMENT..................................................................13

POINT I  NO AGREEMENT REACHED AS TO INCENTIVE COMPENSATION FOR PLAINTIFF ..........................................................................................................14

      A.      Under Connecticut Law There Is A Strong Presumption Against Finding an Agreement Under These Circumstances .............................................15

      B.      The March 2nd Letter Does Not Reflect An Unequivocal Acceptance..............................................................................................................16

      C.      There Are Essential Terms Missing from the Alleged Contract...........................17

      D.      Plaintiff's Testimony Regarding Conversations with Holley Does Not Provide the Missing Essential Terms.............................................................18

      E.      The Compensation Term Relied Upon Is Incomprehensible................................21

      F.      The May 1994 Draft Agreement Proves that No Agreement Was Formed ..................................................................................................................22

POINT II  SINCE BRANDT WAS PAID HIS MONTHLY CONSULTING FEE, THERE CAN BE NO CLAIM FOR UNJUST ENRICHMENT OR ESTOPPEL ..........................................................................................................................23

POINT III   PLAINTIFF HAS OFFERED ONLY CONCLUSORY
    ASSERTIONS IN SUPPORT OF HIS FRAUD CLAIM AND
    THEREFORE SUMMARY JUDGMENT SHOULD BE GRANTED ............................ 24

POINT IV   PLAINTIFF'S CLAIM FOR PREJUDGMENT INTEREST IS
    IMPROPER AND SHOULD BE DENIED ............................................................. 28

    A.   Pre-Judgment Interest Is Not Due as the Parties Never Agreed to
        any Liquidated Sum and/or Method by which such Amount could
        be Calculated ............................................................................................ 29

    B.   Pre-Judgment Interest Should be Calculated on a "Simple Interest"
        Basis ......................................................................................................... 31

CONCLUSION ............................................................................................................................. 32

# TABLE OF AUTHORITIES

**Cases**

Adair v. Pfizer, Inc.,
  245 F.Supp.2d 437 (D.Conn., 2003) ................................................................................... 18

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ............................................................................................................ 14

Banking & Trading Corp. v. Floete,
  257 F.2d 765 (2d Cir. 1958) ............................................................................................... 15

Burnham v. Karl & Gelb, P.C.,
  50 Conn.App. 385, 717 A.2d 811,
  cert. granted on other grounds, 247 Conn. 944, 723 A.2d 320 (1998) ............................... 19

Ceci Brothers, Inc. v. Five Twenty-One Corporation,
  81 Conn.App. 419 cert. denied, 268 Conn. 922 (2004) ..................................................... 30

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ............................................................................................................ 14

D'Ulise v. Board of Directors of Notre Dame High School,
  202 Conn. 206 (1987) ......................................................................................................... 22

D'Ulisse-Cupo v. Bd. of Directors of Notre Dame,
  202 Conn. 206, 520 A.2d 217 (1987) ................................................................................. 18

Dacourt Group, Inc. v. Babcock Industries, Inc. et al.,
  747 F.Supp. 157 (D. Conn. 1990) ................................................................................. 16, 17

Dunham v. Dunham,
  204 Conn. 303 (1987) ......................................................................................................... 22

ESI, Inc. v. Coastal Power Production Co.,
  995 F.Supp. 419 (S.D.N.Y., 1998) ..................................................................................... 24

Fitzpatrick v. Scalzi,
  72 Conn. App.779 (2002) ................................................................................................... 30

Foley v. Huntington Co.,
  42 Conn.App. 712 cert. denied, 239 Conn. 931 (1996) ..................................................... 31

Geary v. Wentworth Laboratories,
  760 A.2d 969 (Conn. App. 2000) ....................................................................................... 18

Latex Foam Intern. Holdings, Inc. v. May,
  2003 WL 22205640 (Conn.Super.2003) ............................................................................ 33

Loomis and Loomis, Inc. v. Stecker and Colavecchio Architects, Inc.,
  6 Conn.App. 88 (1986) ....................................................................................................... 33

Manley v. Blue Cross/Blue Shield of Connecticut,
  1996 WL 532506 (Conn. Super. Ct. 1996) ........................................................................ 22

Mellon Bank, N.A. v. Aetna Business Credit, Inc.,
    619 F.2d 1001 (3d Cir. 1980) ................................................................................ 17

Miller v. Appleby,
    183 Conn. 51, 438 A.2d 811 (1981) ..................................................................... 26

Northrop v. Allstate Ins. Co.,
    247 Conn. 242 (1998) ........................................................................................... 29

Pilato v. Kapur,
    22 Conn.App. 282 (1990) ..................................................................................... 31

Presidential Capital Corp. v. Reale,
    231 Conn. 500, 652 A.2d 489 (1994) ................................................................... 18

Regis v. Connecticut Real Estate Investors Balanced Fund, Inc.,
    28 Conn.App. 760, 613 A.2d 321 (1992) ............................................................. 26

Schulman v. J.P. Morgan Inv. Management, Inc.,
    35 F.3d 799 (2nd Cir. 1994) .................................................................................. 14

Smithfield Associates, LLC v. Tolland Bank,
    86 Conn. App. 14 (2004) ...................................................................................... 32

Solar Kinetics Corp. v. Ryerson & Son, Inc.,
    488 F.Supp. 1237 (D.Conn.1980) ......................................................................... 33

Tang v. Bou-Fakhredine,
    75 Conn.App. 334 (2003) ..................................................................................... 31

Teachers Ins. and Annuity Assoc. v. Tribune Co.,
    670 F.Supp. 491 (S.D.N.Y.1987) ......................................................................... 16

Willis v. Anthem Blue Cross & Blue Shield of Connecticut,
    193 F.Supp.2d 436 (D.Conn. 2001) ...................................................................... 14

**Statutes**

Conn.Gen. Stat. §37-3a .................................................................................................. 33

F.R.C.P. 56(c) ................................................................................................................ 14

Restatement Second, Contracts § 33 .............................................................................. 18

**Other Authorities**

E. Farnsworth, Contracts (1982) .................................................................................... 25