United States District Court
District of Connecticut
FILED AT BRIDGEPORT
_____ 20
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEONARD BRANDT,

      Plaintiff,

      - against -

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,
AND JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Civil Action No.:
: 3:01-1889 (SRU)
:
: **STATEMENT PURSUANT**
: **TO LOCAL RULE 56(a)(1)**
:
:
:
:

      Defendants Home Diagnostics, Inc. ("HDI"), George H. Holley ("Holley") and the Estate of Robert J. Salem (the "Estate") (collectively, "defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, submit this statement of undisputed facts pursuant to Local Rule 56(a)(1) of the Local Rules of Civil Procedure of the District of Connecticut.

      1.       Plaintiff Leonard Brandt ("Brandt") was a citizen and resident of the State of Minnesota at all times material hereto and until July 2000. See plaintiff's third Amended Complaint ("Complaint"), which is attached to the Affidavit of Paul M. Brown, sworn to April 5, 2005, at ¶ 1.

      2.       Defendant HDI, is a Delaware corporation with its principal place of business located at 2400 Northwest 55th Court, #110, Fort Lauderdale, FL 33309. See Affidavit of George Holley, sworn to April 5, 2005 ("Holley Aff.") at ¶ 2.

      3.       HDI is engaged in the business of manufacturing and distributing home testing systems for diabetes. See Holley Aff. at ¶¶ 5-7; Complaint, ¶ 2.

      4.       MIT Development Corporation ("MIT") was a Delaware corporation with

600270_1

its principal place of business in Connecticut. See Holley Aff. at ¶ 3.

5. Pursuant to an agreement of merger, MIT was merged into HDI in November of 1999 and since that time no longer existed as a separate legal entity. See id. at ¶ 9.

6. At all times relevant to this action, Holley was a 50% shareholder and director of MIT prior to its merger into HDI, as well as Chairman and a shareholder of HDI. See Holley Aff. at ¶ 2, 4, 9-10; Complaint, ¶ 2-4.

7. At all times relevant to this action, Mr. Salem was a director and a shareholder of HDI and, prior to the merger, a 50% shareholder in MIT. See Holley Aff. at ¶ 4-5, 10; Complaint, ¶ 5.

8. Robert J. Salem died in December, 1999. See Holley Aff. at ¶ 4, n.1.

9. In and around 1993, HDI was experiencing financial difficulties and was in need of immediate equity financing. See Holley Aff. at ¶ 12.

10. No written contract ever existed between the parties. See Holley Aff. at ¶ 34; Complaint, ¶ 19-20.

11. At plaintiff's suggestion, the parties engaged counsel in an attempt, without success, to prepare a written agreement in or about May 1994. See Holley Aff. at ¶ 24, Exh. H. An attorney from the law firm of Faegre & Benson prepared a draft letter agreement. See id. This draft letter agreement was never signed and it never reached final form. See id.

12. Brandt never invested any money in MIT or HDI. See Holley Aff. at ¶¶ 12, 31.

13. Brandt kept no records on an hourly, daily, weekly or monthly basis of the services he allegedly performed for defendants. See Brown Aff., Exh. B (Brandt Dep., p. 612, lines 5 – p. 613, line 4; p. 772, line 24 – p. 776, line 21).

2

14. Brandt was paid $1000 per month for each month that he submitted an invoice for his services. See Holley Aff. at ¶ 28.

15. Brandt was reimbursed for his travel expenses incurred in connection with his consulting work and meeting with potential investors in HDI. See Holley Aff. at ¶¶ 29, 34.

16. No agreement, oral or otherwise, was ever reached concerning the payment of a success fee or other incentive compensation to Brandt. See Holley Aff. at ¶¶ 20-25, 29, 34.

17. Holley, in dealing with Brandt, did not act as Salem's agent, nor was he authorized by Salem to act as his agent, nor did Holley ever state or represent to Brandt that he was so authorized. See Holley Aff. at ¶ 33.

Dated: New York, New York
April ___, 2005

                    SATTERLEE STEPHENS BURKE & BURKE LLP

                    By: _____
                        Paul M. Brown (CT 23232)
                  230 Park Avenue
                  New York, New York 10169
                  (212) 818-9200
                  Attorneys for Defendants
                  HOME DIAGNOSTICS, INC. and
                  GEORGE H. HOLLEY

                  and

                  NUZZO & ROBERTS, LLC

                  By: _____
                      Richard A. Roberts (CT 07665)
                  One Town Center, P.O. Box 747
                  Cheshire, CT 06410
                  (203) 250-2000
                  Attorneys for Defendants
                  HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY
                  and THE ESTATE OF ROBERT J. SALEM

600270_1

     This is to certify that on the 6th day of April, 2005, a true copy of the foregoing Notice of Motion was mailed via first class, postage prepaid mail to:

Edward Wood Dunham, Esq.
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut 06508-1832

                                              _____
                                              Richard A. Roberts

600270_1