## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>MIT DEVELOPMENT CORP., HOME<br>DIAGNOSTICS, INC. GEORGE H.<br>HOLLEY, AND JUDY CHENG SALEM,<br>EXECUTRIX OF THE ESTATE OF<br>ROBERT J. SALEM<br><br>　　　　　　　Defendants. | Civil Action<br>Docket No. 3:01 CV 1889 (SRU)<br><br><br><br><br><br><br>July 1, 2005 |

### PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Plaintiff Leonard Brandt ("Plaintiff") submits this Statement under Local Rule 56(a)(2). The facts admitted here are admitted only for purposes of Defendants' pending Motions for Summary Judgment and are not intended to be admissions for any other purpose. Brandt does not waive his rights to contest any facts admitted here should the litigation continue. Further, Brandt states that to the extent that he does not contest certain facts asserted by Defendants, he does not concede their relevance or materiality.

In response to Defendants' <u>collective</u> Statement Pursuant To Local Rule 56(a)(1):

　　　1.　　Plaintiff admits this statement.

　　　2.　　Plaintiff admits this statement.

　　　3.　　Plaintiff admits this statement.

4.     Plaintiff admits this statement.

5.     Plaintiff admits this statement.

6.     Plaintiff admits this statement.

7.     Plaintiff admits this statement.

8.     Plaintiff admits this statement.

9.     Plaintiff admits that HDI experienced extreme financial difficulties in 1993 and further admits that those difficulties were caused by product quality problems, L37[1], management turnover, H84, H89; L105, board resignations, L41-42, and a need for funding (whether through equity financing or other means).

10.     Plaintiff denies this statement as written.  Plaintiff states that a contract existed between the parties, and that certain aspects of the contract were set forth in a March 2, 1994 compensation letter signed by Holley.  HDI 100082.  Plaintiff admits that the entirety of the contract was not reduced to writing.

11.     Plaintiff denies the first sentence of this statement as written.  Brandt, not "the parties," engaged counsel.  B240.  Plaintiff admits that his retained counsel at Faegre & Benson prepared a draft letter agreement that was not signed and did not reach final form.

12.     Plaintiff admits this statement.

13.     Plaintiff admits this statement.

14.     Plaintiff denies this statement as written.  Plaintiff was paid a total of $5,000 for his years of service, S73-74.  Moreover, the statement is misleading, as Brandt and Holley agreed that it made little sense for Brandt to continue sending monthly requests for payments that

---

[1] For the Court's convenience, deposition testimony is arranged alphabetically by name of deponent in the appendix, chronologically within each name.  Deposition citations follow the format "X_," where "X" is the first letter of the deponent's last name and "_" is the page number of the deposition transcript.

were not being made, B727-28, B737, and that the debt for the monthly retainer should simply accrue. B728-29.

15.    Plaintiff admits this statement.

16.    Plaintiff denies this statement. The parties reached an agreement concerning the payment of a success fee or other incentive compensation to Brandt. *See* Disputed Issues of Material Fact, *infra*, at ¶¶ 1-4.

17.    Plaintiff denies this statement. Holley was authorized by Salem to act as Salem's agent, Holley represented to Brandt that he was so authorized, and Salem ultimately ratified Holley's agency. *See* Disputed Issues of Material Fact, *infra*, at ¶¶ 3, 5-7.

In response to <u>Salem's</u> Local Rule 56(a)(1) Statement:

1.    Plaintiff admits this statement.

2.    Plaintiff admits this statement.

3.    Plaintiff admits this statement.

4.    Plaintiff admits this statement.

5.    Plaintiff admits this statement.

6.    Plaintiff admits this statement.

7.    Plaintiff admits this statement.

8.    Plaintiff admits this statement.

9.    Plaintiff admits that HDI experienced extreme financial difficulties in 1993 and further admits that those difficulties were caused by product quality problems, L37, management turnover, H84, H89; L105, board resignations, L41-42, and a need for funding (whether through equity financing or other means).

10.     Plaintiff denies this statement as written. Plaintiff states that a contract existed between the parties, and that certain aspects of the contract were set forth in a March 2, 1994 compensation letter signed by Holley. HDI 100082[2]. Plaintiff admits that the entirety of the contract was not reduced to writing.

11.     Plaintiff denies the first sentence of this statement as written. Brandt, not "the parties," engaged counsel. B240. Plaintiff admits that his retained counsel at Faegre & Benson prepared a draft letter agreement that was not signed and did not reach final form.

12.     Plaintiff admits this statement.

13.     Plaintiff admits this statement.

14.     Plaintiff admits this statement.

15.     Plaintiff denies this statement. The parties reached an agreement concerning the payment of a success fee or other incentive compensation to Brandt. *See* Disputed Issues of Material Fact, *infra*, at ¶¶ 1-4.

16.     Plaintiff denies this statement. Holley was authorized by Salem to act as Salem's agent, Holley represented to Brandt that he was so authorized, and Salem ultimately ratified Holley's agency. *See* Disputed Issues of Material Fact, *infra*, at ¶¶ 3, 5-7.

