UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - — — — x
LEONARD BRANDT,                                           :

      Plaintiff,                                  : Civil Action No.:
                                                    3:01-1889 (SRU)
      - against -                                  :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,   :
AND JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,                  : April 20, 2006

      Defendants.                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - — — — — — — — — x

**SALEM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR FRCP 54(b) CERTIFICATION OF PARTIAL FINAL JUDGMENT**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 7, the defendant Estate of Robert J. Salem ("Salem") hereby files this Memorandum in support of its Motion for Certification of the partial "final" judgment as against the plaintiff Leonard Brandt ("Brandt"), with respect to the recent summary judgment ruling of February 8, 2006 in Salem's favor on *all* claims against Salem (the "Ruling").

In support of this Motion, Salem submits the Affidavit of Ms. Judy Cheng Salem, the Executrix to the Salem Estate. (Ms. Salem's Affidavit is provided at <u>Exhibit A</u>.)

**I.     PROCEDURAL BACKGROUND**

     **A.     The Claims Against Salem.**

This case arises out of certain consulting services that plaintiff Brandt allegedly provided to defendants Home Diagnostics, Inc. ("HDI"), Mr. George Holley ("Holley") and Mr. Salem. Thereafter, Brandt brought this action against Salem for: (i) Breach of

Contract; (ii) Unjust Enrichment; and (iii) Promissory Estoppel. This Court is familiar with the factual and procedural issues in this case from the recent summary judgment Ruling it decided.

  **B.** <u>**The Ruling.**</u>

On February 8, 2006 (Underhill, J.), this Court granted summary judgment in favor of Salem, dismissing on the merits all claims pending against Salem (the "Ruling"). The Honorable Judge Stefan R. Underhill issued the Ruling in favor of Salem from the bench. (*See* <u>Exhibit B</u>.) There are certain other claims against defendants HDI and Mr. Holley that were not dismissed on summary judgment, and still remain pending.

  **C.** <u>**Request for Relief.**</u>

Given this "final" judgment as to Salem, resolving all issues as to Salem, Salem now seeks Certification of this Ruling as a partial "final" judgment under FRCP 54(b), as all claims against Salem (but not the other remaining defendants) have been dismissed.

Accordingly, Salem respectfully requests that this Court grant this Motion for Certification under FRCP 54(b).

**II.** **ARGUMENT**

  **A.** <u>**Certification is Timely and Appropriate.**</u>

The instant Motion for Certification is controlled by FRCP 54(b), which provides in relevant part that:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a ***final judgment*** as to ***one*** or more but fewer than all of the claims or parties

2

> only upon an express determination that there is ***no just reason*** for ***delay*** and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at ***any time*** before the entry of judgment adjudicating ***all*** the claims and the rights and liabilities of all the parties.

(*See* FRCP 54(b).) (Emphasis added.) Moreover, "Rule 54(b) has ***no*** timing requirement; the trial court must only find, in its discretion, that there is no just reason for delay. *See* NH Ins. Co. v. Dagnone, 2005 WL 3307365 (D.R.I. 2005) *citing* FRCP 54(b).)

As Salem may seek 54(b) Certification at "any time" before the entry of judgment on the entire case, the Motion is timely and appropriate under the procedural posture of this case. The decision is in this Court's discretion. *See* NH Ins. Co, *supra*.

### B. The Three Elements for 54(b) Certification are Satisfied in this Case.

The Second Circuit has articulated that, for a proper entry of partial "final" judgment under FRCP 54(b), the following three requirements must be met:

1.) Multiple claims or multiple parties must be present;

2.) At least one claim, or the rights and liabilities of at least one party, must be finally decided; and

3.) The district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment.

*See* Info. Resources, Inc. v. Dun and Bradstreet Corp., 294 F.3d 447 (2d. Cir. 2002.)

All three elements are met here.

3

1. *Multiple Claims / Parties.*

As to the first element, this is a case involving multiple claims and multiple party defendants. The Southern District of New York has stated that: "Rule 54(b) permits entry of a final judgment where the action has not been disposed of with respect to all of the claims and all of the parties, upon a determination that there is no just reason for delay and upon an express direction for the entry of judgment." *See* Evans v. Port Authority of New York and New Jersey, 2002 WL 226407 (S.D.N.Y. 2002.)

Accordingly, the first element has been satisfied.

2. *Finality.*

As to the second element, this Court (Underhill, J.) disposed of all claims against Salem by way of the summary judgment Ruling. On the issue of "finality", "the court's disposition of a claim is final if it 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim." *See* D'Jamoos v. Griffith, 368 F.Supp.2d 200 (E.D.N.Y. 2005.)

