UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

LEONARD J. BRANDT,

    Plaintiff

NO.:301CV1889 (SRU)

V.

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,
AND JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,

April 17, 2006

    Defendants

------------------------------------------------------------------x

## AFFIDAVIT OF JUDY CHENG SALEM

JUDY CHENG SALEM, being duly sworn, hereby deposes and says:

1. I am over the age of 18 years and believe in the obligations of an oath.

2. I am the duly qualified Executrix of the Estate of Robert J. Salem, a defendant in this case ("Salem").

3. I make this Affidavit in support of Salem's Motion under FRCP 54(b) for Certification of Partial Final Judgment in this action against plaintiff Leonard Brandt ("Brandt"). The Motion is based upon this Court's summary judgment ruling of February 8, 2006 in Salem's favor, dismissing on the merits all claims against Salem (the "Ruling").

4. There are other claims by plaintiff Brandt against defendants Home Diagnostics, Inc. ("HDI") and George Holley ("Holley") that still remain pending in this case. That case, I am advised, should be tried sometime this year.

5. My late husband, Mr. Robert J. Salem, passed away in 1999.

6. The decedent's will was thereafter probated in 2000, and the Estate has remained open for over six years due to the continued pendency of this case.

7. This lawsuit has placed a huge burden on me and my family for more than six years. I therefore submit this Affidavit so that I can have some closure and finality in my life and decedent's Estate can be wound up. There is no "just reason" for further delay. I respectfully request that this Court enter a "final judgment" as to the Estate so that plaintiff, if he is so advised, is required to promptly decide whether to prosecute an appeal.

8. It is my understanding that plaintiff Brandt may appeal the recent Salem Ruling. By letter of February 16, 2006 to the Connecticut probate court handling the Estate, plaintiff's counsel has indicated that he may appeal the Salem Ruling. He then states that: "[plaintiff] may not file an appeal until final judgment has entered, which may not occur until after the [entire] trial." (This letter is attached hereto at <u>Exhibit A</u>) Counsel advises me that a "final judgment" will probably not be entered for many months, and any appeal thereon may not be heard until sometime next year.

9. Since all of the claims were dismissed against Salem, I understand that this appeal process can start now – if the Court grants the instant Motion for Certification.

10. It is not fair to make me and the other heirs and legatees of the Estate wait any longer than necessary to end this suspect lawsuit once and for all, so that we can close out the Estate and move on with our lives.

11. This lawsuit, and the inability to close the Estate, is causing hardship to myself and my family in many ways. For example, the lawsuit is preventing my estate

lawyer, Attorney Wayne Winters, from executing certain other estate planning that is crucial to our future.

12. In addition, we have to incur the additional costs for accountants to file estate income tax returns every year, and pay estate taxes because the Estate continues to remain open.

13. Further distributions of Estate assets cannot be made until the lawsuit against Salem is finally concluded. The continued existence of this lawsuit is preventing carrying out the intent of my husband with respect to these distributions.

14. Moreover, I would like to have some financial certainty and security in my life. and the lawsuit is preventing this. Certifying a "final judgment" will help to accelerate a winding up of the Estate.

15. Therefore, I respectfully request that this Court grant the Motion for Certification.

_____
JUDY CHENG SALEM

Sworn to before me this
___ Day of April, 2006

_____
NOTARY PUBLIC

DAVID WAYNE WINTERS
Notary Public
My commission expires 8/31/2006

fp:nuzzo:wp:419021\001\SALEM AFFIDAVIT - CERTIFICATION.doc

3