Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Jonathan M. Freiman
203.498.4584
203.782.2889 fax
jfreiman@wiggin.com

2006 APR 27  A 9:48

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**WIGGIN AND DANA**

*Counsellors at Law*

VIA FEDEX

April 12, 2006

Honorable Stefan R. Underhill
United States District Judge
915 Lafayette Boulevard
Bridgeport, Conn. 06604

Re: *Brandt v. Home Diagnostics, Inc., et al.*, Civ. No. 3:01-1889

Dear Judge Underhill:

I write on behalf of plaintiff Leonard Brandt in response to opposing counsel's letter to you dated April 10, 2006, which we received yesterday. In his letter, Mr. Brown requests a conference with you in order to resolve what he describes as "a pre-trial discovery dispute . . . concerning plaintiff's duty to update and revise his alleged damages." *See* Brown Letter of April 10 at 1.

We do not think a telephone conference is appropriate. Mr. Brandt amended his interrogatory answers when required. Defendants seek now not to compel amended answers, but to have this Court adjudicate the factual and legal *merits* of the amended answers already provided. Defendants' concerns with the merits of the plaintiff's damages claim do not create "a pre-trial discovery dispute." If defendants believe that Mr. Brandt's damages claim suffers from legal or factual deficits, they should address those issues through the procedures set out by this Court in its recently-issued Pre-Trial Order. *See* Pre-Trial Order ¶ 5 (governing anticipated further proceedings); ¶ 11 (governing motions in limine); ¶ 14 (governing proposed jury instructions).

Mr. Brown enumerates four concerns in his letter. First, he argues that the dismissal of the Salem Estate from this case *must* reduce the damages claim. We disagree. As I noted to Mr. Brown in my letter of April 3, "the dismissal of the Salem Estate does not affect the overall damage claim. By thinking that it should, [Brown] confuse[d] two things: (a) the parties responsible under the contract and equitable agreement, and (b) the factors by which compensation is determined. Judge Underhill ruled that Robert Salem did not enter into a contract or equitable agreement with Len Brandt. That does not mean that George Holley, MIT and ASC did not enter into a contract or equitable agreement with Len Brandt by which they agreed to pay Mr. Brandt '10% of any assets received above $1,000,000 by the collective group of MIT, ASC, Bob Salem and [George Holley].' That the Salem Estate has been ruled not responsible under the deal does not mean that George Holley, on behalf of himself, MIT and ASC, did not agree to or promise compensation pegged in part to assets

Honorable Stefan R. Underhill
April 12, 2006
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

received by Salem." Defendants think that Holley cannot have obliged himself and his companies to compensation pegged to Salem's compensation. We disagree. Just as a father can offer a testing tutor a success fee pegged to his son's success, so too Holley could have offered (and did offer) a consultant a success fee pegged, in part, to his longtime partner's success. The jury may or may not agree, but this is a factual question – not a discovery dispute.

As part of their first point, defendants claim that Mr. Brandt has described damages flowing from "equity" and "assets" received by the defendants but not from "value," "interest," "collections" and "revenue." As we noted in our opposition to defendants' motion for summary judgment, all of these terms are included in the damages calculated in the expert report and supplemental expert report of John Wills. No other damages under those terms are sought.

Second, defendants claim they do not know the exact value of damages sought by Mr. Brandt under his promissory estoppel and unjust enrichment claims. We provided that exact value clearly in Mr. Brandt's amended interrogatory answers of July 1, 2005: Mr. Brandt believes the proper measure of damages under those counts would be the same as the contractual damages set forth in the expert reports John Wills.[1] In addition, defendants complain that Mr. Brandt's other expected expert witnesses, Michael Holt and Richard Wirth, who would testify on alternative means of valuing equitable claims based on venture capitalist compensation and business-turnaround expertise, have not provided a "final, specific number" as to damages. Again, Mr. Brandt has specified his damages claim. Defendants may think that experts providing testimony on alternative means of calculating equitable damages must provide a bottom-line figure for their testimony to be admissible, but this is a proper subject for a motion in limine, not for a telephone conference on a discovery matter.[2]

Third, defendants ask this Court to strike plaintiff's claim for punitive damages. This has nothing to do with discovery. Mr. Brandt's complaint asked for "such other and further relief as the Court deems just and appropriate," and in response to defendants' request for updated answers to interrogatories, Mr. Brandt made clear on July 1, 2005 that that clause

---

[1] Paralegals at this firm working under my supervision sent the amended answers to interrogatories to both firms representing the defendants on July 1, 2005. Though defendants requested updated answers several times leading up to July 1, 2005, I received no further requests after the answers were mailed to both firms, and first learned of the putative non-receipt of the answers by reading Mr. Brown's letter to this Court.

[2] Defendants cite no support for the proposition that expert damages witnesses must provide a "final, specific number," and their view is inconsistent with our understanding of the law. Were this Court to entertain a motion on this issue, we would fully brief why expert testimony on damages need not include a final tally of damages so long as it is helpful to the jury's understanding of technical issues.

2

Honorable Stefan R. Underhill
April 12, 2006
Page 3

**WIGGIN AND DANA**

*Counsellors at Law*

included statutory punitive damages available under the Connecticut Wage Statute. Defendants could have raised this issue in their reply brief at summary judgment but did not.[3] They can propose jury instructions that do not include punitive damages under the Wage Statute. Moreover, we have no objection to their now making a supplemental motion for summary judgment on the availability of statutory punitive damages under the Wage Statute. But this is an issue of substantive law, not a discovery dispute amenable to resolution in a telephone conference.

Fourth, defendants ask this Court to strike plaintiff's claim for legal fees, which like the claim for punitive damages is sought pursuant to the Wage Statute.[4] For the reasons explained in the last paragraph, this is a substantive legal issue, not a matter for a telephone conference on discovery matters.

Respectfully,

Jonathan M. Freiman

cc:  Paul M. Brown
     Edward W. Dunham
     Richard Roberts

---

[3] Mr. Brown complains that the phrases "punitive damages" and "Wage Statute" do not appear in the complaint, but there is no heightened pleading requirement for such claims and we believe that under liberal pleading rules, they were fairly encompassed within the initial request for relief.

[4] Should defendants want to review copies of attorney invoices, we are happy to provide them pursuant to a protective order, notwithstanding the close of discovery.

3