SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200

47 MAPLE STREET
SUMMIT, NJ 07901
(908) 277-2221

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: pbrown@ssbb.com
Direct Dial: (212) 404-8786

April 14, 2006

**BY FEDERAL EXPRESS**

Honorable Stefan R. Underhill
United States District Judge
914 Lafayette Boulevard
Bridgeport, CT 06604

   Re: *Brandt v. Home Diagnostics, Inc. et al.*
     Docket No. 3:01-1889 (SRU)

Dear Judge Underhill:

   This is in response to Mr. Freiman's letter to Your Honor sent by Federal Express on April 12, 2006.

   As we previously noted, we sincerely believe the matter for which a telephone conference is sought is a basic, pre-trial discovery dispute that is salient given the joint pre-trial order ("PTO") the parties must file. Plaintiff refuses to adequately amend or supplement his interrogatory answers on damages, which we need for potential motions *in limine* and a response on our portion of the joint PTO.

   Mr. Freiman appears to ignore the plain fact that the purpose of the joint PTO is, in effect, to chart and lay out underlying facts, documents, exhibits, etc. for the trial. We believe that issues are supposed to be narrowed, if possible, and that the trial should not be shackled with phantom or frivolous issues. We respond *seriatim* to the points made by Mr. Freiman:

   1. Although the case against the Salem Estate has been dismissed on the merits, plaintiff has indicated that somehow defendants Holley and HDI remain personally responsible for benefits allegedly conferred personally and solely on the late Mr. Salem by Mr. Brandt. In particular, Mr. Brandt sought damages consisting of 10% of the value of the consideration Mr. Salem received when HDI acquired MIT, 10% of the amounts received under the employment agreement that Mr. Salem received from HDI, and 10% of all of the earnings, salaries and distributions Mr. Salem had with MIT between approximately 1995 and 1999. These were not "benefits" shared by Mr. Holley or MIT. Not only does Mr. Freiman place a strained interpretation on the facts, but no reasonable jury could conclude Mr. Holley or HDI is liable for the benefits peculiarly and personally going to Mr. Salem. Those claims do not belong any longer in this case, and certainly not in the joint PTO.

648303_1

SATTERLEE STEPHENS BURKE & BURKE LLP

Honorable Stefan R. Underhill
April 14, 2006
Page 2

        2.      Plaintiff continues to refuse to disclose in interrogatory answers what two of his experts will testify to on the issue of the *quantum meruit* valuation of Mr. Brandt's services if the contract claim does not succeed. Counsel for Mr. Brandt would have us treat these alternative damage claims as sort of an abstract, impressionist painting by stating that the ". . . jury, if it so chooses, may make alternate calculations on the equitable relief claims." We disagree. While a jury has a right to come to its own determination of damages, it must be based upon a solid evidentiary foundation. We are entitled to know what dollar amount and underlying calculations these experts intend to claim represent the fair and reasonable value of Mr. Brandt's services if the contract claim fails. We are astonished that plaintiff's counsel would resist furnishing such information.

        3.      We did not learn of the so-called punitive damage claim until <u>after</u> discovery had closed and after defendants' filed their motion for summary judgment; if plaintiff had timely raised the issue, we certainly would have moved to dismiss it. We submit that this is a completely inappropriate and improper claim and plaintiff should be compelled to forego the same as part of the pre-trial order process.

        4.      The claim for legal fees is specious and does not belong as part of the pre-trial order or as part of any proof at trial. Again, after the conclusion of discovery and after defendant's had moved for summary judgment, plaintiff asserted for the first time that he was entitled to attorney's fees under C.G.S.A. § 31-72-a Civil Action to Collect Wage Claim. Yet, nowhere in the Complaint does this statutory cause of action appear. Moreover, long before discovery was closed, discovery demands were made for calculations of damages, including legal fees, on several occasions and were routinely ignored. Plaintiff has thus waived his non-existent right to this non-existent claim.

        We respectfully submit that, owing to the circumstances existing, a conference should be held with the Court, and these matters should be ruled upon before, not after, the parties are due to file the joint PTO, since a number of these matters will of necessity have to be referred to and made part of that document.

                                                               Respectfully submitted,

                                                               Satterlee Stephens Burke & Burke LLP

                                                               By: _____
                                                                            Paul M. Brown

PMB:paf
cc:    Jonathan M. Freiman, Esq.
       Wiggin and Dana LLP
       (by fax: 203-782-2889)

648303_1

SATTERLEE STEPHENS BURKE & BURKE LLP

Honorable Stefan R. Underhill
April 14, 2006
Page 3

      Edward W. Dunham, Esq.
      Wiggin and Dana LLP
      (by fax: 203-782-2889)

      Richard Roberts
      Nuzzo & Roberts
      (by e-mail: rroberts@nuzzo-roberts.com)

648303_1