UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br>　　　Plaintiff,<br><br>　　　v.<br><br>HOME DIAGNOSTICS, INC. and GEORGE HOLLEY,<br>　　　Defendants. | Civil Action. No.<br>3:01cv1889 (SRU) |

## CONFERENCE MEMORANDUM

On April 26, 2006, I held a phone conference on the record with Jonathan Freiman, representing the plaintiff, and Paul Brown and Aaron Zeisler, representing the defendants. The purpose of the conference was to discuss the damages calculation issues raised by counsel in their letters to me.

First, defense counsel requested that plaintiff's counsel update his damages calculation analysis, given that I dismissed certain claims at the summary judgment stage. Plaintiff's counsel responded that the damages calculation as it stands now is his final damages analysis with the exception that pre-judgment interest will continue to accumulate, and the final pre-judgment interest calculation will be dependent on my ruling whether simple or compound interest applies. I indicated that the purpose of a damages analysis is to give defendants notice of their possible loss and that purpose has been accomplished here. Even though there is a dispute about the ultimate amount owed, that is an issue that the jury will determine.

Additionally, defense counsel questioned the source of damages on each claim. Plaintiff's counsel represented that the exact dollar amount of damages has been broken into categories with the source delineated for each category in plaintiff's expert report. As a result, it appears that plaintiff has given defendants notice of the damages analysis. If defendants wish to

challenge that expert report, or additional issues arise, defendants can file a motion in limine to address those issues.

Defense counsel also challenged why the plaintiff is seeking the same amount of damages on his unjust enrichment claim as on the breach of contract and promissory estoppel claims. Counsel indicated that the jury needs an industry standard or custom, other than the alleged 10% contract figure, by which they can measure the degree to which defendants were unjustly enriched. Plaintiff's counsel represented that even if the jury rejects the evidence on the contract and promissory estoppel claims, he intends to present the same evidence to support the unjust enrichment claim, and will not be submitting additional evidence (e.g., evidence about Brandt's consulting fees in other cases). Again, although plaintiff may not prevail, his claim and basis for that claim have been set forth in a manner sufficient to give defendants notice of the damages plaintiff will seek at trial.

Finally, defense counsel raised the issue whether plaintiff can seek attorneys' fees and punitive damages, because he did not plead a claim in his complaint that would support those types of damages. Plaintiff's counsel believes plaintiff is entitled to claim those damages because of the liberal principles of notice pleading. I indicated that it is unlikely that plaintiff can claim punitive damages and attorneys' fees if he has not pled a substantive claim that would entitle him to those damages. Plaintiff may provide a letter brief to the court citing authority that supports his claim for attorneys' fees and punitive damages. For purposes of the pre-trial memorandum, plaintiff can reserve the right to make those damages claims, and can attach a brief supporting the position that such damages are available in this case.

I set the following schedule:

The calendar call originally scheduled for Friday, April 28, 2006 is rescheduled for **5:00 pm on Friday, May 19th**.  At that time, we will have a telephone status conference, during which counsel should be prepared to discuss the unavailability of counsel and witnesses through the calendar year and to choose a trial date.  The parties should submit their pre-trial memorandum by **Tuesday, May 16th**.  Counsel should contact chambers if additional issues arise.

Dated at Bridgeport, Connecticut, this 27th day of April 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge