Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Jonathan M. Freiman
203.498.4584
203.782.2889 fax
jfreiman@wiggin.com

FILED

2006 MAY 16  A 10: 31

**WIGGIN AND DANA**

*Counsellors at Law*

VIA MESSENGER

May 15, 2006

Honorable Stefan R. Underhill
United States District Judge
915 Lafayette Boulevard
Bridgeport, Conn. 06604

Re: *Brandt v. Home Diagnostics, Inc., et al.*, No. 3:01-cv-1889

Dear Judge Underhill:

I write on behalf of plaintiff Leonard Brandt in response to your request during our April 26, 2006 telephone conference for an explanation of plaintiff's position that the amended complaint states a claim for violation of the Connecticut wage statute, Conn. Gen. Stat. § 31-72, which permits recovery of double damages, attorney's fees and costs.

Our review of settled and applicable law confirms that so long as a plaintiff has pleaded the appropriate facts, the plaintiff may recover on the claim even if the complaint does not cite the particular statute or legal theory. The Second Circuit, sitting *en banc*, has emphasized that "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*). The Second Circuit reiterated that holding just last year, relying on *Carovano* to reject a defendant's argument that a plaintiff could not pursue a claim that the complaint did not delineate by name. The test is not the sufficiency of the plaintiff's statutory citation or labeling of causes of action, but whether he has alleged *facts* sufficient to state the claim. *Con. Ed Co. of New York, Inc. v. UGI Utilities, Inc.*, 423 F.3d 90, 103-04 (2d Cir. 2005); *accord Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45-46 (2d Cir. 1997). As the Seventh Circuit has similarly noted, "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (Easterbrook, J.).

The amended complaint alleges all of the facts necessary to state a claim under the wage statute. Conn. Gen. Stat. § 31-72 provides that "[w]hen any employer fails to pay an employee wages . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."[1] Mr. Brandt alleged that he entered into an agreement with defendants to provide

---

[1] The statute defines an "employer" as "any individual . . . [or] corporation . . . employing any person"; defines an "employee" as "any person suffered or permitted to work by an

**WIGGIN AND DANA**

*Counsellors at Law*

business and strategic services in exchange for agreed-upon compensation, and that defendants failed to pay him that compensation. *See* Am. Compl. ¶¶ 11, 12, 13, 14, 15. If proven, those allegations would be sufficient to state a violation of the wage statute and entitle Mr. Brandt to the relief provided by that statute. As Judge Clark noted for the Second Circuit more than half a century ago, "particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not." *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir. 1945).

Moreover, defendants have known of those factual allegations since the filing of the complaint. The conduct that Mr. Brandt believes to constitute a violation of the wage statute is the same conduct that Mr. Brandt believes to constitute a breach of contract and promissory estoppel. The evidence on the wage statute claim is identical to the evidence on the contract and promissory estoppel claims. That is unsurprising, since the Connecticut General Assembly enacted the wage statute to provide additional remedies for broken contracts in employment contexts. *Ycaza v. CT Transit-Stamford Div.*, 289 F. Supp. 2d 180, 182 (D. Conn. 2003) (finding purpose of wage statute is to provide "remedial protection in the event that the underlying contract between employer and employee for wages is violated"). Defendants cannot plausibly argue that they were not on notice of the factual nature of Mr. Brandt's claims, which have not changed since the amended complaint.

In sum, the facts alleged by Mr. Brandt in the amended complaint, if proven, would support recovery on causes of action not only for breach of contract, promissory estoppel, or unjust enrichment, but also for violation of the Connecticut wage statute. Under binding and applicable Second Circuit law, Mr. Brandt therefore should be permitted to proceed with the wage statute claim, which includes statutory remedies permitting double damages, attorney's fees and costs.

---

employer"; and defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. § 31-71a. Mr. Brandt has plainly alleged that he was a "person suffered or permitted to work by" an "individual" and "corporation" in exchange for "compensation for labor or services" that he rendered. *Cf.* C.G.S. § 1-2z ("The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.").

May 15, 2006
Page 3

**WIGGIN AND DANA**

*Counsellors at Law*

Respectfully,

*[signature]*

Jonathan M. Freiman

cc:  Paul M. Brown
     Edward W. Dunham
     Richard Roberts