UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br>    Plaintiff,<br><br>v.<br><br>HOME DIAGNOSTICS, INC., GEORGE H.<br>HOLLEY, and JUDY CHENG SALEM,<br>EXECUTRIX OF THE ESTATE OF<br>ROBERT J. SALEM,<br>    Defendants. | CIVIL ACTION NO.<br>3:01cv1889 (SRU) |

**RULING ON MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

**I.**  **Background**

The plaintiff, Leonard Brandt, sued defendants Robert Salem,[1] Home Diagnostics, Inc., and George Holley for breach of contract, promissory estoppel, and unjust enrichment pertaining to consultant services Brandt allegedly provided.[2] Summary judgment was entered in favor of Salem on all counts on February 8, 2006. Salem has moved for certification of partial final judgment. For the reasons set forth below, Salem's motion is granted.

**II.**  **Partial Final Judgment under Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure states:

> (b) **Judgment upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to *one or more but fewer than all* of the claims or parties only upon an express determination that there is *no just reason for delay* and upon an express direction for the

---

[1] Judy Cheng Salem, executrix of the estate of Robert J. Salem, has been substituted for Robert J. Salem as a defendant. The estate will be referred to as "Salem" in this decision.

[2] The plaintiff has also sued Holley for fraud in the inducement; summary judgment was entered in favor of Holley on that claim on February 8, 2006. Holley and Home Diagnostics' motion for summary judgment on the counts of breach of contract, promissory estoppel, and unjust enrichment was denied.

>
> entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b) (emphasis added).

The requirements for entry of a partial final judgment under Rule 54(b) are: (1) "Multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Information Resources, Inc. v. The Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (citing *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)).

The first requirement for entry of a partial final judgment is the presence of multiple claims or multiple parties. This case involves three defendants. Therefore, the first requirement is met.

The second requirement is met when the court has finally decided the liabilities of at least one party. A claim is "finally decided" when it "ends litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ginett*, 962 F.2d at 1092 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). Thus, a summary judgment that completely disposes of all claims against a defendant meets this requirement, and becomes final and appealable when a Rule 54(b) certificate is made. *See id*. Because the court entered summary judgment in favor of Salem, and because the claims against the other defendants have still not

been resolved, the second requirement that the liabilities of at least one party have been "finally decided" is met.

The third requirement for entry of a partial final judgment is met when the district court determines that there is no just reason for delay. The Supreme Court has conferred broad discretion to the district courts in making this determination. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10-11 (1980) ("because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow"). Although there are no fixed guidelines for determining whether there is just reason for delay, sound judicial administration is the "proper guiding star." *Id*. at 8.

Sound judicial administration involves a "proper regard for the duties of both the district court and the appellate court." *Ginett*, 962 F.2d at 1095. A certification of partial final judgment for Salem is consistent with judicial economy. Brandt may not appeal, in which case there is no effect on judicial economy. Even if Brandt appeals, it is likely that such an appeal could be consolidated with any appeal from final judgments involving the remaining defendants.

Courts also consider whether there will be "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978) (quoting *Western Geophysical Co. v. Bolt Associates, Inc.*, 463 F.2d 101, 103 (2d Cir. 1972)). Rule 54(b) was incorporated into the Federal Rules of Civil Procedure for the purpose of easing hardship arising from delay. *Ginett*, 962 F.2d at 1093. Certification will alleviate hardship for Salem, arising from the inability to close out the estate until after this lawsuit is concluded. Because the lawsuit may impact the estate, the executrix cannot finalize distribution of the estate until it is concluded. In the interim, the executrix must incur financial

costs for estate taxes and remain in a state of financial insecurity.

Given that delay in certification would result in hardship for Salem, and that allowing the opportunity for immediate appeal may expedite the case and assist the interest of judicial efficiency, I conclude that there is no just reason for delaying final judgment with respect to the claims against Salem.

### III.    Conclusion

Salem's Motion for Certification of Partial Final Judgment (**doc. # 137**) is **GRANTED**. The clerk shall enter a partial final judgment in favor of Salem with respect to all claims against Salem.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of June 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge