UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
LEONARD BRANDT,                    :

    Plaintiff,                    : Civil Action No.:
                                     3:01-1889 (SRU)
    - against -                   :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY, :
and JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,          :

    Defendants.                   : August 3, 2007
---------------------------------x

**DEFENDANTS' OPPOSITION TO BRANDT'S**
**MOTION FOR EXTENSION OF TIME**

Defendants Home Diagnostics, Inc. ("HDI") and George H. Holley ("Holley") (together, "Defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, respectfully submit this memorandum of law in opposition to plaintiff Leonard Brandt's ("Brandt's") Motion For Extension of Time, filed August 1, 2007 (the "Motion").

In short, plaintiff's Motion is frivolous and should be denied because it seeks additional time to file a Motion for Reconsideration of a <u>private event</u> (i.e., a binding mediation) – <u>not</u> any decision or order of this Court – and thus, the private ruling cannot be "reconsidered" pursuant to Local Rule 7(b) or any other rule.

1.    By its very terms, the Court's "Ruling Regarding Disputed Settlement Terms," issued July 19, 2007, was a "private event." <u>See</u> Ex. A (the "Private Ruling" at 2) ("Although captioned a 'ruling,' this decision shall be treated as a private event.").

2.    As the Court will recall, this case was settled for cash and restricted stock, and, were it to become necessary, the Court was to act as a binding mediator to impose a

702484_3

decision concerning disputed terms on which the total settlement proceeds would be paid. For that contingency, the parties agreed to binding "baseball" mediation. See Ex. A (Private Ruling at 1).

3. Specifically, the parties agreed – with the advice and consent of their counsel – that, if they were unable to resolve certain remaining issues of their settlement, they would submit to binding mediation by way of a "baseball arbitration" in which Your Honor would choose and adopt the submitted position of one party. See Ex. B (Conference Memorandum, dated May 16, 2007, at 1); see also the recorded transcript of the March 8, 2007 Settlement, attached hereto as Exhibit C ("Settlement Tr."), at 969:23 – 971:20.

4. Unfortunately, the parties could not reach agreement, and each side submitted its best arguments in support of its position. Your Honor then "carefully reviewed the transcript of the proceedings in which the parties stated the terms of their settlement in principle [and] considered the arguments made in the parties' submissions." Ex. A (Private Ruling at 1). Your Honor chose the Defendants' proposal, and issued the Private Ruling. Id.

5. The Private Ruling is final and binding, with no further rights of appeal, review or reconsideration of any type. Id. Indeed, the entire case has already been dismissed. Id. at 2.

6. Given that there is no case or docket, that the ruling was a "private event," and that Brandt and his counsel had agreed to this procedure, Brandt's instant Motion is wholly inappropriate.

7. Not only does the Private Ruling and Conference Memorandum make it abundantly clear that Brandt agreed to binding mediation of limited settlement issues for which

2

702484_3

there is no "reconsideration," but the transcript of the March 8, 2007 Settlement confirms as much. In relevant part, the Settlement was as follows:

> (Court) Finally, if there are details of the settlement that cannot be resolved, for example, if the parties cannot agree on the details concerning the transfer of stock, the parties will come here, I will attempt to resolve those disputes informally.
>
> If that informal process does not work, the parties are all authorizing me to act as an, in effect a <u>binding mediator and to impose a decision on the areas of dispute</u> concerning the details of the settlement.
>
> So, in sum, that's my understanding of the settlement and counsel can correct me or fill me in if I've missed something.
>
> Mr. Dunham: Your Honor, I think that was an <u>entirely accurate</u> summary.
>
> Mr. Brown: I agree, Your Honor.
>
> The Court: All right. Mr. Brandt, did you follow everything that I said?
>
> Mr. Brandt: I did. <u>That was an excellent summary, an excellent hearing, so I understood every word</u>.
>
> The Court: So, let me ask you this: Are you agreeing to the settlement terms I just outlined?
>
> Mr. Brandt: <u>Yes</u>.

Ex. C (Settlement Tr. at 970:23 – 971:20) (emphasis added).

       8.     Clearly, Brandt and his counsel understood and consented to Your Honor acting as "a binding mediator" who would "impose a decision on the areas of dispute concerning the details of the settlement." <u>Id.</u>

       9.     Notably, Brandt does not claim the limited Private Ruling was made in "manifest disregard of the law," that it violates public policy, or that Your Honor did not have authority to render the Private Ruling. Rather, Brandt alleges that the economic value of the settlement has changed (Motion, ¶ 1), which is not an appropriate ground for seeking "reconsideration" of a binding mediation ruling such as this. Brandt simply cannot seem to accept the finality of the process, even though he agreed to it.

3

10. Pursuant to Rule 11, Defendants are hereby sending formal notice to Brandt demanding that he withdraw this Motion and refrain from filing any Motion for Reconsideration, since both motions are totally devoid of legal merit.[1]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Brandt's Motion and grant Defendants' their attorney's fees and costs in opposing this frivolous Motion.

Dated: New York, New York
       August 3, 2007

> SATTERLEE STEPHENS BURKE & BURKE LLP
>
> By: _____
>     Paul M. Brown (CT 23232)
>     Aaron M. Zeisler (admitted *pro hac vice*)
>     Justin E. Klein (admitted *pro hac vice*)
> *Attorneys for Defendants*
> 230 Park Avenue
> New York, New York 10169
> (212) 818-9200
> (203) 818-9606 fax

---

[1] Defendants remain prepared to conclude (or enforce) the settlement with Brandt – they have forwarded him a formal settlement agreement, have communicated with their transfer agent regarding the shares of HDI stock, and simply await Brandt's acceptance of the Private Ruling.

## CERTIFICATION

This is to certify that on August 3, 2007, a copy of the foregoing document was filed electronically. A true copy of the foregoing was also mailed via first class U.S. mail, postage prepaid, to:

Edward W. Dunham, Esq.
Jonathan Freiman, Esq.
Wiggin & Dana LLP
One Century Tower
New Haven, Connecticut 06508-1832

_____
Aaron M. Zeisler