UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD BRANDT

v.

MIT DEVELOPMENT CORP., ET AL.

Civ. Action No.
3:01 CV 1889 (SRU)

## RULING REGARDING DISPUTED SETTLEMENT TERMS

On March 8, 2007, the parties settled this case. The settlement, which was placed on the record, provided that the parties would continue to negotiate the details of the terms on which the * Redacted *  The settlement also provided that, in the event that the parties could not resolve those remaining details and I could not mediate any differences informally, that I would serve as a binding mediator and would impose a decision concerning the disputed terms of the settlement. That contingency has come to pass, and this ruling serves as my decision regarding the final terms of the settlement among the parties.

We have proceeded by way of "baseball arbitration," with each side submitting their last, best settlement position. My task is to choose between the parties' positions and to impose on the parties as the final settlement terms the proposal that most fairly reflects the intent of the parties in reaching the settlement in principle. In doing so, I have carefully reviewed the transcript of the proceedings in which the parties stated the terms of their settlement in principle. I have also considered the arguments made in the parties' submissions.

The defendants' proposal best reflects the terms of the settlement in principle and the intent of the parties at the time they agreed to settle this case. * Redacted *

\* Redacted \*

As previously agreed, the appeal of the ruling granting summary judgment in favor of the Salem estate, if it is still pending, shall be voluntarily dismissed immediately. The parties shall immediately exchange mutual general releases. It is not necessary to dismiss or withdraw claims made in this case, because the case has already been dismissed. The parties are free to enter into a formal settlement agreement, if they wish, but the terms of the payment obligation will not be delayed or otherwise affected should they choose to do so.

Although captioned a "ruling," this decision shall be treated as a private event. This decision will be sent to the parties, but will not be docketed unless a party requires docketing in a proceeding to enforce the settlement agreement. This court will retain jurisdiction to enforce the

terms of the parties' settlement agreement, including those terms imposed by this ruling.

It is so ordered.

Issued this 19th day of July 2007 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge