UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br>Plaintiff,<br><br>v.<br><br>MIT DEV. CORP., et al.,<br>Defendants. | Civil Action. No.<br>3:01cv1889 (SRU) |

### CONFERENCE MEMORANDUM

On May 15, 2007, I held a phone conference off the record with Edward Dunham, representing the plaintiff, and Paul Brown representing the defendants. Richard Roberts, counsel for the Estate of Robert Salem, also participated. The purpose of the conference was to discuss whether counsel have been able to finalize the details of the settlement agreement entered into in principle on the record on March 8, 2007 (doc. #220).

Counsel have not been able to finalize the details of the settlement and have requested that I resolve the dispute pursuant to the terms of the settlement put on the record on March 8th. I indicated that we would, in effect, conduct a binding mediation process. All counsel agreed.

I set the following requirements for the mediation:

First, counsel should submit to me a list of all undisputed terms, that is, those aspects of the settlement to which all parties agree. Second, counsel should send me a copy of the March 8, 2007 transcript that sets forth the terms of the settlement in principle. Finally, with respect to the disputed terms of the settlement, we will conduct a "baseball style" arbitration. Each side should fax to my chambers a written letter setting forth its position and an explanation of its position. All relevant information (e.g., position, explanation, argument, etc.) must be included in a single submission. Each side may submit two positions, but I encourage counsel to limit its submission

to one or two positions; each side should submit the same number of positions. I will then choose and adopt one of the positions, that is, either the plaintiff's position or the defendants' position. Thus, each side has an incentive to set forth a position that is as reasonable as possible. Counsel shall fax simultaneous ex parte letters to me on **Friday, May 25, 2007** setting forth their positions. Counsel will then provide a copy to opposing counsel on the following business day, Tuesday, **May 29, 2007.**

I told counsel that I do not intend to docket their submissions, but rather will treat the process as a private objection. There was no objection.

Dated at Bridgeport, Connecticut, this 16th day of May 2007.

Stefan R. Underhill
United States District Judge