UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT, : | |
| : | Case No. 3:01-CV-1889 (SRU) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MIT DEVELOPMENT CORP., HOME : | |
| DIAGNOSTICS, INC, GEORGE H. : | |
| HOLLEY, and JUDY CHENG SALEM, : | |
| EXECUTRIX OF THE ESTATE OF : | |
| ROBERT J. SALEM, : | |
| : | September 7, 2007 |
| Defendants. : | |

## MOTION TO WITHDRAW APPEARANCES

Pursuant to Rule 7(e) of the Local Rules of Civil Procedure, the undersigned counsel respectfully move to withdraw their appearances in this matter on behalf of plaintiff, Leonard Brandt. In support of this motion, counsel represents.

1. During discovery in this matter, Mr. Brandt hired Edward Dunham of Wiggin and Dana to replace predecessor counsel in this matter, and Mr. Dunham entered his appearance. Jonathan Freiman of Wiggin and Dana subsequently filed an appearance on Mr. Brandt's behalf. Messrs. Dunham and Freiman thereafter represented Mr. Brandt throughout the trial and settlement of this case.

2. With the Court's assistance, the parties engaged in extensive negotiations during the trial of this matter that ultimately led to the settlement of Mr. Brandt's claims. On March 8, 2007, the parties, through their respective counsel, placed the settlement in principle on the record. The agreement was that Mr. Brandt would receive, in full settlement of all claims against

HDI, George Holley and the Salem Estate, total compensation of $3 million, with at least $150,000 of the total in cash (as opposed to HDI stock), but with the precise amount of cash not yet determined.

3.   Although the parties made extensive efforts to finalize the settlement after the March 8, 2007 hearing, they were not able to agree upon all of the remaining, essential details of the settlement. Accordingly, the parties ultimately agreed to submit the unresolved issues to the Court in the form of a "baseball arbitration," under which the Court would determine which side's position most fairly: (1) reflected the intent and essence of the settlement in principle, and (2) balanced the parties' respective, legitimate interests, in light of the securities law issues implicated by the settlement.

4.   On July 19, 2007, this Court issued a Ruling Regarding Disputed Settlement Terms ("Ruling"). Since the Court issued the Ruling, Mr. Brandt has obtained new evidence of the actual economic value of the settlement that the Court ordered, which he believes demonstrates that the actual value of that settlement is dramatically less than $3 million.

5.   After extensive communications between Mr. Brandt and the undersigned counsel, the determination was made that Wiggin and Dana that would not represent Mr. Brandt in any further proceedings in this matter. For this reason, on or about August 1, 2007, the undersigned counsel filed a motion seeking that the Court afford Mr. Brandt extra time to file a Motion for Reconsideration of the Ruling, so that Mr. Brandt had time to find successor counsel to pursue such a motion. The Court denied the request for additional time on or about August 20, 2007.

6.   On or about September 4, 2007, the Defendants, through their counsel Paul Brown, wrote the Court seeking an order compelling enforcement of the Ruling. It is the

undersigned counsel's understanding that Mr. Brandt still desires to explore what options, if any, he may have to seek reconsideration and/or an appeal of the Ruling. Mr. Brandt has been advised repeatedly that if he wished to pursue such options, he would need to do so either on his own or through other counsel and that the undersigned would not represent him in any such efforts. By letter to the Court dated September 6, 2007, Mr. Brandt acknowledged that Wiggin and Dana no longer represented him in this matter, and stated that he would respond to Mr. Brown's September 4, 2007 letter directly to the Court.

7. Under these circumstances, it clearly would not be appropriate for the undersigned counsel to maintain appearances on behalf of Mr. Brandt in the above-captioned case. Accordingly, pursuant to Local Rule 7(e), the undersigned hereby move to withdraw their appearances, so that Mr. Brandt is free to pursue, either *pro se* or through successor counsel, whatever options he believes to be appropriate in connection with this matter.

By: _____
Edward Wood Dunham (ct05429)
Jonathan M. Freiman (ct24248)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax
edunham@wiggin.com
jfreiman@wiggin.com

His Attorneys

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

# CERTIFICATE OF SERVICE

| | |
|---|---|
| Plaintiff Leonard Brandt, ) | Case No. 3:01 CV 1889 (SRU) |
| ) | |
| v. ) | |
| ) | |
| Defendants MIT Development Corp., ) | |
| Home Diagnostics, Inc, George H. ) | |
| Holley, and Judy Cheng Salem, ) | |
| Executrix of the Estate of Robert J. ) | |
| Salem ) | |

I hereby certify that on September 7, 2007, a copy of foregoing Motion to Withdraw Appearances was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jonathan M. Freiman
Jonathan M. Freiman (ct24248)
jfreiman@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508
(203) 498-4400
(203) 782-2889 (fax)