UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

LEONARD BRANDT,                                  :

        Plaintiff,                               : Civil Action No.:
                                 3:01-1889 (SRU)
        - against -                             :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,    : **DECLARATION OF**
AND JUDY CHENG SALEM, EXECUTRIX OF THE       : **PAUL M. BROWN**
ESTATE OF ROBERT J. SALEM,                   :

        Defendants.                            :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

       PAUL M. BROWN, hereby declares under penalty of perjury:

       1.     I am a member of the firm of Satterlee Stephens Burke & Burke LLP, attorneys for defendants Home Diagnostics, Inc. and George H. Holley ("Defendants"), and submit this affirmation in support of Defendants' Motion to Enforce the Settlement Agreement with plaintiff Leonard Brandt ("Brandt").

       2.     Defendants bring this Motion to Confirm the Settlement Agreement so that the Court will issue an Order: (i) to enforce the terms of the binding settlement agreement that the parties reached in open court on March 8, 2007; (ii) to compel Brandt to comply with the Court's Second and Third Rulings Regarding Disputed Settlement Terms which Brandt has violated and continues to violate; and (iii) to find Brandt in civil contempt of court and award to Defendants the costs, attorney's fees and expenses incurred by Defendants in attempting to obtain Brandt's compliance with the Settlement and the Court's Second and Third Rulings Regarding Disputed Settlement Terms.

       3.     Brandt's actions not only violate this Court's rulings, but it is inequitable that Brandt continues to ignore binding rulings of the Court with impunity while the Defendants

expend significant amounts of time and money to attempt to compel Brandt to live up to his end

of the settlement. Defendants have incurred thousands of dollars in attorney's fees and

additional interest (interest that they were ordered to pay when Your Honor adjusted the

defendants' payment obligations on October 31).

      4.     Moreover, Defendants have incurred the expense of an escrow agent, as ordered

by the Court; however, that escrow agent, Cozen and O'Connor, had only agreed to serve as

escrow agent through December 31, 2007. Although Defendants have negotiated with the

escrow agent so that it would extend its agency through January 31, 2008, we are informed that

Defendants will have to obtain a new escrow agent if this matter is not resolved by January 31,

2008. A bank is the most likely successor and its charges for so acting will be substantial.

Defendants should not have to bear these charges. Thus, Defendants respectfully request that

their Motion to Enforce the Settlement Agreement be considered expeditiously.

      5.     Annexed hereto as Exhibit A is a true and correct copy of a Settlement transcript

of the March 8, 2007 proceedings before this Court. The proceedings began in the morning at

9:35 a.m. and were concluded by 11:20 a.m. A binding settlement agreement was reached on the

record in open court, and was fully acknowledged and agreed to by the parties, with the benefit

and consent of their respective attorneys (the "Settlement Agreement").

      6.     Annexed hereto as Exhibit B is a true and correct copy of an email from

plaintiff's counsel, Edward Dunham of Wiggin and Dana, to defense counsel, on March 8, 2007,

at 3:06 p.m. In that email, Mr. Brandt's counsel announced to all counsel -- and a mediator who

had been contacted previously -- that "We have resolved this matter, so there is no need for

anything further … ."

7.    Annexed hereto as Exhibit C is a true and correct copy of a Conference Memorandum issued by Judge Underhill on May 16, 2007.

8.    Annexed hereto as Exhibit D is a true and correct copy of a "Ruling Regarding Disputed Settlement Terms," issued July 19, 2007 (the "First Ruling").

9.    Annexed hereto as Exhibit E is a true and correct copy of Defendants' Opposition to Brandt's Motion for Extension of Time, dated August 3, 2007.

10.    Annexed hereto as Exhibit F is a true and correct copy of an Electronic Endorsement Order of the Court, signed on August 20, 2007, stating that the parties' Settlement Agreement "does not contemplate a motion to reconsider," and denying Brandt's motion concerning reconsideration.

11.    Annexed hereto as Exhibit G is a true and correct copy of a letter from defense counsel to Judge Underhill, dated September 4, 2007.

12.    Annexed hereto as Exhibit H is a true and correct copy of a letter from defense counsel to Judge Underhill, dated September 20, 2007.

13.    Annexed hereto as Exhibit I is a true and correct copy of a "Ruling Regarding Disputed Settlement Terms," issued October 31, 2007 (the "Second Ruling").

14.    Annexed hereto as Exhibit J is a true and correct copy of a letter from defense counsel to Judge Underhill, dated November 16, 2007.

15.    Annexed hereto as Exhibit K is a true and correct copy of the transcript of proceedings (via telephone conference) before Judge Underhill on December 6, 2007.

16.    Annexed hereto as Exhibit L is a true and correct copy of a "Third Ruling Regarding Disputed Settlement Terms," issued on December 7, 2007 (the "Third Ruling").

- 3 -

718405_2

17.    Annexed hereto as Exhibit M is a true and correct copy of a letter from defense counsel to Judge Underhill, dated December 17, 2007.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed:  January 16, 2008

Paul M. Brown

- 4 -