UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
LEONARD BRANDT,                           :

      Plaintiff,                         : Civil Action No.:
                                          3:01-1889 (SRU)
    - against -                          :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,  :
and JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,                 :

      Defendants.                        : August 3, 2007
---------------------------------x

## DEFENDANTS' OPPOSITION TO BRANDT'S
## MOTION FOR EXTENSION OF TIME

Defendants Home Diagnostics, Inc. ("HDI") and George H. Holley ("Holley") (together, "Defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, respectfully submit this memorandum of law in opposition to plaintiff Leonard Brandt's ("Brandt's") Motion For Extension of Time, filed August 1, 2007 (the "Motion").

In short, plaintiff's Motion is frivolous and should be denied because it seeks additional time to file a Motion for Reconsideration of a <u>private</u> event (i.e., a binding mediation) – <u>not</u> any decision or order of this Court – and thus, the private ruling cannot be "reconsidered" pursuant to Local Rule 7(b) or any other rule.

    1.    By its very terms, the Court's "Ruling Regarding Disputed Settlement Terms," issued July 19, 2007, was a "private event." See Ex. A (the "Private Ruling" at 2) ("Although captioned a 'ruling,' this decision shall be treated as a private event.").

    2.    As the Court will recall, this case was settled for cash and restricted stock, and, were it to become necessary, the Court was to act as a binding mediator to impose a

702484_3

decision concerning disputed terms on which the total settlement proceeds would be paid. For that contingency, the parties agreed to binding "baseball" mediation. See Ex. A (Private Ruling at 1).

3.  Specifically, the parties agreed – with the advice and consent of their counsel – that, if they were unable to resolve certain remaining issues of their settlement, they would submit to binding mediation by way of a "baseball arbitration" in which Your Honor would choose and adopt the submitted position of one party. See Ex. B (Conference Memorandum, dated May 16, 2007, at 1); see also the recorded transcript of the March 8, 2007 Settlement, attached hereto as Exhibit C ("Settlement Tr."), at 969:23 – 971:20.

4.  Unfortunately, the parties could not reach agreement, and each side submitted its best arguments in support of its position. Your Honor then "carefully reviewed the transcript of the proceedings in which the parties stated the terms of their settlement in principle [and] considered the arguments made in the parties' submissions." Ex. A (Private Ruling at 1). Your Honor chose the Defendants' proposal, and issued the Private Ruling. Id.

5.  The Private Ruling is final and binding, with no further rights of appeal, review or reconsideration of any type. Id. Indeed, the entire case has already been dismissed. Id. at 2.

6.  Given that there is no case or docket, that the ruling was a "private event," and that Brandt and his counsel had agreed to this procedure, Brandt's instant Motion is wholly inappropriate.

7.  Not only does the Private Ruling and Conference Memorandum make it abundantly clear that Brandt agreed to binding mediation of limited settlement issues for which

there is no "reconsideration," but the transcript of the March 8, 2007 Settlement confirms as much. In relevant part, the Settlement was as follows:

> (Court) Finally, if there are details of the settlement that cannot be resolved, for example, if the parties cannot agree on the details concerning the transfer of stock, the parties will come here, I will attempt to resolve those disputes informally.
>
> If that informal process does not work, the parties are all authorizing me to act as an, in effect a <u>binding mediator and to impose a decision on the areas of dispute</u> concerning the details of the settlement.
>
> So, in sum, that's my understanding of the settlement and counsel can correct me or fill me in if I've missed something.
>
> Mr. Dunham: Your Honor, I think that was an <u>entirely accurate</u> summary.
>
> Mr. Brown: I agree, Your Honor.
>
> The Court: All right. Mr. Brandt, did you follow everything that I said?
>
> Mr. Brandt: I did. <u>That was an excellent summary, an excellent hearing, so I understood every word</u>.
>
> The Court: So, let me ask you this: Are you agreeing to the settlement terms I just outlined?
>
> Mr. Brandt: <u>Yes</u>.

Ex. C (Settlement Tr. at 970:23 – 971:20) (emphasis added).

