**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818 9200

33 WOOD AVENUE S.
ISELIN, NJ 08830-2735
(732) 603-4966
FAX (732) 603-4977

E-Mail: azeisler@ssbb.com
Direct Dial: (212) 404-8737

FAX (212) 818-9606/7
www.ssbb.com

September 20, 2007

**BY REGULAR MAIL AND FAX (203-579-5704)**

Honorable Stefan R. Underhill
United States District Judge
914 Lafayette Boulevard
Bridgeport, CT  06604

      Re:   *Leonard Brandt v. MIT Development Corp., et al.*
            former Docket No. 3:01 cv 1889 (SRU)

Dear Judge Underhill:

      I write on behalf of the defendants in response to Mr. Brandt's September 14, 2007 letter ("Ltr."), and in furtherance of Mr. Brown's September 4, 2007 letter, which requested Your Honor's assistance in compelling Mr. Brandt to accept Your Honor's Private Ruling and the proposed settlement agreement. I will be brief and to the point.

      Mr. Brandt's entire opposition to the settlement and Private Ruling miscomprehends, if not willfully ignores, the premise of the "baseball arbitration" that <u>everyone agreed to</u> (Mr. Brandt, his counsel, the defendants, and their counsel) – namely, that Your Honor was to consider the submissions of each side with respect to the disputed settlement terms and "then choose and adopt one of the positions, that is, either the plaintiff's position or the defendants' position." See May 16, 2007 Conference Memo, p. 2 (attached hereto as Exhibit A). After careful review and consideration, Your Honor chose the defendants' position. See Private Ruling (Brown Letter, Ex. 1, p. 1).

      The Private Ruling and settlement should not be uprooted simply because Mr. Brandt now wishes to submit new information, explanations and argument.[1] Indeed, Your Honor clearly told each party that it may submit two positions, but that "[a]ll <u>relevant information</u> (e.g., position, explanation, argument, etc.) <u>must be included</u> ...." Ex. A (Conf. Memo., p. 1) (emphasis added). In Mr. Brandt's baseball submission to Your Honor, he could have chosen to address these newly-minted issues, or any others. Whether or not he did is irrelevant. Mr. Brandt agreed to the process, on the record, with the benefit of able counsel – Wiggins and Dana. He should be compelled to accept the finality of the process, and the result.

---

[1] Defendants strongly disagree with the contentions set forth in Mr. Brandt's letter, which, though patently hollow, are too numerous to address here. By way of example, however, your Honor should reject Mr. Brandt's specious claims that he "had no idea that [he] was ... agreeing to a private proceeding," and that he had no idea that "the shares that defendants propose to give [him] are *restricted shares*." See Ltr., p. 2. His assertions are not credible and contrary to the record. See Hearing Tr. at 970:19-22 & 970:23 - 971:17 (Exhibit B, attached). Even more specious is Mr. Brandt's claim that "Defendants have ignored the Ruling" and have failed to pay him. Ltr., p. 4. As Mr. Brown's letter demonstrates unequivocally, Defendants forwarded Mr. Brandt a settlement agreement <u>eight days</u> after Your Honor issued the Private Ruling, and they have bent over backwards to effectuate the settlement. Mr. Brandt's shameless assertion that he has not been paid is both inaccurate and entirely of his own making.

SATTERLEE STEPHENS BURKE & BURKE LLP
    Honorable Stefan R. Underhill
    September 20, 2007
    Page 2

      Accordingly, we respectfully request that Your Honor enforce the terms of the proposed settlement agreement annexed to Mr. Brown's letter, as per the Private Ruling. See Brown Letter, Ex. 1 (Private Ruling, p. 2) & Ex. 3 (settlement agreement). Moreover, defendants request that Mr. Brandt be compelled to: (i) withdraw his appeal against the Salem Estate, and (ii) execute general releases in favor of the defendants – immediately.[2]

