UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br>Plaintiff,<br><br>v.<br><br>MIT DEVELOPMENT CORP., ET AL.,<br>Defendants. | CIVIL ACTION NO.<br>3:01cv1889 (SRU) |

### THIRD RULING REGARDING DISPUTED SETTLEMENT TERMS

On March 8, 2007, the parties settled this case. Under the terms of the settlement, which was placed on the record, I would serve as a binding mediator and impose a decision concerning the disputed terms of the settlement in the event that the parties could not otherwise resolve those disputed terms.

Following a process of "baseball arbitration," I issued a ruling regarding the disputed settlement terms on July 19, 2007. That ruling provided that the defendants would immediately pay the plaintiff $600,000 in cash and $2,400,000 in restricted HDI stock, calculated using a value of 94% of the average closing price for the five trading days immediately prior to July 19, 2007. The plaintiff would immediately voluntarily dismiss his appeal of the ruling granting summary judgment in favor of the Salem estate, and all parties would immediately exchange mutual general releases. I indicated that, although the parties were free to enter into a formal settlement agreement, the terms of the payment obligation would not be delayed or otherwise affected by any such agreement.

As of October 31, 2007, none of the parties had complied with the July 19, 2007 ruling. On that day, I ordered the defendants to immediately pay $600,000 cash, plus 6% interest calculated from July 20, 2007 until the date of payment, to an escrow agent to be held in escrow

for the benefit of the plaintiff. In addition, the defendants were ordered to pay $2,400,000 in restricted HDI stock into escrow. The number of shares of HDI stock to be transferred was to be calculated using a value of 94% of the average of that stock's valuation price set forth in the July 19 ruling (i.e., the average closing price for the five trading days prior to July 19, 2007) and the closing price on October 30, 2007. Plaintiff was to be accorded piggyback rights to sell his HDI shares under any registration filed by HDI within twelve months of October 31, 2007.

I ordered the plaintiff to immediately voluntarily dismiss his appeal of the ruling granting summary judgment in favor of the Salem estate. I ordered the parties to immediately exchange mutual general releases. I stressed that the terms of the parties' obligations set forth above will not be delayed or otherwise affected should the parties choose to do so.

As of today, the defendants have placed cash and HDI shares into escrow for Brandt in accordance with the October 31 ruling. Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance. I instructed Brandt to comply with the settlement terms and my prior ruling by signing the defendants' release and returning it to defense counsel or instead to the escrow agent. In the event that Brandt chooses not to comply with the terms of the settlement, he may file a motion to reopen this case. Brandt should file such a motion, or send my chambers a letter indicating that he intends to do so, by Thursday, December 13.

Although captioned a "ruling," this decision shall be treated as a private event. This decision will be sent to the parties, but will not be docketed unless a party requires docketing in a proceeding to enforce the settlement agreement. This court will retain jurisdiction to enforce the terms of the parties' settlement agreement, including those terms imposed by this ruling.

2

It is so ordered.

Issued this 7th day of December 2007 at Bridgeport, Connecticut.

                                              Stefan R. Underhill
                                              United States District Judge