**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
E-Mail: azeisler@ssbb.com
Direct Dial: (212) 404-8737

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

December 17, 2007

**BY REGULAR MAIL AND FAX:** (203) 579-5704

Honorable Stefan R. Underhill
United States District Judge
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

    Re:  <u>Brandt v. Home Diagnostics, Inc., et al. - CV No. 3:01-1889 (SRU)</u>

Dear Judge Underhill:

    We write in opposition to Mr. Brandt's ("Brandt's") letter to Your Honor dated December 12, 2007, in which he makes it clear that he does not intend to comply with Your Honor's binding arbitration ruling concerning the settlement of this matter. In the Third Ruling Regarding Disputed Settlement Terms, dated December 7, 2007, Your Honor clearly stated:

> Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance.

Given that Brandt has not complied with the binding arbitration ruling, we respectfully ask Your Honor to issue a Fourth Ruling awarding defendants the attorney's fees and costs that they have incurred since August 20, 2007, when Your Honor issued an Endorsement Order denying Brandt's Motion for an extension of time, finding that "[t]he parties agreed that [you] would act as a mediator and impose a final decision of the open issues."

    It is inequitable that Brandt continues to ignore binding arbitration rulings with impunity while the defendants have had to expend significant amounts of time and money to attempt to compel Brandt to live up to his end of the settlement and arbitration. Defendants have incurred thousands of dollars in attorney's fees and additional interest (interest that they were ordered to pay when Your Honor adjusted the defendants' payment obligations on October 31). In addition, HDI must now expend additional time and legal expense to address the settlement because HDI, as a publicly traded company, has already accounted for the settlement in its financial disclosure statements and must account for Brandt's failure to comply with Your Honor's rulings.

    Simply put, an award of attorney's fees and costs is entirely appropriate given that Brandt has willfully ignored the results of a binding arbitration that <u>everyone</u> <u>agreed</u> <u>to</u> (Brandt, his counsel Wiggin and Dana, the defendants, and their counsel) – namely, that Your Honor was to consider the submissions of each side with respect to disputed settlement terms and "then

716173_2

SATTERLEE STEPHENS BURKE & BURKE LLP

December 17, 2007
Page 2

choose and adopt one of the positions, that is, either the plaintiff's position or the defendants' position." See May 16, 2007 Conference Memo, p. 2. Your Honor has ruled, and Brandt should be compelled to accept the finality of the process and the result.

Finally, defendants oppose Brandt's request to delay further – until January 22, 2008 – so that he can have his files "turned over" to his new counsel – counsel that he is still in "the process of retaining." Not only has Brandt been saying that he would retain new counsel since August 2007 (which he has clearly failed to do), but Brandt has not paid his former attorneys, Wiggin and Dana, over $300,000 for services rendered. Defendants should not bear the burden of additional delays simply because Brandt did not retain counsel in the last six months and has refused to pay his former attorneys. Such delays harm George Holley, the Salem Estate (which still cannot be closed without the finality of a settlement and a release by Brandt), and HDI (which must make public filings concerning the settlement).

Your Honor ruled on disputed settlement terms on July 19, 2007, and the defendants have bent over backwards ever since to effectuate the settlement. Brandt, however, has done nothing but waste everyone's time and resources – and he has suffered no cost or penalty for his intransigence.

In light of the foregoing, we believe that a Fourth Ruling awarding defendants their attorney's fees and costs since August 20, 2007 is absolutely warranted. Brandt is the reason that this case has not been put to rest. In any event, the defendants will seek to docket Your Honor's private rulings promptly so that defendants can formally move to enforce the settlement in the District Court.

Respectfully,

Aaron M. Zeisler

AMZ:cag

cc:   Leonard Brandt
      Richard Roberts, Esq.

716173_2