UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
LEONARD BRANDT,                                          :

       Plaintiff,                                    : Civil Action No.:
                                                      3:01-1889 (SRU)
       - against -                                  :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,                :
and JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,                               :

       Defendants.                                   : January 17, 2008
---------------------------------------------------------x

**DEFENDANTS' MEMORANUM OF LAW
IN SUPPORT OF THEIR MOTION TO
ENFORCE THE SETTLEMENT AGREEMENT**

Defendants Home Diagnostics, Inc. ("HDI") and George H. Holley ("Holley") (together, "Defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, respectfully submit this memorandum of law in support of their Motion to Enforce the Settlement Agreement with plaintiff Leonard Brandt ("Brandt").

Defendants respectfully request that the Court issue an Order: (i) enforcing the terms of the binding settlement agreement that the parties reached in open court on March 8, 2007; (ii) compelling Brandt to comply with the Settlement Agreement and the Court's Second and Third Rulings Regarding Disputed Settlement Terms which Brandt has violated and continues to violate; (iii) holding Brandt in civil contempt of court and awarding Defendants their costs, attorney's fees and expenses incurred in attempting to enforce the Settlement Agreement and the Court's Second and Third Rulings Regarding Disputed Settlement Terms; and (iv) granting such other relief that the Court deems just, proper and equitable.

718958_5

**PRELIMINARY STATEMENT**

As the Court will recall, this action was settled in open court, on the record, on March 8, 2007 (the "Settlement Agreement"). Brandt, with the benefit of capable counsel, Wiggin and Dana, <u>unequivocally</u> agreed to clear settlement terms that Your Honor set forth on the record so that there would be no misunderstanding by the parties. In fact, on March 8, 2007, after hearing Your Honor's recitation of the settlement terms, Brandt stated on the record that the recitation "was an excellent summary, an excellent hearing, so I <u>understood every word</u>." See Settlement Tr. at 971:14-20 (emphasis added) (annexed to the Declaration of Paul M. Brown ["Brown Decl."] as Exhibit A). Not only did Brandt agree to the settlement terms and state that he clearly understood them, but Brandt's counsel stated that Your Honor's recitation of the terms "was an entirely accurate summary." <u>Id.</u>, Tr. at 971:11-12.

Under the Settlement Agreement, the settlement amount was fixed at $3 million, comprised of a minimum of 150,000 in cash and the remaining amount in shares of HDI stock. Because Your Honor wanted finality with respect to this action, the Settlement Agreement also included a resolution mechanism if the parties subsequently could not reach agreement on certain issues concerning details of the payment of cash and shares of stock. Indeed, Your Honor was expressly empowered in the Settlement Agreement to decide the disputed issues – and did so by conducting an informal "baseball style" mediation. <u>See</u> Conference Memorandum, dated May 16, 2007, p. 1 (Brown Decl., Ex. C). Each side submitted its best arguments in support of its position. Your Honor then "carefully reviewed the transcript of the proceedings" in which the parties stated the terms of their settlement agreement, considered the arguments made in the parties' submissions, and chose the Defendants' proposal. <u>See</u> Ruling Regarding Disputed Settlement Terms, issued July 19, 2007 (the "First Ruling"), p. 1 (Brown Decl., Ex. D). The

718958_5

Court's ruling was that Brandt was to receive $600,000 in cash and a number of shares of HDI restricted stock equal to $2,400,000 as measured by a value of 94% of the stock's average closing price for the five trading days prior to July 19, 2007. First Ruling, p. 2.

Nevertheless, and despite his unequivocal agreement to the Settlement Agreement on the record, Brandt has never accepted that First Ruling, or the two subsequent rulings that Your Honor has issued compelling him to live up to his end of the bargain and abide by the terms of the Settlement Agreement and subsequent rulings.[1] It is well-settled in this Circuit that when a party, like Brandt, voluntarily enters into a binding and conclusive settlement agreement on the record, the Court cannot relieve him of that choice simply because his assessment of the consequences was, in his perception, incorrect. Indeed, the Second Circuit has held that a court has a duty to enforce a settlement agreement entered into on the record by the parties, with the benefit of counsel, even when one party has a change of heart.

