UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
LEONARD BRANDT,                                          :

        Plaintiff,                                      : Civil Action No.:
                                                            3:01-1889 (SRU)
        - against -                                    :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,               :
and JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,                              :

        Defendants.                                    : January 21, 2008
------------------------------------------------------------x

**DEFENDANTS' OPPOSITION TO BRANDT'S MOTION
FOR EXTENSION OF TIME TO REOPEN ACTION**

Defendants Home Diagnostics, Inc. ("HDI") and George H. Holley ("Holley") (together, "Defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, respectfully submit this memorandum of law in opposition to plaintiff Leonard Brandt's ("Brandt's") Motion For Extension of Time To File Motion to Reopen Case, dated January 18, 2008 ("Pl.'s Mot.").

1.    Defendants respectfully submit that Brandt should not be permitted to reopen the case as a matter of law, much less be given more time to do so. As set forth in detail in Defendants' Motion to Enforce the Settlement Agreement, dated January 17, 2008 ("Defs.' Enforcement Mot."), Brandt entered into a binding settlement agreement on the record and with the benefit of able counsel on March 8, 2007 (the "Settlement Agreement") – a Settlement Agreement that cannot now be undone simply because Brandt has had a change of heart. See Defs.' Enforcement Mot. at 8-10.

2.    Indeed, under well-settled Second Circuit precedent, the Settlement Agreement is binding and must be enforced. See, e.g., Powell v. Omnicon, 497 F.3d 124, 128-

29 (2d Cir. 2007) (enforcing oral settlement agreement entered into in open court as binding, stating that "[h]ere, Powell and Omnicon entered into a 'voluntary, clear, explicit, and unqualified' settlement on the record in open court: Omincon recited the terms of the agreement on the record, and Powell expressly assented on the record to those terms and the dismissal of the case"); accord Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005); Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). Brandt should not be given more time so that he can further delay his settlement obligations, especially when the law is so clear that the settlement agreement is binding and final.

    3.    In addition, Defendants respectfully submit that Brandt's contumacious behavior should not be tolerated any longer than it has already been tolerated. Although Brandt's newly retained counsel states that the Court gave Brandt, in effect, the option of either complying with the Settlement Agreement or moving to reopen the case, such a statement misapprehends the record since March 8, 2007 and, specifically, the tenor of the Court's words during the telephonic hearing on December 6, 2007.

    4.    On December 6, 2007, Brandt was ordered to comply with the Settlement Agreement and the Court's prior rulings – and when he stated that he may not comply – the Court told Brandt that it had no more patience for him and that if he chose not to follow the Court's rulings, he had no other option than to file a motion to reopen the case. See Dec. 6, 2007 Tr. at 19-21 (annexed to the Declaration of Paul M. Brown, executed on January 16, 2008 ["Brown Decl."], Ex. K). Yet, the Court's frustration with Brandt's contempt for its authority should not be misinterpreted as condoning or permitting a motion to reopen the case. The Court clearly indicated that it was **not** saying that it would grant such a motion (id.), and indeed, on

2

December 7 (the very next day), this Court once again ordered Brandt to comply with the terms of the Settlement Agreement and the prior rulings regarding disputed settlement terms:

> Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance.

Third Ruling, p. 2 (Brown Decl., Ex. L); see also Defs.' Enforcement Mot. at 12. Thus, Brandt is in contempt of this Court, and whether or not he chooses to file a motion to reopen the case, it does not alter the fact that he remains in contempt of Court.

     5.    Finally, Brandt's request for additional time beyond January 22, 2008 to move to reopen the case is untimely given that he was never granted until January 22 to make a motion in the first place – January 22 was merely a deadline self-granted by Brandt, not the Court. Brandt should have made this motion by December 12, 2007, or shortly thereafter. Brandt's continued delays are grossly prejudicial to the Defendants, and again, there is no legal authority for Brandt to move to reopen the case under the circumstances at issue here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Brandt's Motion.

Dated: New York, New York
        January 21, 2008

                            SATTERLEE STEPHENS BURKE & BURKE LLP

                            By: _____
                                Paul M. Brown (CT 23232)
                                Aaron M. Zeisler (admitted *pro hac vice*)
                                Justin E. Klein (admitted *pro hac vice*)
*Attorneys for Defendants*
230 Park Avenue
New York, New York 10169
(212) 818-9200
(203) 818-9606 fax

**CERTIFICATION**

This is to certify that on January 21, 2008, a copy of the foregoing document was mailed via Federal Express, postage prepaid, to:

>Thomas J. Rechen, Esq.
>Pepe & Hazard LLP
>225 Asylum Street
>Goodwin Square
>Hartford, CT 06103-4302

and by regular U.S. Mail, postage prepaid, to:

>Richard A. Roberts, Esq.
>Nuzzo & Roberts, L.L.C.
>One Town Center
>P.O. Box 747
>Cheshire, CT 06410

_____
Aaron M. Zeisler

4