UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT | : Civil Action No. 3:01-CV-01889 (SRU) |
| Plaintiff | : |
| v. | : |
| MIT DEVELOPMENT CORP., HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY, and JUDY CHENG SALEM, EXECUTRIX OF THE ESTATE OF ROBERT J. SALEM | : |
| Defendants | : JANUARY 25, 2008 |

**PLAINTIFF, LEONARD BRANDT'S MOTION FOR RELIEF FROM: (i) THE COURT'S MARCH 15, 2007 ORDER; (ii) THE PARTIES' REPORT OF AN AGREEMENT IN PRINCIPLE TO SETTLE ON MARCH 8, 2007; AND (iii) THE COURT'S JULY 19 AND OCTOBER 31, 2007 RULINGS REGARDING DISPUTED SETTLEMENT TERMS; AND TO REOPEN THE CASE AND FOR A NEW TRIAL**

Plaintiff, Leonard Brandt ("Brandt"), hereby moves to reopen the above-captioned case and, pursuant to Fed. R. Civ. P. 60, for relief from the Orders of this Court on May 15, 2007, July 19, 2007, October 31, 2007, from the report by the parties to the Court of an "agreement in principle to settle" on March 8, 2007, and for a new trial. In support hereof, Brandt represents as follows:

1. This action was commenced in Minnesota State Court, removed to the United States District Court for the District of Minnesota, and transferred to this Court on September 20, 2001 pursuant to 28 U.S.C. § 1404(a). Plaintiff's fourth Amended Complaint dated

**ORAL ARGUMENT REQUESTED**

December 10, 2002 claims damages for breach of contract, failure to pay wages, promissory estoppel and unjust enrichment.

2. This case went to trial before a jury over the course of five (5) days between February 28 and March 7, 2007. On March 8, 2007 the parties had reported to the Court that they had reached "an agreement in principle to settle."

3. On March 8, 2007, the Court dismissed the jury, ordered the case settled and closed, and retained jurisdiction as a binding mediator or arbitrator to resolve any settlement terms that the parties were not able to resolve through their own discussions.

4. The reported "agreement in principle to settle" contemplated payment of $3 million in cash and securities to Brandt by the Defendants. On the morning that the settlement was reported to the Court, Brandt learned for the first time that the securities being offered as consideration for the settlement terms were restricted, and therefore not available to be publicly traded. Brandt and his counsel had no more information about the nature of the restriction at that time, and they would not see the language of the restriction for another 4½ months.

5. When the parties were not able to resolve through their own discussions certain terms pertaining to how the $3 million in consideration would be delivered to Brandt, the Court conducted a so-called "baseball-style arbitration" with each side submitting its proposed settlement terms and the Court selecting one of the submitted proposals as the final resolution of this matter.

6. Although the Court entered its Ruling Regarding The Parties' Disputed Settlement Terms on July 19, 2007, and entered subsequent rulings on October 31, 2007 and

December 6, 2007, this case has not settled to date due to mutual mistakes of the parties and other reasons more particularly set forth in the accompanying memorandum of law.

WHEREFORE, for the foregoing reasons and those more particularly set forth in the accompanying memorandum of law, Plaintiff Leonard Brandt respectfully moves this Court for an order granting relief from:

- The parties report to this Court on March 8, 2007 that they had reached "an agreement in principle to settle;" and

- The Court's March 15, 2007 Order, and its private orders as a "binding mediator" dated July 19, and October 31, 2007; and

Plaintiff further respectfully requests that this Court restore this case to the active case docket and assign this matter for jury selection and a trial of the claims set forth in his fourth Amended Complaint dated December 10, 2002.

PLAINTIFF:<br>
LEONARD BRANDT<br>
<br>
By _____<br>
Thomas J. Rechen<br>
Federal Bar No. ct03385<br>
Pepe & Hazard LLP<br>
His Attorneys<br>
225 Asylum Street<br>
Hartford, CT  06103-4302<br>
Tel. 860-522-5175<br>
Fax 860-522-2796<br>
trechen@pepehazard.com

3

## CERTIFICATION

I hereby certify that on January 25, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**COUNSEL FOR HOME DIAGNOSTICS, INC.
and GEORGE H. HOLLEY**
Aaron M. Zeisler, Esq.
Paul M. Brown, Esq.
Satterlee Stephens Burke & Burke, LLP
230 Park Avenue
New York, NY  10169
Tel.:  212.404.8737
Fax:  212.818.9606
Email:  azeisler@ssbb.com
Email:  pbrown@ssbb.com (sent via e-mail)

Frederick L. Murolo, Esq.
Murolo & Murolo LLC
288 Highland Avenue
Cheshire, CT  06410
Tel:  203.272.2099
Fax:  203.272.2659
Email: fmurolo@murololaw.com

Richard A. Roberts, Esq.
Nuzzo & Roberts
One Town Center
P. O. Box 747
Cheshire, CT  06410
Tel: 203.250.2000
Fax: 203.250.3131
Email:  rroberts@nuzzo-roberts.com

Thomas J. Rechen