UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONARD BRANDT | : | Civil Action No. 3:01-CV-01889 (SRU) |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MIT DEVELOPMENT CORP., HOME | : | |
| DIAGNOSTICS, INC., GEORGE H. | : | |
| HOLLEY, and JUDY CHENG SALEM, | : | |
| EXECUTRIX OF THE ESTATE OF | : | |
| ROBERT J. SALEM | : | |
| | : | |
| Defendants | : | MARCH 4, 2008 |

PLAINTIFF, LEONARD BRANDT'S SUPPLEMENTAL
MEMORANDUM OF LAW RE: CONTEMPT AND SANCTIONS

I.    INTRODUCTION

Plaintiff Leonard Brandt ("Brandt") provides this supplemental memorandum of law to

address the issue raised by the Court during oral argument on February 28, 2008; namely,

whether an order of contempt and sanctions is procedurally appropriate, and to address

Defendants' letter to the Court dated February 29, 2008.[1]

II.    ARGUMENT

A.    An Order Of Contempt And Sanctions Is Not Procedurally Appropriate.

An order of contempt is inappropriate here for the simple reason that the only orders

---

[1] Defendants George H. Holley ("Holley") and Home Diagnostics, Inc. ("HDI") delivered a letter brief to Chambers dated February 29, 2008 addressing the matters that are the subject of this memorandum. Such letter briefs are procedurally inappropriate and are discouraged by this Court's Chambers Practices unless requested by the Court.

**ORAL ARGUMENT NOT REQUESTED**

issued thus far are orders of a private mediator resulting from a private mediation process. While the private mediator was a sitting United States District Court Judge, and the same judge that is presently considering Defendants' request for contempt orders and sanctions, the fact remains that Brandt has not violated any orders of the Court issued in its capacity as a court.

The purpose of an order of contempt is not punitive but, rather, to enforce compliance with a court's clear and unambiguous orders. *King v. Allied Vision,* 65 F.3d 1051, 1058 (2d Cir. 1995) (recognizing that a contempt order is a "potent weapon" used as a last resort where the alleged contemnor violated a clear and unambiguous order of the district court); *New York State National Organization for Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir. 1989) (recognizing that a district court has the inherent power to hold a party in civil contempt in order to enforce compliance with its orders) *cert. denied,* 495 U.S. 947, 110 S. Ct. 2206 (1990). There are no such orders here; only orders of the Court acting in the role of private mediator. While the Court retained jurisdiction over the mediation process, to this point the Court has not issued any orders concerning the results of that process. Indeed, until January 17, 2008, when Defendants filed their Motion to Enforce Settlement Agreement, this Court had no motions pending before it concerning the private mediation process. Thus, as there were no orders of the Court, there are no grounds for an order of contempt or sanctions.

Each of the cases cited by Defendants in their letter brief involved direct violations of orders issued by a district court in its capacity as a court. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 57, 111 S.Ct. 2123, 2139 (1991) (affirming imposition of sanctions stemming from a party's repeated actions in violation of various orders of the district court and for other bad faith conduct, which the party was warned could result in sanctions); *Roberson v. Guiliani,*

2

346 F.3d 75, 83 (2d. Cir. 2003) (district court's dismissal order, issued as an order of the court acting in its judicial capacity, expressly provided that it would retain jurisdiction over the settlement agreement for enforcement purposes); *Collins v. Ford Motor Co., et al.,* No. 3:97cv757, 2007 U.S. Dist. LEXIS 26210 (D. Conn. 2007) (stating that where district court's dismissal order incorporates a party's obligation to abide by the terms of a settlement agreement, a breach of those terms may sometimes give rise to an order of contempt, but denying motion for contempt under circumstances of the case).

Plaintiff submits, however, that this case presents a unique procedural circumstance where the Court, by agreement of the parties, acted in a role outside of its traditional judicial capacity. The resulting orders are orders of a private mediation process that have only recently become the subject of post-mediation proceedings before the Court. The Court cannot consider contempt findings or sanctions until it has issued orders in its judicial capacity and there has been clear non-compliance with its judicial orders. That scenario is not present here.

**B.    An Order Of Contempt And Sanctions Is Not Substantively Appropriate.**

Even if an order of contempt was procedurally appropriate, there are insufficient substantive grounds for such orders.

