UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
LEONARD BRANDT,                                :

       Plaintiff,                          : Civil Action No.:
                                             3:01-1889 (SRU)
       - against -                        :

HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY,  :
and JUDY CHENG SALEM, EXECUTRIX OF THE
ESTATE OF ROBERT J. SALEM,                 :

       Defendants.                         : March 7, 2008
---------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF A FINDING OF CONTEMPT AND SANCTIONS**

       Defendants Home Diagnostics, Inc. ("HDI") and George H. Holley ("Holley") (together, "Defendants"), by their attorneys Satterlee Stephens Burke & Burke LLP, respectfully submit this reply memorandum of law in further support of a finding of contempt and sanctions against plaintiff Leonard Brandt ("Brandt") and in response to Brandt's Supplemental Memorandum of Law Re: Contempt and Sanctions, dated March 4, 2008 ("Pl.'s Mem."). Annexed hereto as **Exhibit A** is Defendants' February 29, 2008 letter to the Court addressing Brandt's contempt and the propriety of issuing sanctions and awarding attorney's fees. Defendants are compelled to address three blatant misrepresentations of the record by Brandt contained in his Supplemental Memorandum of Law (which we believe violate Rule 11) and one legal argument by Brandt that Defendants submit is indefensible.

       With respect to the first misrepresentation, Plaintiff and his counsel outrageously state as a matter of fact that "it was only *after* Brandt had accepted a settlement of $3 million, including at least $150,000 in cash and the balance in *freely tradable HDI stock*, that Defendants

726357_3

advised that the stock might be restricted." Pl.'s Mem. at 3 (emphasis in original). However, Your Honor stated during the February 28, 2008 motion hearing, there could be <u>no</u> <u>doubt</u> that everyone knew on March 8, 2007 that the stock was restricted given both the official transcript of proceedings and the informal reports Your Honor was receiving from counsel for both parties. Indeed, Your Honor stated for Mr. Rechen's benefit (since he was not present on March 8) that "[a]bsolutely everybody knew the stock was restricted. Period. There's no doubt about that." <u>See</u> Feb. 28, 2008 Hearing Tr. at 11:13 - 12:4 (annexed hereto as **Exhibit B**); <u>see</u> <u>also</u> Hearing Tr. at 20:4-8 ("Because it was clear as day that this case was only going to settle for that number if the vast majority of the consideration was done with restricted, everybody knew it was restricted, HDI stock. That was from the beginning.").

Even the May 29, 2007 letter from Brandt's former counsel that Brandt and his current counsel now cite <u>clearly</u> states, "After Mr. Brown and I arrived at court on March 8 and ***before*** <u>we advised Your Honor about the settlement</u>, he gave me additional information about the supposed restrictions on the stock." <u>See</u> Rechen Decl., Exh. J (p. 3, para. 3) (emphasis added); Pl.'s Mem. at 3 & n.3. Brandt's continued factual assertion that Defendants advised him of possible restrictions on the stock "only *after* Brandt had accepted a settlement" (Pl.'s Mem. at 3) is false and a willful misrepresentation of the record. Moreover, Brandt and his counsel were expressly told – just one week ago – not to take a position in this Court that is not supported by the evidence. <u>See</u> Ex. B hereto (Hearing Tr. at 21:14-17) ("You don't want to be taking a position in court that's not supported by the evidence. Period. And let me just tell you your position is not supported by the evidence.").

Second, Brandt makes the false factual statement that he "delivered a withdrawal of his appeal as to the Salem Estate <u>to be held in escrow</u> pending completion of the settlement terms. . . . The withdrawal of the appeal has since been filed with the Court by the Salem Estate

2

without Brandt's authorization." Pl.'s Mem. at 4 (emphasis added). Yet, Brandt's own correspondence utterly belies his bogus assertion. Indeed, Brandt was ordered to immediately withdraw the appeal (not place a dismissal in escrow), and Brandt expressly acknowledges this fact in his own November 15, 2007 letter to counsel for the Salem Estate:

> The Court ordered me to withdraw my appeal against the Salem Estate as I agreed to do as part of the Settlement put on the record on March 8, 2007. During the October 31, 2007 telephonic conference, Mr. Roberts graciously offered to follow Judge Underhill's suggestion of sending me a draft pleading that I could then sign and have filed to dismiss the appeal. As soon as Mr. Roberts can get me those documents, I will get them signed and filed. Mr. Roberts, your assistance in this regard is appreciated.

Brandt's Nov. 15 Letter, p. 3 (annexed hereto as **Exhibit C**) (emphasis added). Then, on November 27, 2007, Brandt wrote defense counsel and stated he had "attached a copy of the signed dismissal of Salem appeal that yesterday you stated neither your office or Mr. Robert's office received." See Brandt's Nov. 27, 2007 email (annexed hereto as **Exhibit D**). Brandt certainly never said to defense counsel, "don't file this dismissal" or "place it into escrow." Brandt's assertion that the withdrawal of the appeal was done "without Brandt's authorization" (Pl.'s Mem. at 4) is simply false. Worse yet, he is not only "taking a position in court that's not supported by the evidence," he is taking a position that he knows to be false based upon his own correspondence.

