**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
E-Mail: pbrown@ssbb.com
Direct Dial: (212) 404-8786

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

February 29, 2008

**VIA FEDERAL EXPRESS**

Honorable Stefan R. Underhill
United States District Judge
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

      Re: <u>Brandt v. Home Diagnostics, Inc., et al. – Civ. No. 3:01-1889 (SRU)</u>

Dear Judge Underhill:

  We write to address what is apparently the limited issue remaining after yesterday's February 28, 2008 hearing and Your Honor's decision to grant defendants' motion to enforce the settlement agreement and deny Brandt's motion to reopen the case – namely, whether sanctions for contempt are available given the procedural manner in which Your Honor rendered the Rulings, such as the December 7, 2007 ruling ("Third Ruling") that stated Brandt had violated Your Honor's earlier order and, again, ordered his compliance.

  Given that the parties' March 8, 2007 settlement agreement and subsequent Rulings expressly stated, in words or substance, that "This court will retain jurisdiction to enforce the terms of the parties' settlement agreement, including those terms imposed by this ruling" (<u>see</u>, <u>e.g.</u>, Third Ruling, p. 2), and that Your Honor conducted a hearing on February 28, 2008 (at which Brandt was present), it is well-settled that Brandt's violation of the settlement agreement and/or Rulings <u>is a violation of a court order punishable by contempt sanctions</u>. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 57, 111 S. Ct. 2123, 2139 (1991) ("As long as a party receives an appropriate hearing ... the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders"); <u>Roberson v. Giuliani</u>, 346 F.3d 75, 83 (2d Cir. 2003) (when a district court retains jurisdiction over the enforcement of a settlement agreement, "the [settlement agreement] is enforceable in federal court because a violation of the [settlement agreement] is a violation of the court's dismissal order"); <u>Collins v. Ford Motor Co.</u>, 2007 WL 911896, at *4 n.6 (D. Conn. Mar. 22, 2007) ("Because the Court retained jurisdiction over the settlement agreement, thus making the terms of the settlement agreement part of the order of dismissal, a breach of the settlement agreement is a violation of a court order"). As we stated during yesterday's hearing, Your Honor's Third Ruling found:

> As of today, the defendants have placed cash and HDI shares into escrow for Brandt in accordance with the October 31 ruling. Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance. I

725660_3

SATTERLEE STEPHENS BURKE & BURKE LLP

February 29, 2008
Page 2

> instructed Brandt to comply with the settlement terms and my prior ruling by signing the defendants' release and returning it to defense counsel or instead the escrow agent.
>
> * * *
>
> <u>This court</u> will retain jurisdiction to enforce the terms of the parties' settlement agreement, <u>*including those terms imposed by this ruling*</u>.

Third Ruling, p. 2 (emphasis added).

Thus, as set forth in defendants' motion to enforce, an award of attorney's fees is appropriate here. <u>See</u> Defs.' Mem. at 10-13 (citing <u>Chambers</u>, 501 U.S. at 57-58; <u>Doi v. Halekuluni</u>, 276 F.3d 1131 (9th Cir. 2002)). Federal courts have inherent authority to "assess attorney's fees when a party has acted in <u>bad faith, vexatiously, wantonly</u>, or for oppressive reasons." <u>Chambers</u>, 501 U.S. at 50 (quoting <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 258-59 (1975)). Even under the standard set forth by the Connecticut District court in <u>Collins</u> – i.e., that "a court may exercise its inherent power to hold a party in civil contempt only when: '(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply'" (2007 WL 911896, at *4) – it is certain that Brandt should be found in contempt and ordered to pay defendants their attorney's fees incurred to enforce his compliance.

The first prong for a finding of contempt is satisfied because "the order the party allegedly failed to comply with is clear and unambiguous." <u>Collins</u>, 2007 WL 911896, at *4. Both the October 31 ruling ("Second Ruling") and the December 7 Third Ruling commanded the parties to exchange "mutual general releases." There was simply no doubt that the parties were ordered to exchange mutual general releases, and indeed, Your Honor directed defense counsel to draft and send Brandt copies of the mutual general releases so that their could be no confusion over this point. <u>See</u> Oct. 31, 2007 Hearing Tr. at 39:4-8 (annexed to the January 25, 2008 Declaration of Thomas Rechen as Exhibit B). Defendants drafted and sent Brandt such releases. <u>See</u> defense counsel's November 16, 2007 letter to the Court (annexed to the January 16, 2008 Declaration of Paul M. Brown as Exhibit J). And, the defendants placed their executed releases in escrow for the benefit of Brandt, but Brandt did not. <u>See</u> Third Ruling, p. 2.

The second prong for a finding of contempt is satisfied because Brandt's failure to comply has been demonstrated by "clear and convincing" evidence. <u>Collins</u>, 2007 WL 911896, at *4. As Brandt's counsel was forced to concede at the hearing, Brandt never provided defendants with a <u>general</u> release as required by the settlement agreement and Your Honor's three rulings – instead, he only gave a <u>limited</u> release. In addition, Brandt never "provided the defendants with an executed release <u>through October 31</u>, as per the [the October 31] ruling." <u>See</u> Third Ruling, p. 2. Thus, Brandt's non-compliance with the Second and Third Rulings is indisputable.

725660_3

SATTERLEE STEPHENS BURKE & BURKE LLP

February 29, 2008
Page 3

    The third prong for a finding of contempt is satisfied because Brandt "has not diligently attempted in a reasonable manner to comply." Collins, 2007 WL 911896, at *4. To the contrary, Your Honor flatly stated at the hearing that Brandt's reasons for refusing to comply with the settlement were "not supported by the evidence" and that this case had become a "nightmare," presumably owing to Brandt's behavior. Brandt has refused to abide by the very settlement he accepted on the record (speciously insisting it was an "agreement in principle"). At every turn he has sought to change or renegotiate its terms, has flouted Your Honor's rulings, and has adamantly refused to give the mandated general release. Thus, Brandt's "efforts" to comply with the Court's rulings were neither diligent nor reasonable. At yesterday's hearing, even Your Honor stated in words or substance that, with respect to sanctions for contempt, you had "no doubt that they are appropriate but may not be procedurally appropriate."[1]

    For the reasons set forth above and in defendants' memorandum of law, Brandt's violation of the settlement agreement and the Second and Third Rulings are punishable by a sanction for contempt. Chambers; Roberson; Collins; supra. Accordingly, we respectfully request that the defendants be awarded their attorney's fees (Chambers; Doi; supra) and be permitted to submit evidence of their fees to the Court forthwith. Also, we respectfully renew our request made during yesterday's hearing that the Court further sanction Brandt at least $1,000 per day for every day that he does not deliver to defendants a duly notarized general release dated through October 31, 2007 (in the form that that is attached to the Brown Declaration as Exhibit J, attachment A thereto) within five (5) business days of the Court's written decision.

    We respectfully suggest that sanctioning Brandt is the only way to compel him to comply with this Court's rulings and orders and to compensate the defendants for the significant legal expenses they have incurred in attempting to compel Brandt to live up to the settlement reached almost one year ago.

                  Respectfully submitted,

                   Paul M. Brown

cc:  Thomas Rechen, Esq.

---

[1] So as not to misstate the record, this quotation is based upon counsel's notes from the hearing and not an official hearing transcript, which Ms. Catucci stated will be prepared by early next week.

725660_3