UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

LEONARD J. BRANDT,

       Plaintiff                                    NO.3:01CV1889 (SRU)

V.

MIT DEVELOPMENT CORPORATION,
AND HOME DIAGNOSTICS, INC.

       Defendants                               MARCH 14, 2008

-----------------------------------------------------------x

MEMORANDUM IN REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF HIS MOTION FOR RELIEF DATED JANUARY 25, 2008.

      The Estate of Robert J. Salem submits this memorandum in reply to plaintiff's Supplemental Memorandum of Law in Support of his Motion for Relief dated January 25, 2008 and in further support of the request of the defendants, Home Diagnostics, Inc. and George H. Holley, for sanctions against Leonard Brandt, as set forth in defendants' counsel's letter of February 29, 2008 to Honorable Stefan R. Underhill, with specific reference to the issue of the dismissal of the appeal of granting of summary judgment in favor of The Estate.

      In "Plaintiff Leonard Brandt's Memorandum of Law re Contempt and Sanctions" dated March 4, 2008, he states he "delivered a withdrawal of his appeal as to the Salem

Estate *to be held in escrow* pending completion of the settlement terms…" There was never any discussion about holding the dismissal in escrow, much less any agreement to do so.

The settlement agreement of March 8, 2007 provided that the plaintiff **file** a dismissal of the appeal granting summary judgment in favor of the Salem estate. (See Exhibit A to January 25, 2008 Declaration of Thomas J. Rechen, [Transcript of March 8, 2007, pp 14-15]).

On October 31, 2007 during a telephone conference conducted with Honorable Stefan Underhill, Mr. Brandt again agreed to file a dismissal of the appeal as ordered by Judge Underhill. (See Exhibit B to January 25, 2008 Declaration of Thomas J. Rechen [Transcript of October 31, 2007, 32] ).

On November 7, 2007, via certified, return receipt requested mail, Attorney Roberts sent correspondence to Mr. Brandt enclosing for his signature the draft dismissal and letter to the Circuit Court Clerk   (Exhibit A).

By letter dated November 15, 2007, copy attached as Exhibit B hereto, plaintiff Brandt acknowledges the orders of Honorable Stefan Underhill made at a hearing on October 31, 2007 that he withdraw the appeal "as I agreed to do as part of the Settlement put on the record on March 8, 2007".  His letter goes on to state:

"Mr. Roberts graciously offered to follow Judge Underhill's suggestion of sending me a draft pleading that I could then sign and have filed to dismiss the appeal.  As soon as Mr. Roberts can get me those documents, I will get them signed and filed.  Mr. Roberts, your assistance in this regard is appreciated".

Despite having received notice of a certified letter that contained the stipulation of dismissal from the Post Office, Mr. Brandt did not retrieve it. Therefore, the next day, November 16, 2007, Attorney Roberts sent duplicate papers to Mr. Brandt via UPS overnight mail (Exhibit C).

Mr. Brandt signed the stipulation for dismissal on November 16, 2007 and mailed it back to Attorney Roberts without any accompanying correspondence. The stipulation was signed by Attorney Roberts on November 27, 2007 and filed with the Circuit Court of Appeals on December 4, 2007. (Exhibit D hereto)

In Brandt's letter to counsel dated December 5, 2007 (Exhibit E hereto) discussing settlement issues he states:

"As my signed paperwork to dismiss the appeal has now been received, and I believe you now understand that *the only reason* I had not dismissed the appeal was the fact that I had not received the dismissal papers, it is clear that I was not in violation of the Court's ruling as you claimed. As the appeal should have been dismissed by now, the issue of the dismissal has been resolved."

If Brandt believed the appeal should have been dismissed by then, how can Brandt now assert that the dismissal should have held in escrow? It is abundantly clear that 1) Brandt never requested that the dismissal be held in escrow; 2) Attorney Roberts never told him it would be held in escrow, and 3) Brandt fully expected that the dismissal would be filed. Brandt's attempt to now establish an escrow agreement to bolster his argument for

setting aside the settlement agreement and for avoiding contempt and sanctions, is transparently disingenuous and should not be countenanced by this Court.

                        THE ESTATE OF ROBERT J. SALEM

                        BY      /s/
                              Richard A. Roberts, Esq.
                              Fed Bar no. ct 07665
                              Nuzzo & Roberts, L.L.C.
                              P.O. Box 747
                              One Town Center
                              Cheshire, CT 06410
                              rroberts@nuzzo-roberts.com

## CERTIFICATION OF SERVICE

      This is to certify that on March 14, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

      /s/
Richard A. Roberts, Esq.
Fed Bar no. ct 07665
Nuzzo & Roberts, L.L.C.
P.O. Box 747
One Town Center
Cheshire, CT 06410
rroberts@nuzzo-roberts.com

\\fp\nuzzo\wp\419021\001\Memo in reply to PL 3 14 08.doc