# EXHIBIT B

# fax

Subject:

Date: November 15, 2007

| | |
|---|---|
| To: **Richard A. Roberts** | From: **Len Brandt** |
| Phone Number: | Phone Number: 714-545-3225 |
| Fax Number: (203) 250-3131 | Fax Number: 714-545-2994 |

Comments:

BRANDT'S
*Carey, Ray, Ellie, Karen & Len*
28911 Via Hacienda
San Juan Capistrano, CA 92675
(949) 218-6888

November 15, 2007

Paul Brown                                    **By: Fax and FedEx w/ originals**
Satterlee Stephens Burke & Burke, LLP
230 Park Avenue
New York, NY 10189

Richard A. Roberts                            **BY: Fax only with copies**
Nuzzo & Roberts, LLC
P.O. Box 747
One Town Center
Cheshire, Connecticut 06410

Re:   Leonard Brandt v. MIT Development Corp., et al.
      Docket No. 3:01 cv 1889 (SRU)

Dear Mr. Brown and Mr. Roberts:

I have not received the $600,000 payment, plus interest I am supposed to receive. Similarly, I have not received the HDI stock either.

The following are my calculations of what I am to receive according to Judge Underhill's ruling on October 31, 2007. As to the revised calculation of the number of shares of stock I am now to receive in accordance with the Court's October 31, 2007 ruling, I am relying on the following calculations: The average closing value of traded HDI stock on the 5 trading days before July 20, 2007 was $11.522 per share. On October 30, 2007, the day before the October 31, 2007 conference call, HDI stock closed at $8.93 per share. Judge Underhill instructed that 94% of the average of those two closing prices be used in calculating a settlement share value of $9.61244. Dividing the settlement share value of $9.61244 into the $2,400,000 stock settlement value, means that I am to receive 249,676 shares.

As for the cash, I am to receive $600,000 plus 6% per annum interest from July 20, 2007 to the anticipated immediate payment on October 31, 2007. 103 days of a 365 day year at a non-compounded 6% annual interest on $600,000 is $10,158.90

Enclosed is my fully executed General Release which I agreed to provide as part of the Settlement that was put on the record on March 8, 2007. In my General Release, I release all of my claims and causes of action that were in my complaint when we settled on March 8, 2007. To be fair, my General Release also includes any claims I had that could have been asserted in the lawsuit, even if they weren't. Even though I am signing my General Release today, more than eight months after my complaint was dismissed, it is my intention to release today, all claims and causes of action that

were asserted in my complaint, or could have been asserted in my complaint, before we settled on March 8, 2007. I am sending my release directly to you so there is no excuse for any more delay.

As I am sure you will note, my General Release is not as broad as the draft release you sent me to sign a week ago. While you apparently want me to release any claims I may have that arose after the Settlement on March 8, 2007, to the extent that any such claims exist, I am unwilling to release such new claims without additional compensation. As I have not been offered, nor have I received any additional compensation beyond the amount of the Settlement, I believe the enclosed General Release is all I am required to provide.

The Registration Rights Agreement you sent me, is very onerous and burdensome. It contains restrictions and indemnity obligations that were never discussed, nor agreed to. More importantly, much of the Agreement you are asking me to sign, is very unfair. At the time we settled, I never agreed to sign a seven (7) page, single spaced Registration Rights Agreement I had never seen, or to be bound by its terms and conditions. Having no way to now challenge the Registration Rights Agreement, or better secure my "piggyback rights" I have signed the Agreement, but I hereby reserve all my rights.

Accordingly, my signed HDI Registration Rights Agreement is enclosed. (Please note that that the calculation of the number of shares to be provided, 249,579, is wrong. As calculated above, the number is 249,676. I signed the Registration Rights Agreement after correcting the number of shares, and initialing the change.)

The Court ordered me to withdraw my appeal against the Salem estate as I agreed to do as part of the Settlement put on the record on March 8, 2007. During the October 31, 2007 telephonic conference, Mr. Roberts graciously offered to follow Judge Underhill's suggestion of sending me a draft pleading that I could then sign and have filed to dismiss the appeal. As soon as Mr. Roberts can get me those documents, I will get them signed and filed. Mr. Roberts, your assistance in this regard is appreciated.

And using your language, be advised that I do not agree with Judge Underhill's October 31, 2007 ruling, the amount of additional interest and stock calculation, or the Court's July 19, 2007 ruling; However, I will comply with it. If, however, defendants do not comply with the ruling by failing to immediately deliver the cash and stock as ordered, or by challenging the scope of my General Release I have provided, I will seek sanctions and attorneys' fees, and hereby reserve all of my rights, at law and in equity.

You have asked for my social security number. It is 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. Now that you have my signed General Release, my signed Registration Rights Agreement, and my social security number, please have the cash and stock delivered to me immediately.

Sincerely,

Len Brandt

cc: Honorable Stefan R. Underhill w/ enclosures