SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200
E-Mail: pbrown@ssbb.com
Direct Dial: (212) 404-8786

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

FILED
2008 MAR 26  P 3:44
U.S. DISTRICT COURT
BRIDGEPORT, CONN

March 13, 2008

**VIA FEDERAL EXPRESS**

Honorable Stefan R. Underhill
United States District Judge
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re: <u>Brandt v. Home Diagnostics, Inc., et al. – Civ. No. 3:01-1889 (SRU)</u>

Dear Judge Underhill:

We represent defendants George Holley and HDI in the above-captioned matter and write to seek guidance from the Court on the issue of Brandt's <u>unauthorized</u> Supplemental Memorandum of Law in Support of His Motion for Relief dated January 25, 2008 (Dkt. # 273, Pl.'s Suppl. Mem.") By motion dated March 7, 2008, Brandt requested "<u>permission</u> to file a supplemental memorandum of law" by March 11. (Dkt. # 272, "Pl.'s Mot.") To our knowledge, he received <u>no such permission</u> from the Court, yet filed his 19-page "Supplemental Memorandum" anyway. Moreover, Brandt fails to explain in either of these submissions how his supplemental memorandum is warranted under Local Fed. Rule 7(c)(1) or Fed. R. Civ. P. 60(b). Certainly counsel's statement that, "<u>[s]ince oral argument, it has come to the attention of the undersigned counsel for Brandt</u> that the Court may have lacked the authority" (Pl.'s Mot., p. 2, emphasis added), does not constitute "newly discovered evidence," a change in the law or any other basis that justifies his supplemental briefing, especially given that Brandt and his counsel indisputably never raised these issues in numerous prior appearances, position papers or legal briefs over the last year.

It is, however, clear from Brandt's motion and Supplemental Memorandum that Brandt, and now his counsel, are needlessly and vexatiously multiplying these proceedings, and that Brandt's counsel should be sanctioned pursuant to 28 U.S.C. § 1927. Just as Brandt's counsel repeatedly appeared to misrepresent the record on February 28, 2008 (and continues to do so in the supplemental memorandum) by calling the parties' March 8 <u>settlement agreement</u> an "agreement in principle to settle," Brandt's counsel now outrageously refers to the settlement agreement (and the parties' express stipulation that the Court could decide disputed details of the settlement) as an "<u>arbitration award</u>" that is void (due to Article III) and cannot be enforced (because, if valid, it is governed by the Federal Arbitration Act). <u>See</u> Pl.'s Suppl. Mem. at 13-14.

Brandt and his counsel's attempt to mischaracterize the entire settlement agreement and Your Honor's rulings as an "arbitration award" should not be countenanced. Indeed, Brandt's counsel relies upon Canon 5(E) of the Code of Judicial Conduct (which stands

727210_3

SATTERLEE STEPHENS BURKE & BURKE LLP

March 13, 2008
Page 2

for the proposition that a judge cannot act as a paid, private arbitrator), while purposely ignoring Canon 3(A)(4), which clearly states that "[a] judge may, with consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters." See Canon 3(A)(4) (emphasis added). In fact, the official comments to Canon 3(A)(5) provide:

> A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays and unnecessary costs. A judge should encourage and seek to facilitate settlement.

Moreover, one need only read the five cases that Brandt's counsel cites to see that two fully support enforcement of the settlement here and that the remaining three cases are wholly inapposite. Brandt's primary citation – the Seventh Circuit's decision in DDI Seamless Cylinder Int'l, Inc. v. General Fire Extinguisher Corp., 14 F.3d 1163, 1168 (7th Cir. 1994) – certainly supports enforcement of the settlement and Your Honor's actions. In DDI, as here, plaintiff incorrectly characterized the settlement mechanism the parties chose as an "arbitration" rather than the dispute settlement mechanism the parties actually chose – i.e., "the parties stipulated to an abbreviated, informal procedure for [the magistrate's] deciding the case in his judicial capacity." DDI, 14 F.3d at 1166. The DDI court upheld the settlement, noting at most that "the parties should have avoided reference to 'arbitration,' a mode of dispute settlement distinct from adjudication. They should simply have said that this was the procedure they had agreed upon." Id. Similarly, Ovadiah v. New York Assoc., 1997 WL 342411, at *10 (S.D.N.Y. June 23, 1997) supports enforcement because there, as in DDI, the court found that the magistrate judge was not acting ultra vires since it was not an arbitration (instead, the judge had drafted a compromise letter at the parties' express authorization).

The remaining three cases Brandt and his counsel cite are obviously inapposite. See Mistretta v. United States, 488 U.S. 361, 404 (1989) (concluding that "the principle of separation of powers does not absolutely prohibit Article III judges from serving on [sentencing] commissions"); Hameli v. Nazario, 930 F.Supp. 171, 183-84 (D. Del. 1996) (magistrate judge had no authority to act as arbitrator by agreement of the parties because the court itself had no subject matter jurisdiction to hear termination hearing); Diagnostic Radiology Associates, P.C. v. Jeffrey M. Brown, Inc., 193 F.R.D. 193, 194-95 (S.D.N.Y. 2000) (the parties' contract naming a federal court judge as an arbitrator violated Canon 5E of Code of Judicial Conduct because the judge would be acting as a private arbitrator where no case or controversy before the court previously existed). Here, in sharp contrast, there was a pending trial before the Court and the parties placed a detailed settlement agreement on the record in which Brandt and the defendants expressly empowered the Court to informally decide "details of the settlement that cannot be resolved," and if necessary, "impose a decision on the areas of dispute" in Your Honor's judicial capacity. See Mar. 8, 2007 Settlement Tr. at 970:23- 971:7 (Brown Jan. 16, 2008 Decl., Ex. A).

For these reasons, Brandt and his counsel's preposterous 11th hour "revelation" about (i) the Court's supposed lacked of Article III power to aid the parties' settlement on the record and (ii) the Court's supposed need to "recuse itself from any further proceedings" (Pl.'s Suppl. Mem. at 2) is groundless.

727210_3

**SATTERLEE STEPHENS BURKE & BURKE LLP**

March 13, 2008
Page 3

Nevertheless, defendants felt compelled to seek the Court's instruction as to: (i) whether or not the Court deems it appropriate for the defendants to file an opposition brief to Brandt's unauthorized memorandum of law addressing the Court's power under Article III, the FAA and judicial disqualification, and (ii) if so, the deadline for defendants' response.

Respectfully submitted,

Paul M. Brown

cc: Thomas Rechen, Esq.
Rick Roberts, Esq.

727210_3