## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEONARD BRANDT | : | |
| | : | |
| v. | : | Civ. Action No. |
| | : | 3:01 CV 1889  (SRU) |
| MIT DEVELOPMENT CORP., ET AL. | : | |

**RULING REGARDING DISPUTED SETTLEMENT TERMS**

On March 8, 2007, the parties settled this case.  The settlement, which was placed on the record, provided that the parties would continue to negotiate the details of the terms on which the total $3 million settlement proceeds would be paid by the defendants to plaintiff.  The settlement also provided that, in the event that the parties could not resolve those remaining details and I could not mediate any differences informally, that I would serve as a binding mediator and would impose a decision concerning the disputed terms of the settlement.  That contingency has come to pass, and this ruling serves as my decision regarding the final terms of the settlement among the parties.

We have proceeded by way of "baseball arbitration," with each side submitting their last, best settlement position.  My task is to choose between the parties' positions and to impose on the parties as the final settlement terms the proposal that most fairly reflects the intent of the parties in reaching the settlement in principle.  In doing so, I have carefully reviewed the transcript of the proceedings in which the parties stated the terms of their settlement in principle. I have also considered the arguments made in the parties' submissions.

The defendants' proposal best reflects the terms of the settlement in principle and the intent of the parties at the time they agreed to settle this case.  That proposal includes the payment of four times as much cash as was discussed at that time, with the balance of the $3

million payable in HDI stock, as originally intended.  The use of a value reflecting a discount of the recent trading price of the stock minimizes the risk to plaintiff from the possibility that the stock price will fall during the period of the stock sale restrictions.  Providing plaintiff with "piggyback" rights under any registration statement filed by HDI over the next twelve months will also reduce the risk to plaintiff and may allow him to liquidate his stock more quickly.  I am modifying the defendants' proposal in one respect: The effective date of the settlement will be today, and the valuation of the HDI stock will be based on 94% of the average closing price for the five trading days immediately prior to today, July 19, 2007.

   Accordingly, the following are the terms of the payment obligation under the settlement reached by the parties in this case: Defendants shall immediately pay plaintiff $600,000 in cash and $2,400,000 in restricted HDI stock.  The number of shares of stock to be transferred shall be calculated using a value of 94% of the average closing price for the five (5) trading days immediately prior to today, July 19, 2007.  Plaintiff shall be accorded piggyback rights to sell his HDI shares under any registration statement filed by HDI within twelve months from today.

   As previously agreed, the appeal of the ruling granting summary judgment in favor of the Salem estate, if it is still pending, shall be voluntarily dismissed immediately.  The parties shall immediately exchange mutual general releases.  It is not necessary to dismiss or withdraw claims made in this case, because the case has already been dismissed.  The parties are free to enter into a formal settlement agreement, if they wish, but the terms of the payment obligation will not be delayed or otherwise affected should they choose to do so.

   Although captioned a "ruling," this decision shall be treated as a private event.  This decision will be sent to the parties, but will not be docketed unless a party requires docketing in a proceeding to enforce the settlement agreement.  This court will retain jurisdiction to enforce the

terms of the parties' settlement agreement, including those terms imposed by this ruling.

It is so ordered.

Issued this 19th day of July 2007 at Bridgeport, Connecticut.

/s/
Stefan R. Underhill
United States District Judge