## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LEONARD BRANDT,
    Plaintiff,

    v.

MIT DEVELOPMENT CORP., ET AL.,
    Defendants.

CIVIL ACTION NO.
3:01cv1889 (SRU)

## RULING REGARDING DISPUTED SETTLEMENT TERMS

On March 8, 2007, the parties settled this case. Under the terms of the settlement, which was placed on the record, I would serve as a binding mediator and impose a decision concerning the disputed terms of the settlement in the event that the parties could not otherwise resolve those disputed terms.

Following a process of "baseball arbitration," I issued a ruling regarding the disputed settlement terms on July 19, 2007. That ruling provided that the defendants would immediately pay the plaintiff $600,000 in cash and $2,400,000 in restricted HDI stock, calculated using a value of 94% of the average closing price for the five trading days immediately prior to July 19, 2007. The plaintiff would immediately voluntarily dismiss his appeal of the ruling granting summary judgment in favor of the Salem estate, and all parties would immediately exchange mutual general releases. I indicated that, although the parties were free to enter into a formal settlement agreement, the terms of the payment obligation would not be delayed or otherwise affected by any such agreement.

As of today, none of the parties have complied with the July 19, 2007 ruling. On a telephone conference today, held on the record with the plaintiff and counsel for the defendants, I discussed the status of the settlement with the parties in my continued capacity as a binding

mediator in this matter.  In that capacity, I now order the defendants to immediately pay $600,000 cash, plus 6% interest calculated from July 20, 2007 until the date of payment, to an escrow agent to be held in escrow for the benefit of the plaintiff.  In addition, the defendants will pay $2,400,000 in restricted HDI stock into escrow.  The number of shares of HDI stock to be transferred shall be calculated using a value of 94% of the average of that stock's valuation price set forth in the July 19 ruling (i.e., the average closing price for the five trading days prior to July 19, 2007) and the closing price on October 30, 2007.  Plaintiff shall be accorded piggyback rights to sell his HDI shares under any registration filed by HDI within twelve months from today.

The plaintiff shall immediately voluntarily dismiss the appeal of the ruling granting summary judgment in favor of the Salem estate.  The parties shall immediately exchange mutual general releases.  As I indicated earlier, the parties are free to enter into a formal settlement agreement if they wish.  I stress that the terms of the parties' obligations set forth above will not be delayed or otherwise affected should the parties choose to do so.

Although captioned a "ruling," this decision shall be treated as a private event.  This decision will be sent to the parties, but will not be docketed unless a party requires docketing in a proceeding to enforce the settlement agreement.  This court will retain jurisdiction to enforce the terms of the parties' settlement agreement, including those terms imposed by this ruling.


It is so ordered.

Issued this 31st day of October 2007 at Bridgeport, Connecticut.


_____
        /s/
        Stefan R. Underhill
        United States District Judge