UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT | : Civil Action No. 3:01-CV-01889 (SRU) |
| Plaintiff, | : |
| v. | : |
| MIT DEVELOPMENT CORP., HOME DIAGNOSTICS, INC., GEORGE H. HOLLEY, and JUDY CHENG SALEM, EXECUTRIX OF THE ESTATE OF ROBERT J. SALEM | : |
| Defendants | : |

**PLAINTIFF, LEONARD BRANDT'S**
**MOTION FOR CLARIFICATION OF RULING AND ORDER DATED MAY 13, 2008**

Plaintiff, Leonard Brandt ("Brandt"), respectfully moves this Court for a clarification of its Ruling and Order dated May 13, 2008, entered May 14, 2008 (the "Ruling"). In support hereof Brandt states as follows:

1. The Court's Ruling orders that:

   Brandt must comply with the October 31, 2007 and December 7, 2007 orders within ten days of this ruling and order. In addition, this ruling orders compliance with the settlement to which Brandt and the defendants agreed.

Ruling, pp. 35-36.

**ORAL ARGUMENT NOT REQUESTED**
ME1 7412398v.1

2. The October 31, 2007 Ruling regarding Disputed Settlement Terms (the "October 31 Ruling") ordered that: "The parties shall immediately exchange mutual general releases." *See* October 31 Ruling, p.2.

3. The December 7, 2007 Third Ruling Regarding Disputed Settlement Terms (the "December 7 Ruling") stated and ordered as follows:

> Brandt has not provided the defendants with an executed release through October 31, as per that ruling. Because Brandt has not complied with my earlier order, I again order his compliance. I instructed Brandt to comply with the settlement terms and my prior ruling by signing the defendants' release and returning it to defense counsel or instead to the escrow agent."

*See* December 7 Ruling, p.20.

4. On December 6, 2007, during a telephone hearing that preceded the December 7 Ruling, counsel for Defendants Home Diagnostics, Inc. ("HDI") and George Holley ("Holley") represented as follows concerning the form and date of the release:

> MR. ZEISLER: Your Honor, this is Aaron Zeisler. Just so we're crystal clear, the release, if Mr. Brandt chooses to elect the release and to sign the release and get the money instead, he is signing Exhibit A to my letter to Your Honor of November 16th, 2007, being the release that the defendants have signed of Mr. Brandt and the release that we would expect Mr. Brandt would sign in our favor, except that as per Your Honor's statements today, it would be from, the release would be from the beginning of the world to the date, instead of the date the release is signed, the date of October 31st, 2007, and that would be the release that he would be signing.

> \* \* \*
>
> The release is a general mutual release with mirror language. The one thing that Mr. Brandt, or Your Honor has suggested is it would be through October 31st, 2007 and the one we had drafted had just said to the day that the release was signed. But October 31st, 2007 is fine and it is a general release. Your Honor has a copy of it. It is the one that the defendants have executed in his favor and are sitting in escrow.
>
> \* \* \*
>
> MR. ZEISLER; Your Honor, I think if it's sent to escrow, that is fine, and the escrow agent can release the money. If it is sent to us, Your Honor, to Paul Brown or to myself, we will send it to the escrow agent. That doesn't matter as long as the release is in the proper form, Exhibit A, with that one modification of October 31st, 2007, that's acceptable.

*See* Transcript of Proceedings on December 6, 2007, pp 19-20 (copy attached as Exhibit A).

5. On May 27, 2008, within ten (10) days of entry of the Ruling[1], Brandt timely transmitted the following to the escrow agent:

---

[1] The Court's Ruling required Brandt to "comply with the terms of the settlement within ten days of the entry of this ruling and order." Ruling, p.34. The Ruling was entered in the docket on May 14, 2008. Brandt's transmittal was therefore timely and in compliance with the Court's Ruling, assuming, *arguendo,* compliance was required within ten calendar days. However, Fed. R. Civ. P.6(a) applies in circumstances where the time specified by court order is less than eleven days. Thus, Brandts' compliance was actually two days earlier than the deadline for compliance as set forth in the Ruling .

    a.    A *fully executed* general release signed by Leonard Brandt dated May 22, 2008 and releasing all claims Brandt had against the Defendants through October 31, 2007.

    b.    A *fully executed* general release signed by Leonard Brandt dated May 22, 2008 and releasing all claims Brandt had against the Defendants through May 22, 2008. In his cover letter to the escrow agent, counsel for Brandt instructed that this general release be held in escrow pending delivery to escrow of the release referenced in paragraph 5.c. below.

    c.    A form of general release (unsigned) from the Defendants to Brandt, which if executed would release all claims Defendants have against Brandt through May 22, 2008.

A copy of Brandt's letter to the escrow agent, together with unsigned forms of the general releases included with that letter, are attached as Exhibit B.

    6.    Brandt believes that the general release of all claims through October 31, 2007 (referenced in paragraph 5.a. above) fully complies with the Court's Ruling and is consistent with the representation made on the record by counsel for HDI and Holley on December 6, 2007 concerning the form of an acceptable release.

ME1 7412398v.1

7. Recently, however, counsel for HDI and Holley communicated to counsel for Brandt their belief that only a general release of all claims through the date of signature will satisfy the Court's Ruling, citing pages 32 and 34 thereof. Brandt disagrees, but has nonetheless signed and provided such a release conditioned on the receipt of a mutual release from the Defendants, which Brandt understands Defendants are unwilling to provide.

8. Respectfully, Brandt believes that he should not be required to provide a general release of all claims through the date of signature without receiving a mutual release in return because the agreement on which the Court's orders are premised requires an exchange of mutual releases. Moreover -- and more importantly -- Brandt cannot waive, release or otherwise compromise his right to appeal from the Ruling.

9. Brandt is trying to comply with the Court's Ruling. Whether Brandt can release claims through the date of his signature (May 22, 2008) without receiving a mutual general release in return, he respectfully believes the Ruling lacks clarity as to which of the two general releases he has provided is required to be in compliance with the Ruling. Clarification is required for the following reasons:

    i. so that Brandt and the Defendants can understand with certainty what releases are required by the Court's Ruling;

    ii.    so that Brandt can evaluate whether he has complied, or needs to take further steps to comply, with the Court's Ruling; and

    iii.    so that Brandt can evaluate his procedural rights in the event that he is not presently in compliance.

WHEREFORE, for the foregoing reasons, Brandt respectfully moves the Court for a clarification of its Ruling and Order dated May 13, 2008, entered May 14, 2008.

RESPECTFULLY SUBMITTED,
PLAINTIFF:
LEONARD BRANDT

By_____
Thomas J. Rechen
Federal Bar No. ct03386
McCarter & English
185 Asylum Street
Hartford, CT 06103
Tel. (860) 275-6706
Fax. (860) 218-9680
trechen@mccarter.com

## CERTIFICATION

I hereby certify that on May 28, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

COUNSEL FOR HOME DIAGNOSTICS, INC.
and GEORGE H. HOLLEY

Aaron M. Zeisler, Esq.
Paul M. Brown, Esq.
Satterlee Stephens Burke & Burke, LLP
230 Park Avenue
New York, NY 10169
Tel.: 212.404.8737
Fax.: 212.818.9606
Email: azeisler@ssbb.com
Email: pbrown@ssab.com (sent via e-mail)

Richard A. Roberts, Esq.
Nuzzo & Roberts
One Town Center
PO Box 747
Cheshire, CT 06410
Tel.: 203.250.2000
Fax.: 203.250.3131
Email.: rroberts@nuzzo-roberts.com

_____
Thomas J. Rechen

ME1 7412398v.1