UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEONARD BRANDT,<br>    Plaintiff,<br><br>       v.<br><br>MIT DEVELOPMENT CORP., ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:01cv1889 (SRU) |

**RULING AND ORDER**

On May 13, 2008, I issued a ruling and order enforcing the settlement agreement in this case and denying plaintiff Leonard Brandt's motions for relief from that settlement. That ruling was docketed on May 14, 2008. On May 28, the plaintiff moved for clarification of my May 13 order; in particular Brandt seeks clarification of the appropriate effective date of his release of the defendants. Because there is some confusion regarding the appropriate date of release, the plaintiff's motion for reconsideration (**doc. #287**) is GRANTED, and I discuss that question below. I assume the parties' familiarity with the factual and procedural history of this matter.

When the parties settled their disputes, they agreed to exchange mutual releases through the date of those releases. Between March 8, 2007 – the date of settlement – and now, there has been a well-documented history of non-compliance and partial compliance, with both sides at various times arguing that the opposition had failed to perform under the settlement agreement. In my May 13 ruling, I wrote:

> On November 15, 2007, Brandt sent the defendants a general release releasing them from all claims and causes of action set forth in his complaint through the date when the case settled, March 8, 2007. On March 8, however, Brandt agreed that the parties would provide each other with releases "from whatever claims they may have through the day of the release." 3/8/07 at 970:12-16. He did not agree to release the defendants only from claims set forth in his complaint arising up to March 8. His binding settlement agreement alone indicates that a release through March 8, 2007 is inappropriate. A release waiving claims through the date of that release is also warranted because he received additional

      benefits under my October 31 ruling, namely the extra HDI shares and payment of interest, that he would not have received had the parties initially timely performed.

5/13/08 Ruling and Order at 32.  When Brandt provided the defendants with a release on November 15, 2007, it should have been dated through that date because he retained the benefit of any claims against the defendants through that date, and he received the additional benefit of more shares of HDI stock and interest on the cash portion of the settlement through October 31, 2007, when I issued the second ruling regarding disputed settlement terms in this matter.  For that same reason, a release through October 31, 2007 is appropriate now.  The amounts of stock and cash Brandt is due to receive under the settlement agreement is based on that October 31 ruling, and a corresponding release through that date is sufficient.[1]

      Therefore, absent any other defect, the fully executed general release that Brandt represents he has provided the defendants – dated May 22, 2008 and releasing all claims Brandt had against the defendants through October 31, 2007 – complies with the settlement to which the parties agreed.  A general release of all claims through May 22, 2008 is not warranted, nor is a release from the defendants for all claims against Brandt arising through May 22, 2008.

      It is so ordered.

      Dated at Bridgeport, Connecticut, this 29th day of May 2008.

                            /s/ Stefan R. Underhill  
                            Stefan R. Underhill  
                            United States District Judge

---

[1] Although the release should have been made effective through November 15, 2007, Brandt has substantially complied with the Ruling and Order.  Unless the defendants show that there is a material difference between effective release dates of October 31, 2007 and November 15, 2007, Brandt need not provide a substitute release.