17.     Plaintiff denies this statement as written. The District of Minnesota ordered that the claims against Salem be "dismissed without prejudice." Minnesota Decision at 21[3].

18.     Plaintiff admits the first sentence of this statement and admits the second sentence so long as "numerous" is defined as the handful of exhibits attached to the filed affidavit.

---

[2] For the Court's convenience, documentary evidence is attached in the appendix, collected in a tab named for the party that produced it (Brandt or HDI) and then arranged numerically by Bates number. Deposition citations follow the format "HDI_" or "BRANDT_," where "_" is the assigned Bates number.

[3] All unpublished cases are attached in the appendix, collected in a tab in alphabetical order.

Moreover, Plaintiff notes that the District of Minnesota did not consider or discuss the exhibits, instead relying on only two paragraphs of Brandt's affidavit. Minnesota Decision at 13.

19.    Plaintiff denies this statement as written. Judge Kyle actually wrote: "The Court concludes that, *from the record presently before it*, no reasonable jury could infer that Holley acted as Salem's agent." Minnesota Decision at 13 (emphasis added).

## Disputed Issues of Material Fact

The first twenty-two pages of Brandt's Memorandum in Opposition to Defendants' Motions for Summary Judgment sets forth a series of material facts with detailed record citations. Based on the memoranda supporting their motions for summary judgment, we believe that Defendants would dispute many, if not most, of those material facts, and we hereby incorporate all of those facts into this statement. More particularly, we state that at least the following disputed issues of material fact make summary judgment improper:

1.    Brandt's agreement with Holley, Salem, and MIT was fully formed despite Holley's handwritten counter-proposal notes on the 3/2/94 compensation letter. The 3/2/94 compensation letter contains no merger or integration clause and was never intended to incorporate a "complete definition of [Brandt's and the Defendants'] understanding." HDI 100082.

2.    Only part of Brandt's compensation agreement with Defendants was completed when Holley signed the 3/2/94 compensation letter, with the remainder formed after Holley's handwritten counter-proposals when Holley and Brandt spoke and resolved the questions raised by Holley's handwritten comments. B288-89, B486-88.

3.    Holley told Brandt that he and Salem consented to this agreement. B152-53.

5

4.     The parties stopped negotiating compensation terms in 1994 because both sides had reached an agreement. B152-55, B291.

5.     Salem provided Holley with implied actual authority to act as his agent in negotiating the consulting agreement with Brandt. H10, H55, H62, H80, H133-34, H139, H161, H450, H467, H581; B120, B133-34, B137-39, B148-49, B330-31; HDI 100088; HDI 1000089; HDI100117; HDI 100048.

6.     Salem knowingly let Holley act as if he had authority to bind Salem.  B148, B137-38, B145, B149-50; H355, H400, H403-04.

7.     Brandt reasonably and in good faith thought that Holley had authority to bind Salem. B37, B112, B138-40, B145, B152-53, B206-07.

8.     If Holley did not serve as Salem's agent, then there is clear and convincing evidence that Holley fraudulently induced Brandt to enter into the contract because Holley represented to Brandt that he was Salem's agent. B149-152; *see also* B120, B133-34, B137-39, B145, B148-50, B330-31.

9.     Substantial discovery has transpired since Judge Kyle's Minnesota Decision that has resulted in extensive meaningful additions to "the record presently before" Judge Kyle. *See generally* the voluminous documentary and testamentary evidence cited in Part V of the attached Memorandum in Opposition to Defendants' Motions for Summary Judgment.

10.     Holley and Salem, sole shareholders of MIT, received more than $55,000,000 from the MIT-HDI merger, S83-84, S91-93, nearly all of which was related to MIT's business with HDI, S32; *see also* Expert Report and Supplemental Expert Report of John Wills.

11.    As a direct result of Holley, Salem, MIT and ASC's failure to pay Brandt what he was owed under the agreement, he has suffered more than $10,000,000 in damages.    Expert Report and Supplemental Expert Report of John Wills.

12.    Brandt's work benefited Defendants and Defendants unjustly and to Brandt's detriment have not paid Brandt for the benefit they received from Brandt's work, despite receiving more than $55,000,000 from the MIT-HDI merger.    *See generally* voluminous evidentiary and testamentary evidence cited in "Len Brandt's Work" in the Counter-Statement of Facts of the attached Memorandum in Opposition to Defendants' Motions for Summary Judgment; S32, S83-84, S91-93.

**PLAINTIFF**
**LEONARD BRANDT**

By: _____

Edward Wood Dunham (ct05429)
Jonathan M. Freiman (ct24248)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
edunham@wiggin.com
jfreiman@wiggin.com

His Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on this first day of July, 2005 to:

Paul M. Brown
Satterlee, Stephens, Burke & Burke
230 Park Ave.
New York, NY 10169

Frederick L. Murolo
Richard A. Roberts
Thomas J. Lengyel
Nuzzo & Roberts
One Town Center
P.O. Box 747
Cheshire, CT 06410

Jonathan M. Freiman