Moreover, the federal courts have stated that: "[a]s an initial matter, this Court's order granting summary judgment in favor of defendant is a final order for purposes of Rule 54(b). *See* D'Jamoos v. Griffith, 368 F.Supp.2d 200 (E.D.N.Y. 2005.) Because all of the claims against Salem have been dismissed on summary judgment, this Motion constitutes a "final order for purposes of Rule 54(b)."

Accordingly, the second element has been satisfied.

### 3. *No "Just Reason" for Delay.*

As to the third element, Salem submits that there is no "just reason" to delay a "final" judgment as to Salem only and the anticipated appeal of the recent Salem Ruling. That is, by letter of February 16, 2006 to the Connecticut probate court handling the Salem Estate, counsel to plaintiff indicates that he may appeal the Salem Ruling. He then states that: [plaintiff] may not file an appeal until final judgment has entered, which may not occur until after the [entire] trial." (This 2/16/06 Letter is provided at Exhibit C.) Of course, this is not true given the remedy provided at FRCP 54(b).

The federal courts have articulated that: "the district court must 'expressly determine that there is no just reason' to delay appellate review." *See* General Acquisition, Inc. v. Gencorp, Inc. 23 F.3d 1022, 1026 (1994) *citing* Fed.R.Civ.P. 54(b); *See also* Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992).

In this matter, there is no just reason to delay the final administration of the Estate and long overdue distribution of assets. Thus, the clock should start running now on the anticipated appeal of the Salem Ruling. If plaintiff chooses to appeal the Salem Ruling, he should be forced to decide now, and the trial on the remaining case may come after the Salem appeal is concluded. As all claims against Salem have been dismissed, the heirs of the Salem estate should not have to wait for a judgment on the entire case. (*See* Salem Aff. ¶8-9, Exhibit A.)

This lawsuit has placed a huge burden on Ms. Salem and her family for over six years, and there will be additional hardship if this Motion is not granted. (*See* Salem Aff. ¶¶7, 10 Exhibit A) Mr. Salem passed away in 1999. (*See* Salem Aff. ¶5, Exhibit A).

The decedent's will was then probated in 2000, and the Estate has remained open for six years because of this suspect lawsuit. (*See* Salem Aff. ¶¶6, 10 Exhibit A.) Ms. Salem is requesting that the Estate be finally wound up, so that she can have some closure and finality in her life. (*See* Salem Aff. ¶7, Exhibit A) Ms. Salem should not have to wait for a final judgment on the entire case, which may not be entered for many months, where any appeal would not be heard until sometime next year. (*See* Salem Aff. ¶8, Exhibit A.)

It is not fair to make Ms. Salem (and the other heirs and legatees) wait any longer than necessary to end this lawsuit, and close out the Estate once and for all. (*See* Salem Aff. ¶10, Exhibit A.) This lawsuit, and the inability to close out the Estate, is causing continued hardship. (*See* Salem Aff. ¶11, Exhibit A.) For example, the Estate attorney is being prevented from executing other crucial estate planning. Id. The Estate continues to incur additional costs for accountants to file estate tax returns, and to pay estate taxes. Id. at ¶12. Moreover, further distributions of the Estate cannot be made until the lawsuit against Salem is concluded. Id. at ¶13. In essence, the continued existence of this lawsuit is blocking the carrying out of Mr. Salem's intent. Id. In the event this Motion is granted, it will help Ms. Salem finally achieve some financial certainty and security in her life. Id. at ¶14.

This is not a case where certain claims against Salem still remain. Salem is out of this case entirely. Hence, given that the Estate is waiting on the anticipated Salem appeal, that appeal period and process as to Salem should begin now. There is no reason to delay the administration of the Estate and corresponding distribution of assets.

Accordingly, the third element has been met.

## III. <u>CONCLUSION</u>

For the forgoing reasons, Salem respectfully requests that this Court grant the Motion for FRCP 54(b) Certification.

DATED: April 20, 2006

        THE SALEM ESTATE
        NUZZO & ROBERTS LLC

By: _____
    Richard A. Roberts (CT 07665)
    Thomas J. Lengyel (CT 21488)
    One Town Center, P.O. Box 747
    Cheshire, Connecticut 06410
    Telephone: (203) 250-2000
    *Attorneys for the Defendant Estate of Robert Salem*

## **CERTIFICATION**

      This is to certify that on April 20, 2006, a true copy of the foregoing Memorandum was mailed via first class, postage prepaid, mail to:

Edward W. Dunham, Esq.
Jonathan Freiman, Esq.
Wiggin & Dana, LLP
One Century Tower
New Haven, CT 06508-1832

Paul M. Brown, Esq.
Aaron Zeisler, Esq.
Satterlee, Stephens, Burke & Burke
230 Park Avenue
New York, NY 10169

 

_____
Thomas J. Lengyel

\\fp\nuzzo\wp\419021\001\MOTION TO CERTIFY FRCP 54(B).DOC