  8. Clearly, Brandt and his counsel understood and consented to Your Honor acting as "a binding mediator" who would "impose a decision on the areas of dispute concerning the details of the settlement." <u>Id.</u>

  9. Notably, Brandt does not claim the limited Private Ruling was made in "manifest disregard of the law," that it violates public policy, or that Your Honor did not have authority to render the Private Ruling. Rather, Brandt alleges that the economic value of the settlement has changed (Motion, ¶ 1), which is not an appropriate ground for seeking "reconsideration" of a binding mediation ruling such as this. Brandt simply cannot seem to accept the finality of the process, even though he agreed to it.

10. Pursuant to Rule 11, Defendants are hereby sending formal notice to Brandt demanding that he withdraw this Motion and refrain from filing any Motion for Reconsideration, since both motions are totally devoid of legal merit.[1]

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Brandt's Motion and grant Defendants' their attorney's fees and costs in opposing this frivolous Motion.

Dated: New York, New York
       August 3, 2007

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
    Paul M. Brown (CT 23232)
    Aaron M. Zeisler (admitted *pro hac vice*)
    Justin E. Klein (admitted *pro hac vice*)
*Attorneys for Defendants*
230 Park Avenue
New York, New York 10169
(212) 818-9200
(203) 818-9606 fax

---

[1] Defendants remain prepared to conclude (or enforce) the settlement with Brandt – they have forwarded him a formal settlement agreement, have communicated with their transfer agent regarding the shares of HDI stock, and simply await Brandt's acceptance of the Private Ruling.

4

702484_3

## **CERTIFICATION**

This is to certify that on August 3, 2007, a copy of the foregoing document was filed electronically. A true copy of the foregoing was also mailed via first class U.S. mail, postage prepaid, to:

>Edward W. Dunham, Esq.
>Jonathan Freiman, Esq.
>Wiggin & Dana LLP
>One Century Tower
>New Haven, Connecticut 06508-1832

_____
Aaron M. Zeisler

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD BRANDT

v.

MIT DEVELOPMENT CORP., ET AL.

Civ. Action No.
3:01 CV 1889 (SRU)

## RULING REGARDING DISPUTED SETTLEMENT TERMS

On March 8, 2007, the parties settled this case. The settlement, which was placed on the record, provided that the parties would continue to negotiate the details of the terms on which the *Redacted* The settlement also provided that, in the event that the parties could not resolve those remaining details and I could not mediate any differences informally, that I would serve as a binding mediator and would impose a decision concerning the disputed terms of the settlement. That contingency has come to pass, and this ruling serves as my decision regarding the final terms of the settlement among the parties.

We have proceeded by way of "baseball arbitration," with each side submitting their last, best settlement position. My task is to choose between the parties' positions and to impose on the parties as the final settlement terms the proposal that most fairly reflects the intent of the parties in reaching the settlement in principle. In doing so, I have carefully reviewed the transcript of the proceedings in which the parties stated the terms of their settlement in principle. I have also considered the arguments made in the parties' submissions.

The defendants' proposal best reflects the terms of the settlement in principle and the intent of the parties at the time they agreed to settle this case. *Redacted*



As previously agreed, the appeal of the ruling granting summary judgment in favor of the Salem estate, if it is still pending, shall be voluntarily dismissed immediately. The parties shall immediately exchange mutual general releases. It is not necessary to dismiss or withdraw claims made in this case, because the case has already been dismissed. The parties are free to enter into a formal settlement agreement, if they wish, but the terms of the payment obligation will not be delayed or otherwise affected should they choose to do so.

Although captioned a "ruling," this decision shall be treated as a private event. This decision will be sent to the parties, but will not be docketed unless a party requires docketing in a proceeding to enforce the settlement agreement. This court will retain jurisdiction to enforce the

terms of the parties' settlement agreement, including those terms imposed by this ruling.

It is so ordered.

Issued this 19th day of July 2007 at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD BRANDT,
Plaintiff,

v.

MIT DEV. CORP., et al.,
Defendants.

Civil Action. No.
3:01cv1889 (SRU)

## CONFERENCE MEMORANDUM

On May 15, 2007, I held a phone conference off the record with Edward Dunham, representing the plaintiff, and Paul Brown representing the defendants. Richard Roberts, counsel for the Estate of Robert Salem, also participated. The purpose of the conference was to discuss whether counsel have been able to finalize the details of the settlement agreement entered into in principle on the record on March 8, 2007 (doc. #220).