      Respectfully submitted,

      Aaron M. Zeisler

AMZ:cag

cc:    Leonard Brandt (via fax: 714-545-2994)
      Richard Roberts, Esq. (via email: rroberts@nuzzo-roberts.com)
      Todd Mayover (via email: tmayover@hdidiabetes.com)
      Wayne Winters (via email: dwwinters@winters-forte.com)
      George Holley (via email: gholley@hdidiabeties.com)
      Edward W. Dunham, Esq. (via fax: 203-782-2889)

---

[2] It is crystal clear from the Private Ruling that the appeal "shall be voluntarily dismissed immediately" and that "[t]he parties shall immediately exchange mutual releases." Brown Letter, Ex. 1 (Private Ruling, p. 2). Yet, Mr. Brandt has refused to withdraw his appeal (even after receiving notice that the oral argument for the appeal is set for November 2, 2007), and Mr. Brandt also now threatens (in his letter, p. 6) to sue the defendants. This is outrageous and should not be countenanced.

706956_3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONARD BRANDT,
Plaintiff,

v.

MIT DEV. CORP., et al.,
Defendants.

Civil Action. No.
3:01cv1889 (SRU)

### CONFERENCE MEMORANDUM

On May 15, 2007, I held a phone conference off the record with Edward Dunham, representing the plaintiff, and Paul Brown representing the defendants. Richard Roberts, counsel for the Estate of Robert Salem, also participated. The purpose of the conference was to discuss whether counsel have been able to finalize the details of the settlement agreement entered into in principle on the record on March 8, 2007 (doc. #220).

Counsel have not been able to finalize the details of the settlement and have requested that I resolve the dispute pursuant to the terms of the settlement put on the record on March 8th. I indicated that we would, in effect, conduct a binding mediation process. All counsel agreed.

I set the following requirements for the mediation:

First, counsel should submit to me a list of all undisputed terms, that is, those aspects of the settlement to which all parties agree. Second, counsel should send me a copy of the March 8, 2007 transcript that sets forth the terms of the settlement in principle. Finally, with respect to the disputed terms of the settlement, we will conduct a "baseball style" arbitration. Each side should fax to my chambers a written letter setting forth its position and an explanation of its position. All relevant information (e.g., position, explanation, argument, etc.) must be included in a single submission. Each side may submit two positions, but I encourage counsel to limit its submission

to one or two positions; each side should submit the same number of positions. I will then choose and adopt one of the positions, that is, either the plaintiff's position or the defendants' position. Thus, each side has an incentive to set forth a position that is as reasonable as possible. Counsel shall fax simultaneous ex parte letters to me on **Friday, May 25, 2007** setting forth their positions. Counsel will then provide a copy to opposing counsel on the following business day, Tuesday, **May 29, 2007.**

I told counsel that I do not intend to docket their submissions, but rather will treat the process as a private objection. There was no objection.

Dated at Bridgeport, Connecticut, this 16th day of May 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

# EXHIBIT B

08MAR07 Brandt.txt

953

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

LEONARD BRANDT                 :  No. 3:01CV-1889 (SRU)
                               :  915 Lafayette Boulevard
         vs.                   :  Bridgeport, Connecticut
                               :
                               :  March 8, 2007
HOME DIAGNOSTICS, INC., ET AL  :

- - - - - - - - - - - - - - - x

                          SETTLEMENT


B E F O R E:

     THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

   FOR THE PLAINTIFF:

        WIGGIN & DANA
             One Century Tower
             P.O. Box 1832
             New Haven, Connecticut 06510
        BY:  EDWARD WOOD DUNHAM, ESQ.
             JONATHAN M. FREIMAN, ESQ.


   FOR THE DEFENDANTS:

        SATTERLEE, STEPHENS, BURKE & BURKE
             230 Park Avenue
             New York, N. Y.  10169
        BY:  PAUL M. BROWN, ESQ.
             JUSTIN KLEIN, ESQ.