Finally, Brandt should be held in civil contempt for his flat refusal to abide by the terms of the binding Settlement Agreement and Your Honor's Second and Third Rulings – rulings with which the Defendants are in compliance but Brandt is not. See Third Ruling (Brown Decl., Ex. L) ("Because Brandt has not complied with my earlier order, I again order his compliance."). Sanctions against Brandt for contempt – which should include an award of Defendants' costs, attorney's fees and expenses incurred in attempting to enforce the settlement – are entirely appropriate here, especially given all of the time, money and judicial resources that Brandt has devoured simply because he cannot let go.

---

[1] See the October 31, 2007 "Ruling Regarding Disputed Settlement Terms," issued October 31, 2007 (the "Second Ruling"), and the December 7, 2007 "Third Ruling Regarding Disputed Settlement Terms" (the "Third Ruling"), annexed to the Brown Declaration as Exhibits I & L, respectively. The Second Ruling altered the payment terms in Brandt's favor, giving him several months of interest on the $600,000 cash payment and additional shares of HDI stock due to Your Honor's alteration of the formula for determining the stock's valuation price. See Ex. I, p. 2. Brandt was not placated.

3

718958_5

As Your Honor stated at the most recent December 6, 2007 hearing, Brandt has needlessly multiplied these proceedings by "haggling month after month after month in what seems to be just a circular argument over and over again." See Hearing Tr. at 20:4-6 (Brown Decl., Ex. K). He must be compelled to accept the finality of the process, and the result. Enough is enough.

## STATEMENT OF FACTS

In light of all the hearings, conference memoranda, written rulings and letters from defense counsel to Your Honor that have occurred since this case was settled on March 8, 2007, Defendants refer the Court to the Declaration of Paul M. Brown, executed on January 16, 2008 (and the exhibits annexed thereto), for a complete statement of the facts.

For purposes of this motion, it is sufficient to state that this case was settled on the record on March 8, 2007 during proceedings that were concluded by 11:20 a.m. Brown Decl. ¶5 & Ex. A. All parties and their respective attorneys fully acknowledged and agreed that a binding Settlement Agreement had been reached during the proceedings. Id., Ex. A (Tr. at 971:11-972:3). By 3:06 p.m. that afternoon, Brandt's attorney, Jack Dunham of Wiggin and Dana, reiterated to all counsel that "We have resolved this matter, so there is no need for anything further ... ." Id., Ex. B. The Court retained jurisdiction to enforce the terms of the settlement.

### The Terms of the Settlement Agreement

The specific settlement terms were that: (i) the defendants were to pay Brandt a total of $3 million, which was to consist of at least $150,000 in cash and the remainder to be paid in restricted HDI stock; (ii) Brandt was to withdraw his claims against the defendants and dismiss his pending appeal; (iii) the parties were to exchange mutual general releases "releasing everybody else from whatever claims they may have through the date of the release;" and (iv) if

the parties were unable to agree on the terms of the general release <u>or</u> the details concerning the HDI stock, the parties expressly agreed that Your Honor would, in your judicial capacity, informally decide the disputed settlement terms, and ultimately, "impose a decision on the areas of dispute." <u>See</u> Settlement Tr. at 970:1- 971:7 (Brown Decl., Ex. A).

### **The Settlement Agreement Is Clear, Was Agreed to by All Parties and Is Binding**

There was no doubt that this was an enforceable settlement agreement from the beginning. Your Honor specifically requested that the parties and their counsel put the settlement on the record so that there would be a binding and enforceable settlement. As Your Honor stated on March 8:

> (The Court) What I'd like to do then, if it's okay with everybody, is get your clients in here and let's put on the record <u>the terms in effect of an enforceable settlement</u> so that I have some comfort that the case has settled and we're not in a mistrial situation where it's going to fall apart and we've got to start all over again or whatever.

Tr. at 961:10-16 (emphasis added) (Brown Decl., Ex. A). After a brief recess, and while Brandt was present by telephone, Your Honor again stated on the record:

> (The Court) . . . We're in court and we're on the record, and what we're going to try to do I think is put on the record the terms of the parties' settlement and please let me know if at any time you can't hear what's going on.

<u>Id.</u>, Tr. at 965:25- 966:4.