First, the Court should consider the circumstances giving rise to the "settlement" at issue here. As made clear by Attorney Dunham in his letter to the Court on May 29, 2007, it was only *after* Brandt had accepted a settlement of $3 million, including at least $150,000 in cash and the balance in *freely tradable HDI stock*, that Defendants advised that the stock might be restricted. *See* Declaration of Thomas J. Rechen, Exh. J.[2,3] That sudden and late change in

---

[2] All exhibit citations refer to exhibits attached to the Declaration of Thomas J. Rechen.

3

the "deal" under consideration—the product of no wrongdoing by Brandt—set in motion the events that now give rise to the circumstance before the Court.

Second, as of October 31, 2007, neither party had complied with the Ruling Regarding Disputed Settlement Terms entered on July 19, 2007. *See* Exh. Q.

Third, Brandt delivered a withdrawal of his appeal as to the Salem Estate to be held in escrow pending completion of the settlement terms. Indeed, he was prepared to accept those terms, with one exception pertaining to the scope of the release. The withdrawal of the appeal has since been filed with the Court by the Salem Estate without Brandt's authorization.

Fourth, Brandt, in good faith, considered any requirement that he release claims arising after March 8, 2007 as beyond the scope of the "settlement." The Court's Ruling Regarding Disputed Settlement Terms dated October 31, 2007 required Brandt to provide a general release. *See* Exh. Q. Brandt was prepared to provide a general release through March 8, 2007, but Defendants were unwilling to accept it, insisting on a release of claims that arose thereafter, were unknown to Brandt as of March 8, 2007, were not framed by the pleadings, and had not been on trial before the Court.[4] While the Court may believe that it had the authority to require Brandt to issue a release of claims arising after March 8, 2007, Brandt has respectfully disagreed. It was not bad faith on his part to bring that disagreement to the Court's attention and ask for relief from the private mediator's extension of a release beyond anything that was agreed to or contemplated on March 8, 2007.

---

[3] Brandt respectfully requests that the Court consider Exhibit J in connection with the pending motions. Attorney Dunham's letter clearly suggests that the nature of the stock and the effect of the restrictions thereon were not fully understood until after March 8, 2007.
[4] In fact, Brandt provided an executed release of all claims that were asserted or could have been asserted in the lawsuit.

4

Finally, and as the transcript of proceedings on December 6, 2007 clearly shows, the Court allowed Brandt the option of moving to reopen the case, and he elected that option. He should not be held in contempt for pursuing an option that the Court, *sua sponte,* suggested and allowed him to pursue.

These facts make an award of sanctions substantively inappropriate.

## III.    CONCLUSION

For the foregoing reasons, and those more particularly set forth in Plaintiff, Leonard Brandt's Memorandum of Law In Opposition to Defendants Home Diagnostics, Inc.'s and George H. Holley's Motion to Enforce Settlement Agreement, dated February 7, 2008, Defendants' request for an order of civil contempt and other relief, as set forth in their Notice of Motion to Enforce Settlement Agreement dated January 17, 2008, must be denied.

PLAINTIFF:
LEONARD BRANDT

By
Thomas J. Rechen
Federal Bar No. ct03385
Pepe & Hazard LLP
His Attorneys
225 Asylum Street
Hartford, CT  06103-4302
Tel. 860-522-5175
Fax 860-522-2796
trechen@pepehazard.com

## CERTIFICATION

I hereby certify that on March 4, 2008, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

**COUNSEL FOR HOME DIAGNOSTICS, INC.**
**and GEORGE H. HOLLEY**
Aaron M. Zeisler, Esq.
Paul M. Brown, Esq.
Satterlee Stephens Burke & Burke, LLP
230 Park Avenue
New York, NY   10169
Tel.:  212.404.8737
Fax:  212.818.9606
Email:  azeisler@ssbb.com
Email:  pbrown@ssbb.com (sent via e-mail)


Richard A. Roberts, Esq.
Nuzzo & Roberts
One Town Center
P. O. Box 747
Cheshire, CT   06410
Tel: 203.250.2000
Fax: 203.250.3131
Email:  rroberts@nuzzo-roberts.com

Thomas J. Rochen

6