Third, Brandt states falsely that he "in good faith, considered any requirement that he release claims arising after March 8, 2007 as beyond the scope of the settlement," and that the Court's October 31, 2007 ruling only required him to provide a "general release." Pl.'s Mem. at 4. However, as the record clearly reflects, Brandt and the Defendants expressly agreed to release everybody "from whatever claims they may have through the day of the release." See Mar. 8, 2007 Settlement Tr. at 970:12-16 (Rechen Decl., Ex. A) (emphasis added). The February 28,

3

2008 motion hearing transcript also confirms that Brandt agreed to provide a general release through the day (or date) of the release. See Feb. 28, 2008 Hearing Tr. at 30:20- 31:8 (Exhibit B hereto). Furthermore, and contrary to Brandt's assertion, Your Honor <u>expressly ordered</u> Brandt on October 31, 2007 that the release was to be dated as of October 31, 2007:

> The Court: All right. This is in effect what I'm going to order, and this will be as a practical matter a continuation of my authority under the settlement agreement to resolve disputes concerning settlement. . . . Parties shall immediately exchange mutual releases which they will hold in escrow . . .
>
> * * *
>
> Mr. Roberts: Your Honor, I may have said this, Richard Roberts, and I apologize, if I did so. You say the release is to be dated –
>
> The Court: As of today.

Oct. 31, 2007 Hearing Tr. at 31:25-32:3, 32:21-22, 33:6-9 (Rechen Decl., Ex. B). There is simply no factual basis for Brandt to claim that he was confused after October 31, 2007 about the date of the release. Rather, he simply chose not to obey the Court.

The three above-cited false statements of fact contained in Brandt's Supplemental Memorandum of Law are knowingly false and, if anything, simply confirm the wisdom and necessity of finding his conduct to be contemptuous and sanctionable.

Finally, the Defendants dispute Brandt's contention that the orders he violated are "only orders of the Court acting in the role of private mediator" (Pl.'s Mem. at 2) and/or "are orders of a private mediation process that have only recently become the subject of post-mediation proceedings before the Court." Id. at 3. This settlement was not the result of a private mediation as Brandt disingenuously asserts. To the contrary, the parties entered into a settlement agreement in open court on March 8, 2007, and as one provision of that settlement agreement, the parties <u>gave the Court</u> (not some private mediator) the express authority "to impose a decision on the areas of dispute concerning the details of the settlement" if such disputes could

4

not be resolved "informally." See Settlement Tr. at 970:23 – 970:7 (Rechen Decl., Ex. A). That contingency came to pass. Yet, once the July 19 ruling was issued, all of the settlement agreement terms were complete since the Court had "impose[d] a decision on the areas of dispute." Indeed, the Court decided these disputed issues *formally* as per the mechanism agreed to by the parties, and the Court expressly "retain[ed] jurisdiction to enforce the terms of the parties' settlement agreement, including those terms imposed by this ruling." See July 19, 2007 ruling (Rechen Decl., Ex. K).

Although Brandt and his counsel now attempt to obfuscate the issue regarding this Court's judicial power, the language of the settlement agreement and the Court's rulings clearly demonstrate that Your Honor, as a federal court judge, ordered Brandt to comply with formal orders of the Court. Even Brandt's description of two cases cited by Defendants concedes that sanctions for contempt are appropriate where, as here, a district court retains jurisdiction to enforce a settlement agreement and a party, such as Brandt, breaches it. See Pl.'s Mem. at 3, citing Roberson v. Giuliani, 346 F.3d 75, 83 (2d Cir. 2003) (court's order "expressly provided that it would retain jurisdiction over the settlement agreement for enforcement purposes"); Collins v. Ford Motor Co., 2007 WL 911896 (D. Conn. Mar. 22, 2007) ("a breach of those [settlement] terms may sometimes give rise to an order of contempt").

There can be no doubt here that: (i) the parties entered into a binding settlement agreement in open court; (ii) the parties gave the Court the power impose a decision on any areas of dispute; (iii) the Court retained jurisdiction to enforce the settlement; and (iv) the Court ordered compliance with those terms, including delivery of the mutual release by Brandt. Thus, Brandt's failure to abide by the terms of the settlement agreement after October 31, 2007 put him in contempt of the October 31, 2007 rulings (Rechen Decl., Exhs. B & Q) and the December 7, 2007 ruling (id., Ex. U).

## **CONCLUSION**

For these reasons and the reasons set for in Defendants' February 29, 2008 letter (Exhibit A hereto), Defendants respectfully request that the Court enter an Order:

(i) finding Brandt in contempt of the Court's October 31, 2007 rulings (Rechen Decl., Exhs. B & Q) and December 7, 2007 ruling (id., Ex. U);

(ii) awarding Defendants their attorney's fees and disbursements in an amount to be determined by the Court upon a submission of appropriate evidence of such fees and disbursements;

(iii) sanctioning Brandt at least $1,000 per day for every day that he does not deliver to defendants a duly notarized general release dated through October 31, 2007 (in the form that that is attached to the January 16, 2008 Brown Declaration as Exhibit J, attachment A thereto) within five (5) business days of the Court's written decision granting Defendants' motion to enforce the settlement; and

(iv) granting such other and further relief that the Court deems just, appropriate and equitable.

Dated: New York, New York
       March 7, 2008

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
    Paul M. Brown (CT 23232)
    Aaron M. Zeisler (admitted *pro hac vice*)
    Justin E. Klein (admitted *pro hac vice*)
    *Attorneys for Defendants HDI and George Holley*
    230 Park Avenue
    New York, New York 10169
    (212) 818-9200
    (203) 818-9606 fax

## CERTIFICATION

       This is to certify that on March 7, 2008, a copy of the foregoing document was filed electronically through the Court's electronic filing system and mailed via U.S. Mail, postage prepaid, to:

> Thomas J. Rechen, Esq.
> Pepe & Hazard LLP
> 225 Asylum Street
> Goodwin Square
> Hartford, CT 06103-4302
>
> Richard A. Roberts, Esq.
> Nuzzo & Roberts, L.L.C.
> One Town Center
> P.O. Box 747
> Cheshire, CT 06410

_____
Aaron M. Zeisler