Counsel have not been able to finalize the details of the settlement and have requested that I resolve the dispute pursuant to the terms of the settlement put on the record on March 8th. I indicated that we would, in effect, conduct a binding mediation process. All counsel agreed.

I set the following requirements for the mediation:

First, counsel should submit to me a list of all undisputed terms, that is, those aspects of the settlement to which all parties agree. Second, counsel should send me a copy of the March 8, 2007 transcript that sets forth the terms of the settlement in principle. Finally, with respect to the disputed terms of the settlement, we will conduct a "baseball style" arbitration. Each side should fax to my chambers a written letter setting forth its position and an explanation of its position. All relevant information (e.g., position, explanation, argument, etc.) must be included in a single submission. Each side may submit two positions, but I encourage counsel to limit its submission

to one or two positions; each side should submit the same number of positions. I will then choose and adopt one of the positions, that is, either the plaintiff's position or the defendants' position. Thus, each side has an incentive to set forth a position that is as reasonable as possible. Counsel shall fax simultaneous ex parte letters to me on **Friday, May 25, 2007** setting forth their positions. Counsel will then provide a copy to opposing counsel on the following business day, Tuesday, **May 29, 2007.**

I told counsel that I do not intend to docket their submissions, but rather will treat the process as a private objection. There was no objection.

Dated at Bridgeport, Connecticut, this 16th day of May 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

08MAR07 Brandt.txt

953

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - x
LEONARD BRANDT                 :  No. 3:01CV-1889 (SRU)
                               :  915 Lafayette Boulevard
         vs.                   :  Bridgeport, Connecticut
                               :
                               :  March 8, 2007
HOME DIAGNOSTICS, INC., ET AL  :

- - - - - - - - - - - - - - - x

                       SETTLEMENT

B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

    FOR THE PLAINTIFF:

         WIGGIN & DANA
             One Century Tower
             P.O. Box 1832
             New Haven, Connecticut 06510
         BY: EDWARD WOOD DUNHAM, ESQ.
             JONATHAN M. FREIMAN, ESQ.


    FOR THE DEFENDANTS:

         SATTERLEE, STEPHENS, BURKE & BURKE
             230 Park Avenue
             New York, N. Y.   10169
         BY: PAUL M. BROWN, ESQ.
             JUSTIN KLEIN, ESQ.


               Susan E. Catucci, RMR
               Official Court Reporter
               915 Lafayette Boulevard
            Bridgeport, Connecticut 06604
                 Tel: (917) 703-0761
```

954

```
1                    (9:35 O'CLOCK, A. M.)
2           THE COURT:  How did you make out last night?
```

Page 1

08MAR07 Brandt.txt

3   it was accurate. Jack's voice sort of went in and out a
4   little but everything I heard I think was accurate.
5       MR. DUNHAM: And, Len, I'll just tell you that
6   what I just reported on the record was entirely consistent
7   with several conversations that you and I had earlier this
8   morning by phone.
9       THE COURT: All right. What I'd like to do
10  now --
11      MR. BROWN: May I add one thing, Judge? I don't
12  mean to interrupt.
13      THE COURT: Sure.
14      MR. BROWN: You did ask me before --
15      THE COURT: Just use the mic, if you would.
16      MR. BROWN: You did ask me before about
17  Mr. Roberts.
18      MR. BRANDT: I can really not hear that
19  unfortunately. I can hear you, Judge Underhill,
20  excellently.
21      THE COURT: Okay.
22      MR. BRANDT: But these are very possible --
23      MR. BROWN: You asked me before about Judge
24  Roberts (sic).
25      THE COURT: Can you hear now?

969

1       MR. BRANDT: I'll try to give it a shot.
2       MR. BROWN: I spoke to Mr. Roberts today and
3   explained to him, a little while ago, what the overall
4   terms were, and although he has not spoken to Judy Salem,
5   the executrix, the last several days, he knows that George
6   Holley has been speaking to her and if she is agreeable to
7   this settlement, that's fine with him. And I know that

Page 14