             Susan E. Catucci, RMR
             Official Court Reporter
             915 Lafayette Boulevard
           Bridgeport, Connecticut 06604
               Tel: (917) 703-0761
```

B

954

```
 1                  (9:35 O'CLOCK, A. M.)
 2             THE COURT:  How did you make out last night?
```

Page 1

08MAR07 Brandt.txt

8   Mr. Holley spoke with Ms. Salem this morning and that she
9   has even contacted her tax attorney to find about the tax
10  consequences. So I think whatever is represented here is
11  accurate.
12           THE COURT: Very good. All right.
13           MR. BRANDT: Judge?
14           THE COURT: Yes.
15           MR. BRANDT: Just a second?
16           THE COURT: Sure.
17           MR. BRANDT: It would help me greatly, because I
18  can hear you so well, if you could summarize the gist of
19  what was just said. And they would also hear that, would
20  prove that your understanding, their understanding and
21  everyone's understanding is the same. A summary may be
22  helpful not just for me but everybody.
23           THE COURT: Okay. In summary, as I understand
24  it, the parties have agreed to settle this case in its
25  entirety, including the pending appeal of my ruling

970

1   concerning the Salem estate. The terms of that settlement
2   are in essence that the defendants are going to pay you,
3   Mr. Brandt, a total of $3 million, which will consist of
4   at least $150,000 in cash, the exact amount not having
5   been set yet.
6           The balance of the settlement amount will be
7   paid to you in the form of HDI stock. That stock will be
8   coming both from Mr. Holley and the Salem estate.
9           You agree in exchange for that total payment of
10  $3 million to withdraw claims against HDI, Mr. Holley, as
11  well as the pending appeal concerning the Salem estate.

Page 15

08MAR07 Brandt.txt

12      All parties, and I'm assuming at this point that
13 includes the Salem estate but someone can tell me if
14 that's not right, will exchange mutual general releases,
15 meaning everybody's releasing everybody else from whatever
16 claims they may have through the day of the release.
17      There are various details to work out concerning
18 the stock that's going to be transferred as part of the
19 settlement amount. Those issues were not detailed just
20 now in any great detail but they include issues such as
21 the ability to sell the stock, what restrictions there may
22 be on that stock, et cetera.
23      Finally, if there are details of the settlement
24 that cannot be resolved, for example, if the parties
25 cannot agree on the terms of the general releases, if the

971

1 parties cannot agree on the details concerning the
2 transfer of stock, the parties will come here, I will
3 attempt to resolve those disputes informally.
4      If that informal process does not work, the
5 parties are all authorizing me to act as an, in effect a
6 binding mediator and to impose a decision on the areas of
7 dispute concerning the details of the settlement.
8      So, in sum, that's my understanding of the
9 settlement and counsel can correct me or fill me in if
10 I've missed something.
11      MR. DUNHAM: Your Honor, I think that was an
12 entirely accurate summary.
13      MR. BROWN: I agree, Your Honor.
14      THE COURT: All right. Mr. Brandt, did you
15 follow everything that I said?
16      MR. BRANDT: I did. That was an excellent
Page 16

08MAR07 Brandt.txt

17    summary, an excellent hearing, so I understood every word.
18         THE COURT: So, let me ask you this: Are you
19    agreeing to the settlement terms that I just outlined?
20         MR. BRANDT: Yes.
21         THE COURT: All right. And let me now turn to
22    Mr. Holley and ask him on behalf of himself as well as on
23    behalf of HDI as its representative: Mr. Holley, are you
24    agreeing to the terms that I just outlined?
25         MR. HOLLEY: Yes, I am.

972

1          THE COURT: Both for yourself and for the
2     company?
3          MR. HOLLEY: Yes, I am.
4          THE COURT: All right. And did you want to make
5     any representations concerning statements that have been
6     made to you by the executrix of the Salem estate about
7     whether the estate will also agree to those terms?
8          MR. HOLLEY: The Salem estate has told me they
9     will participate in the settlement, although they did not
10    hear the full terms of what we discussed today.
11         THE COURT: All right. Mr. Brandt, what
12    Mr. Holley just said was that the estate has informed him
13    that they will participate in the settlement although they
14    have not heard all of the terms that have been outlined
15    today.
16         MR. BRANDT: So are we dependent on the -- does
17    this settlement understanding that we are trying to reach
18    today depend a further conversation?
19         THE COURT: Well, that's a good question. Let
20    me ask Mr. Holley on behalf of himself and HDI, in the

Page 17