First, Brandt's attorney, Jack Dunham, set forth the terms of the settlement, which both Brandt and his attorney stated were accurate:

> Mr. Brandt: I think I heard it all and I think it was accurate. Jack's voice sort of went in and out a little but everything I heard I think was accurate.
>
> Mr. Dunham: And Len, I'll just tell you that what I just reported on the record was <u>entirely consistent with several conversations that you and I had earlier this morning by phone.</u>

5

Id., Tr. at 968:2-8 (emphasis added).

Next, in an abundance of prudence, Your Honor also recited the terms of the parties' settlement, asking the parties and their counsel to correct anything that was inaccurate; however, no one made any corrections and everyone stated that they understood the terms perfectly, including and <u>especially</u> Brandt:

> (The Court) So, in sum, that's my understanding of the settlement and counsel can correct me or fill me in if I've missed something.
>
> Mr. Dunham: Your Honor, I think that was an <u>entirely accurate</u> summary.
>
> Mr. Brown: I agree, Your Honor.
>
> The Court: All right. Mr. Brandt, did you follow everything that I said?
>
> Mr. Brandt: I did. <u>That was an excellent summary, an excellent hearing, so I understood every word</u>.
>
> The Court: So, let me ask you this: Are you agreeing to the settlement terms I just outlined?
>
> Mr. Brandt: <u>Yes</u>.
>
> The Court: All right. And let me now turn to Mr. Holley and ask him on behalf of himself as well as on behalf of HDI as its representative: Mr. Holley, are you agreeing to the terms that I just outlined?
>
> Mr. Holley: Yes, I am.
>
> The Court: Both for yourself and for the company?
>
> Mr. Holley: Yes, I am.

Id., Tr. at 971:8 – 972:3 (emphasis added).

### Brandt Ignores the Settlement Agreement and the Court's Rulings With Impunity

When the parties could not reach agreement on certain issues concerning the payment of cash and shares of stock, Your Honor was expressly empowered by the Settlement

Agreement to decide the disputed issues – and did so by conducting an informal "baseball style" mediation. See Brown Decl., Ex. C, p. 1. Each side submitted its best arguments in support of its position, Your Honor carefully reviewed them, chose the Defendants' proposal, and issued a ruling on July 19, 2007 – the First Ruling. See id., Ex. D, p. 1. Brandt was to receive $600,000 in cash and a number of shares of HDI restricted stock equal to $2,400,000 as measured by a value of 94% of the stock's average closing price for the five trading days prior to July 19, 2007. Id., p. 2. The number of HDI shares was adjusted in Brandt's favor in the Second Ruling. Id., Ex. I, p. 2.

Brandt has refused to accept the First Ruling, or the two subsequent rulings that Your Honor issued compelling him to abide by the terms of the Settlement Agreement and the rulings regarding disputed terms. See id., Exhs. I & L. In the Third Ruling, the Court expressly stated:

> Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance.

Id., Ex. L, p. 2. Brandt has not provided Defendants with an executed release as ordered by the Court. Defendants, in contrast, have complied with the Court's Ruling and the terms of the Settlement Agreement. Id.

### Defendants Have Incurred, and Continue To Incur, Significant Burdens and Costs

Ever since the Court ruled on disputed settlement terms on July 19, 2007 (the First Ruling), the Defendants have bent over backwards to effectuate the settlement. See, e.g., Brown Decl., Exs. G, H, J & M. Brandt, however, has done nothing but waste everyone's time and resources – and he has suffered no cost or penalty for his intransigence.

7

Specifically, Defendants have incurred thousands of dollars in attorney's fees and additional interest (interest that they were ordered to pay when Your Honor adjusted the defendants' payment obligations on October 31). Brown Decl. ¶ 3. Defendants have also incurred the expense of an escrow agent, as ordered by the Court; however, that escrow agent, Cozen and O'Connor, had only agreed to serve as escrow agent through December 31, 2007. Id. ¶ 4. Although Defendants have negotiated with the escrow agent so that it would extend its agency through January 31, 2008, Defendants will have to obtain a new escrow agent (probably a bank) if this matter is not resolved by January 31, 2008 at probable substantial additional cost. Id. Thus, Defendants respectfully request that their Motion to Enforce the Settlement Agreement be considered expeditiously.

In each of the First, Second and Third Rulings, the Court stated that "This court will retain jurisdiction to enforce the terms of the parties' settlement agreement, including those terms imposed by this ruling." See, e.g., Third Ruling, p. 2 (Brown Decl., Ex. L).