```
                    08MAR07 Brandt.txt
 8    Mr. Holley spoke with Ms. Salem this morning and that she
 9    has even contacted her tax attorney to find about the tax
10    consequences. So I think whatever is represented here is
11    accurate.
12              THE COURT: Very good. All right.
13              MR. BRANDT: Judge?
14              THE COURT: Yes.
15              MR. BRANDT: Just a second?
16              THE COURT: Sure.
17              MR. BRANDT: It would help me greatly, because I
18    can hear you so well, if you could summarize the gist of
19    what was just said. And they would also hear that, would
20    prove that your understanding, their understanding and
21    everyone's understanding is the same. A summary may be
22    helpful not just for me but everybody.
23              THE COURT: Okay. In summary, as I understand
24    it, the parties have agreed to settle this case in its
25    entirety, including the pending appeal of my ruling
```

                                                                970

```
 1    concerning the Salem estate. The terms of that settlement
 2    are in essence that ████████████████████████████
 3    ████████████████████████████████████████████  * Redacted *
 4    ████████████████████████████████████████████
 5    ██
 6    ████████████████████████████████████████████
 7    ████████████████████████████████████████████
 8    ████████████████████████████████████████████
 9    ████████████████████████████████████████████
10    ███████to withdraw claims against HDI, Mr. Holley, as  * Redacted *
11    well as the pending appeal concerning the Salem estate.
```



Page 15

08MAR07 Brandt.txt

12       All parties, and I'm assuming at this point that
13  includes the Salem estate but someone can tell me if
14  that's not right, will exchange mutual general releases,
15  meaning everybody's releasing everybody else from whatever
16  claims they may have through the day of the release.
17       There are various details to work out concerning
18  the stock that's going to be transferred as part of the
19  settlement amount. Those issues were not detailed just
20  now in any great detail but they include issues such as
21  the ability to sell the stock, what restrictions there may
22  be on that stock, et cetera.
23       Finally, if there are details of the settlement
24  that cannot be resolved, for example, if the parties
25  cannot agree on the terms of the general releases, if the

971

1   parties cannot agree on the details concerning the
2   transfer of stock, the parties will come here, I will
3   attempt to resolve those disputes informally.
4        If that informal process does not work, the
5   parties are all authorizing me to act as an, in effect a
6   binding mediator and to impose a decision on the areas of
7   dispute concerning the details of the settlement.
8        So, in sum, that's my understanding of the
9   settlement and counsel can correct me or fill me in if
10  I've missed something.
11       MR. DUNHAM: Your Honor, I think that was an
12  entirely accurate summary.
13       MR. BROWN: I agree, Your Honor.
14       THE COURT: All right. Mr. Brandt, did you
15  follow everything that I said?
16       MR. BRANDT: I did. That was an excellent

Page 16

08MAR07 Brandt.txt

17  summary, an excellent hearing, so I understood every word.
18       THE COURT: So, let me ask you this: Are you
19  agreeing to the settlement terms that I just outlined?
20       MR. BRANDT: Yes.
21       THE COURT: All right. And let me now turn to
22  Mr. Holley and ask him on behalf of himself as well as on
23  behalf of HDI as its representative: Mr. Holley, are you
24  agreeing to the terms that I just outlined?
25       MR. HOLLEY: Yes, I am.

                                                                972

1        THE COURT: Both for yourself and for the
2   company?
3        MR. HOLLEY: Yes, I am.
4        THE COURT: All right. And did you want to make
5   any representations concerning statements that have been
6   made to you by the executrix of the Salem estate about
7   whether the estate will also agree to those terms?
8        MR. HOLLEY: The Salem estate has told me they
9   will participate in the settlement, although they did not
10  hear the full terms of what we discussed today.
11       THE COURT: All right. Mr. Brandt, what
12  Mr. Holley just said was that the estate has informed him
13  that they will participate in the settlement although they
14  have not heard all of the terms that have been outlined
15  today.
16       MR. BRANDT: So are we dependent on the -- does
17  this settlement understanding that we are trying to reach
18  today depend a further conversation?
19       THE COURT: Well, that's a good question. Let
20  me ask Mr. Holley on behalf of himself and HDI, in the

Page 17