## POINT I

### THE SETTLEMENT AGREEMENT AND THE COURT'S SUBSEQUENT RULINGS MUST BE ENFORCED AGAINST BRANDT

It is well-settled that "'a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court an on the record is enforceable even if the agreement is never reduced to writing, signed, or filed.'" Powell v. Omnicon, 497 F.3d 124, 129 (2d Cir. 2007). Indeed, like other contracts, a settlement agreement, "[o]nce entered into, [] is binding and conclusive." Id. at 128; accord Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005); Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). It is also well established that "when a party that makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the

consequences was incorrect." See Powell, 497 F.3d at 129; see also Wesley v. Correction Officer Badge #9417, No. 05-5912, 2008 WL 41129, at *2 (S.D.N.Y. Jan. 2, 2008) (citing Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) ("[i]t is the duty of this Court to enforce a settlement agreement in a case that was pending before it and which it has approved").

Indeed, the binding effect of such a settlement does not change even if a party has a change of heart or gets cold feet between the time he agreed to the settlement and the time that the performance of the settlement terms is completed. See Powell, 497 F.3d at 129. Even the pro se status of a plaintiff does "not allow the litigant to escape from the terms of the valid agreement." Duff v. Commissioner, No. 04-1568, 2007 WL 4373444, at *3 (E.D.N.Y. Dec. 10, 2007).

Here, based upon the Settlement hearing transcript and other evidence quoted at length in the Statement of Facts above, it is abundantly clear that Brandt entered into a Settlement Agreement that is final and binding. See Tr. at 971:8 - 972:3 (Brown Decl., Ex. A); Powell, 497 F.3d at 128-29; Omega Engineering, 432 F.3d at 443. Also, Brandt does not claim (because he has no basis to claim) that the First, Second or Third Rulings by Your Honor were made in "manifest disregard of the law," that they violated public policy, or that Your Honor did not have authority to render such rulings. Rather, Brandt seems to allege that the economic value of the settlement has changed, which is not an appropriate ground for vacating the Settlement Agreement or Your Honor's rulings regarding disputed settlement terms, and it is certainly not a basis on which Brandt may willfully ignore the orders of a Federal District Court Judge.

The Powell case is particularly instructive here because it based on virtually identical facts and a virtually identical chronology to this action. Indeed, in Powell, like here, the

plaintiff orally agreed to settlement terms recited on the record and in the presence of counsel. Powell, 497 F.3d at 128. Thereafter, like here, plaintiff refused to sign the written agreement formalizing the settlement and sent a letter to the court requesting that the case be restored to the calendar. Id. Further, counsel for Powell, like Wiggin and Dana, asked that they be relieved from representation. Id. In concluding that the settlement was enforceable, the district court noted that Powell seemed to be "a sophisticated and knowledgeable business woman." Similarly, here, there can be no doubt that Brandt is a sophisticated business man.

>  The Powell court enforced the settlement, and the Second Circuit affirmed:

> Here, Powell and Omnicon entered into a "voluntary, clear, explicit, and unqualified" settlement on the record in open court: Omincon recited the terms of the agreement on the record, and Powell expressly assented on the record to those terms and the dismissal of the case.

Id.

As in Powell, this court should enforce the Settlement Agreement and the subsequent rulings against Brandt. Brandt simply cannot seem to accept the finality of the process, even though he agreed to it and there is no basis to relieve him from his choice to settle – again, with the benefit of able counsel. See Powell, Wesley, Meetings & Expositions, Inc., supra.

## POINT II

### BRANDT SHOULD BE HELD IN CIVIL CONTEMPT AND THE COURT SHOULD AWARD THE DEFENDANTS THE COSTS, ATTORNEY'S FEES AND EXPENSES INCURRED IN ATTEMPTING TO ENFORCE THE SETTLEMENT

"'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Chambers v. NASCO, Inc., 501 U.S. 32, 42-44 (1991) (internal

718958_5

citation omitted) (emphasis added). Indeed, "these powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (internal citations omitted).

As a means of exercising these powers, it is well-settled that this Court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) (citing Connolly v. J.T. Ventures, 851 F.2d 930, 932 (7th Cir. 1988); see also United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947). Contempt is appropriate where, as here, there is an order of this Court that "set[s] forth in specific detail an unequivocal command" which a party has violated. Ferrell v. Pierce, 785 F.2d 1372, 1378 (7th Cir.1986) (citation and internal quotation marks omitted). Moreover, willfulness is not an element of civil contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).

Judicial sanctions for contempt may be employed for "either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United Mine Workers, 330 U.S. at 303-304 (internal citation omitted); Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282, 290 (5th Cir. 2002) (affirming trial court's sanction of $18,404 against appellant, "jointly and severally, 'which amount is the total of all the costs, attorneys' fees and expenses incurred by Defendants in attempting to obtain the compliance of Plaintiff and its representatives with the terms of the protective orders…'").

11

718958_5

In Doi v. Halekuluni, 276 F.3d 1131 (9th Cir. 2002), the Ninth Circuit affirmed a district court's order enforcing an oral settlement reached on the record and sanctioned plaintiff for her unreasonable failure to sign the written agreement. The Ninth Circuit explained:

> [H]ere, the plaintiff made a binding settlement agreement in open court; when read the terms of the agreement, and asked if she agreed with them, [plaintiff] simply responded, "yeah." At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation.

Id.

It is clear that Brandt is in violation of the terms of the Settlement Agreement and this Court's Second and Third Rulings. Brandt has not provided Defendants with an executed release through October 31, 2007 as ordered by the Court, and in the Third Ruling, the Court expressly stated that Brandt was in violation of the Court's order:

> Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance.

Third Ruling, p. 2 (Brown Decl., Ex. L). Defendants, in contrast, have complied with the Court's Ruling and the terms of the Settlement Agreement. Id. And, ever since the Court ruled on disputed settlement terms on July 19, 2007 (the First Ruling), the Defendants have bent over backwards to effectuate the settlement. See, e.g., Brown Decl., Exs. G, H, J & M. As the Court has now acknowledged, Brandt has needlessly multiplied these proceedings by "haggling month after month after month in what seems to be just a circular argument over and over again." See Hearing Tr. at 20:4-6 (Brown Decl., Ex. K). As stated in Halekuluni, the court should not "countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing

12

718958_5

the settlement when it suits [him]." Here, everyone "has spent enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." Halekuluni, supra.

Accordingly, Brandt should be found in civil contempt and, respectfully, we ask that an Order be issued for "both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." See United Mine Workers, 330 U.S. at 303-304 (internal citation omitted); Lyn-Lea Travel Corp., 283 F.3d at 290. Specifically, Defendants request that the Court find that Brandt is in contempt and issue and Order: (i) compelling him to provide a general release to Defendants dated through October 31, 2007 as ordered (Brown Decl., Ex. K & L), and (ii) awarding Defendants their costs, attorney's fees and expenses incurred by them in attempting to enforce the Settlement Agreement and the Court's Second and Third Rulings.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order: (i) enforcing the terms of the binding Settlement Agreement that the parties reached in open court on March 8, 2007; (ii) compelling Brandt to comply with the Settlement Agreement and the Court's Second and Third Rulings Regarding Disputed Settlement Terms which Brandt has violated and continues to violate; (iii) holding Brandt in civil contempt of court and awarding Defendants their costs, attorney's fees and expenses incurred in attempting to enforce the Settlement Agreement and the Court's Second and Third Rulings Regarding Disputed Settlement Terms; and (iv) granting such other relief that the Court deems just, proper and equitable.

---

[2] The Defendants request leave to submit documentation of their fees, costs and expenses upon the Court's finding of contempt.

13

718958_5

Dated: New York, New York
       January 17, 2008

                        SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
     Paul M. Brown (CT 23232)
     Aaron M. Zeisler (admitted *pro hac vice*)
     Justin Klein (admitted *pro hac vice*)
*Attorneys for Defendants*
230 Park Avenue
New York, New York 10169
(212) 818-9200
(203) 818-9606 fax

## **CERTIFICATION**

      This is to certify that on January 17, 2008, a copy of the foregoing document was filed electronically. A true copy of the foregoing was also mailed via first class U.S. mail, postage prepaid, to:

      Leonard Brandt
      28911 Via Hacienda
      San Juan Capistrano, CA 92675

      _____
      Justin E. Klein

718958_5